**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 10-1065-LPS |
| v. | ) ) | REDACTED - PUBLIC VERSION |
| ALTERA CORPORATION, MICROSEMI CORPORATION, LATTICE SEMICONDUCTOR CORPORATION, AND XILINX, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT XILINX, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO
DISMISS OR TRANSFER ALL CLAIMS FILED AGAINST XILINX, INC.**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Ramy Hanna (#5494)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rhanna@mnat.com

*Attorneys for Defendant Xilinx, Inc.*

OF COUNSEL:

Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA
(650) 739-3939

April 11, 2011  - Original Filing Date
April 18, 2011 - Redacted Filing Date

# TABLE OF CONTENTS

**Page**

I. Nature and Stage of the Proceedings ...................................................................1

II. Summary of Argument .......................................................................................2

III. Statement of Facts ............................................................................................3

    A. The Parties .................................................................................................3

    B. The Dispute ................................................................................................4

IV. Argument ........................................................................................................5

    A. The First-Filed Rule Requires the Dismissal of IV's Claims Against Xilinx
       in the Amended Delaware Action ..................................................................6

        1. The California Action is the First-Filed Action Between Xilinx and
           IV ................................................................................................7

        2. The Amended Delaware Action Substantially Overlaps with the
           Patents and Parties in the California Action ...........................................7

        3. No Exceptional Circumstances Exist that Warrant a Departure
           From the First-Filed Rule. ...................................................................8

    B. Alternatively, IV's Claims Against Xilinx Should be Transferred to the
       Northern District of California Where the First-Filed Action is Pending...........13

        1. The Private Interest Factors Weigh in Favor of Transferring the
           Xilinx Claims to the California Action...................................................13

        2. The Public Interest Factors Weigh in Favor of Transferring the
           Claims Against Xilinx to the California Action......................................16

V. Conclusion ....................................................................................................17

# TABLE OF AUTHORITIES

### CASES

*Angiodynamics, Inc. v. Vascular Solutions, Inc.*,
　C.A. No. 09-554-JJF, 2010 WL 3037478 (D. Del. July 30, 2010) ...................................14-16

*Arrow Commc'n Labs. v. John Mezalingua Assocs., Inc.*,
　2005 WL 2786691  *3 (D. Del. Oct. 26, 2005) ....................................................................14

*Cisco Sys. Inc. v. GPNE Corp.*,
　C.A. No. 07-671-SLR, 2008 WL 1758866 (D. Del. Apr. 17, 2008).......................................13

*Comcast Cable Commc'ns v. USA Video Tech. Corp.*,
　C.A. No. 06-407-JJF, 2008 WL 1908612 (D. Del. Apr. 29, 2008)..........................................6

*Corixa Corp. v. IDEC Pharm. Corp.*,
　C.A. No. CIV.A.01-615-GMS, 2002 WL 265094 (D. Del. Feb. 25, 2002) .............................6

*Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*,
　130 F.2d 474 (3d Cir. 1942) ....................................................................................................7

*EEOC v. Univ. of Pennsylvania*,
　850 F.2d 969 (3d Cir. 1988) ...........................................................................................*passim*

*Elecs. for Imaging, Inc. v. Coyle*,
　394 F.3d 1341 (Fed. Cir. 2005)................................................................................................8

*Genentech, Inc. v. Eli Lilly & Co.*,
　998 F.2d 931 (Fed. Cir. 1993)............................................................................................7, 9

*Illumina, Inc. v. Complete Genomics, Inc.*,
　C.A. No. 10-649, 2010 WL 4818083 (D. Del. Nov. 9, 2010) ..............................................16

*IMS Health, Inc. v. Vality Tech. Inc.*,
　59 F. Supp. 2d 454 (E.D. Pa. 1999) ..................................................................................11-12

*In re Acer Am. Corp.*,
　626 F.3d 1252 (Fed. Cir. 2010).........................................................................................14-15

*In re Genentech, Inc.*,
　566 F.3d 1338 (Fed. Cir. 2009).............................................................................................14

*Infineon Techs. AG v. Fairchild Semiconductor Int'l., Inc.*,
　C.A. No. 08-887-SLR-LPS, 2009 WL 3150986 (D. Del. Sept. 30, 2009).............................7

*Jumara v. State Farm Ins. Co.*,
　55 F.3d 873 (3d Cir. 1995) ..........................................................................................13, 16-17

*Kahn v. General Motors Corp.*,
    889 F.2d 1078 (Fed. Cir. 1989)............................................................................6

*Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.*,
    416 F. Supp. 2d 1048 (E.D. Pa. 2006).........................................................6, 9-11

*Koresko v. Nationwide Life Ins. Co.*,
    403 F. Supp. 2d 394 (E.D. Pa. 2005)...................................................................9

*Micron Tech., Inc. v. Mosaid Techs.*, Inc.,
    518 F.3d 897, 905 (Fed. Cir. 2008) ............................................................14-15

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970) ..............................................................................14

*Sony Elecs., Inc. v. Orion IP, LLC*,
    C.A. No. 05-255(GMS), 2006 WL 680657 (D. Del. Mar. 14, 2006)......................6

*Stone Creek Mech., Inc. v. Carnes Co.*,
    C.A. No. 02-1907, 2002 WL 31424390 (E.D. Pa. Oct. 25, 2002).....................9-10

*TransCore, L.P. v. Mark IV Indus. Corp.*,
    C.A. No. 09-2789, 2009 WL 3365870 (E.D. Pa. Oct. 15, 2009).....................7, 17

*William Gluckin & Co. v. Int'l Playtex Corp.*,
    407 F.2d 177 (2d Cir. 1969) ..............................................................................6

*Zokaites v. Land-Cellular Corp.*,
    424 F. Supp. 2d 824 (W.D. Pa. 2006) ...........................................................11-12

## RULES AND STATUTES

28 U.S.C. § 1404..................................................................................................1

28 U.S.C. § 1404(a) ...........................................................................................13

Federal Rules of Civil Procedure 21 .....................................................................6

Pursuant to the first-filed rule, Defendant Xilinx, Inc. ("Xilinx") respectfully moves this Court for an Order dismissing the claims against it, or in the alternative, for an Order severing the claims and transferring them to the United States District Court for the Northern District of California where Xilinx's first-filed claims against Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC ("IV") are pending.

## I.     NATURE AND STAGE OF THE PROCEEDINGS

On December 8, 2010, IV filed three patent infringement lawsuits in this Court against nine separate defendants.[1]  IV chose not to name Xilinx as a defendant in any of these actions at that time.   On February 14, 2011, following months of unsuccessful licensing discussions, Xilinx filed a declaratory judgment action for non-infringement, invalidity, and other related claims involving 16 patents apparently owned by several IV entities (the "California Action").   (Ex. 1 to the Declaration of Behrooz Shariati in Support of Xilinx's Motion to Dismiss or Transfer All Claims Filed Against Xilinx, Inc. ("Shariati Decl.")).   On February 15, 2011, IV responded to Xilinx's filing of the California Action by amending its Complaint in this action to name Xilinx as a defendant, alleging that Xilinx infringes four of the patents at issue in the California Action.[2]  (*See* D.I. 17.)  Plaintiffs in this action, Intellectual Ventures I and II, are named defendants in the California Action, and all of the patents asserted

---

[1]     In addition to this action, IV filed C.A. No. 10-1066 against Hynix Semiconductor, Inc. and Elpida Memory, Inc., which involves DRAM and flash memory products, and C.A. No. 10-1067 against Check Point Software Technologies, Ltd., McAfee, Inc., Symantec Corp., and Trend Micro Inc., which involves software security products.  On March 8, 2011, Defendants Check Point, McAfee, Symantec and TrendMicro filed a Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404. D.I. 35.

[2]     The patents asserted against Xilinx in this action are U.S. Patent No. 6,993,669 (the "'669 Patent"); U.S. Patent No. 5,687,325 (the "'325 Patent"); U.S. Patent No. 6,260,087 (the "'087 Patent"); and U.S. Patent No. 6,272,646 (the "'646 Patent") (collectively, the "Asserted Patents").

against Xilinx in this action are also asserted in the California Action.[3]   There is complete

overlap between the claims against Xilinx in this action, and the claims in the California Action.

## II.     SUMMARY OF ARGUMENT

The claims against Xilinx in this action should be dismissed because the

California Action is the first-filed action between Xilinx and IV.   There is complete overlap

between the claims against Xilinx in this action and the claims in the California Action.

Although the California Action involves additional patents, it includes the same parties, and the

same legal and factual issues of patent infringement, validity, enforceability, and damages at

issue between Xilinx and IV in this Action.   Because no exceptional circumstances exist that

warrant a departure from the first-filed rule, IV's second-filed Amended Complaint against

Xilinx in this action should be dismissed.

At its discretion, the Court may also instead choose to transfer IV's claims against

Xilinx to the Northern District of California where the first-filed case is pending because

transferring the claims to California conserves judicial resources and is more convenient for both

parties.   Xilinx and IV both have their principal places of business far from Delaware, and

Xilinx's relevant business records and personnel are located in California.   Moreover, the Third

Circuit places great weight on the plaintiff's choice of forum in the first-filed action, and

encourages transfer of second-filed claims to avoid duplicative litigation.   For these reasons, as

an alternative to dismissal, the claims against Xilinx may be transferred to the Northern District

of California.

---

[3]        The California Action involves the four Patents asserted against Xilinx in this action, as
well as the following 12 patents: U.S. Patent No. 5,524,251; U.S. Patent No. 5,751,736;
U.S.  Patent No. 5,887,165; U.S. Patent No. 6,252,527; U.S. Patent No. 6,321,331; U.S.
Patent No. 6,408,415; U.S. Patent No. 6,687,865; U.S. Patent No. 6,698,001; U.S. Patent
No. 6,747,350; U.S. Patent No. 6,768,497; U.S. Patent No. 7,080,301; and U.S. Patent
No. 7,100,061.

### III.   STATEMENT OF FACTS

#### A.   The Parties

Xilinx and IV both conduct their business operations on the West Coast.  Xilinx was founded in Silicon Valley in 1984 and is in the business of designing, developing, and marketing programmable logic devices (PLDs), including field programmable gate arrays (FPGAs), which are found in advanced electronics systems and have applications in a wide range of markets including aerospace, wireless computing, and broadcasting.  Xilinx is headquartered in San Jose, California.  The vast majority of the relevant Xilinx employees and business records are in California.  The products at issue in both cases are all designed and developed in California.  The Xilinx engineers who developed the accused products are primarily located in California.  (*See* Declaration of Justin Liu in Support of Xilinx's Motion to Dismiss or Transfer All Claims Filed Against Xilinx, Inc. ("Liu Decl.")).  Although it is incorporated in Delaware, Xilinx maintains neither offices nor employees in the State.  None of the accused technology was developed in Delaware, and no relevant Xilinx witnesses or documents reside there.

IV's principal place of business is in Bellevue, Washington.  IV maintains various offices, including one in Mountain View, California.  Although the IV entities that are the named plaintiffs in this action were recently formed in Delaware, they do not appear to maintain any operational office in Delaware.  Nor do they appear to conduct any business operations in Delaware aside from prosecuting the three patent lawsuits filed by IV.

REDACTED

3

REDACTED

REDACTED

## IV.    ARGUMENT

        The claims against Xilinx in this Action should be dismissed or transferred to California under the first-filed rule.  Where the first-filed rule applies, a court may dismiss claims without prejudice or stay the case for the duration of the first-filed matter.  *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988).  The first-filed rule applies in this case because (1) the California Action was filed before the Amended Delaware Complaint, (2) the patents and parties in the second-filed Amended Delaware Complaint overlap completely with the patents and parties in the first-filed California Action, and (3) no exceptional circumstances exist that warrant a departure from the first-filed rule.  Pursuant to the first-filed rule, IV's claims against Xilinx in this action should be dismissed.

Alternatively, for the convenience of the parties and to conserve judicial resources, the claims between IV and Xilinx should be transferred to the Northern District of California where the first-filed California Action is pending.[4] *Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.*, 416 F. Supp. 2d 1048, 1051-52 (E.D. Pa. 2006).

**A.    The First-Filed Rule Requires the Dismissal of IV's Claims Against Xilinx in the Amended Delaware Action**

It is well settled that, "as a principle of sound judicial administration, the first suit should have priority, absent special circumstances." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (quoting *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (internal quotations omitted)).  "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank." *EEOC*, 850 F.2d at 971.  The first-filed rule applies to patent infringement cases and declaratory judgment actions.  *See Comcast Cable Commc'ns v. USA Video Tech. Corp.*, C.A. No. 06-407-JJF, 2008 WL 1908612, at *1 (D. Del. Apr. 29, 2008) (patent infringement action); *Corixa Corp. v. IDEC Pharm. Corp.*, C.A. No. CIV.A.01-615-GMS, 2002 WL 265094, at *1 (D. Del. Feb. 25, 2002) (declaratory judgment action).  The Federal Circuit instructs that "[w]hen the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993).

---

[4]    The Court may address the claims against Xilinx separately by severing them from the other claims involved in this case and proceeding with them separately.  *See* Fed. R. Civ. P. 21; *Sony Elecs., Inc. v. Orion IP, LLC*, C.A. No. 05-255(GMS), 2006 WL 680657, at *1 (D. Del. Mar. 14, 2006) (severing and dismissing claims in second-filed patent infringement case under Fed. R. Civ. P. 21).

1.      **The California Action is the First-Filed Action Between Xilinx and IV**

There is no dispute that the California Action was filed one day before the Amended Delaware Complaint.  As the Third Circuit stated, the first-filed rule is "just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits."  *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475 (3d Cir. 1942).  Because Xilinx's claims against IV were filed before IV filed its patent infringement claims against Xilinx, the California Action is the first-filed action.

2.      **The Amended Delaware Action Substantially Overlaps with the Patents and Parties in the California Action**

The first-filed rule applies in cases where the second-filed action substantially overlaps with the facts and issues raised in the first-filed action.  "The applicability of the first-filed rule is not limited to mirror image cases where the parties and issues perfectly align. Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the first one."  *TransCore, L.P. v. Mark IV Indus. Corp.*, C.A. No. 09-2789, 2009 WL 3365870, at *6 (E.D. Pa. Oct. 15, 2009) (quotations omitted).  *See also Infineon Techs. AG v. Fairchild Semiconductor Int'l., Inc.*, C.A. No. 08-887-SLR-LPS, 2009 WL 3150986, at *6 (D. Del. Sept. 30, 2009) (Stark, Mag. J.) (recognizing that "the standard in this Circuit for determining whether two suits are one for purposes of the first-filed rule is whether they involve the same facts or issues").

Here, there is complete overlap between the patents and parties between the two cases.  In this action, IV asserts that Xilinx infringes four patents, all of which are at issue in the first-filed California Action.  Moreover, the two plaintiffs in this action (Intellectual Ventures I and II) are also named as declaratory judgment defendants in the first-filed California Action.

Because the California Action was the first-filed action, and because there is substantial overlap between the patents and parties, the first-filed rule applies in this case.

### 3. No Exceptional Circumstances Exist that Warrant a Departure From the First-Filed Rule.

It is well-settled that a court "must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." *EEOC*, 850 F.2d at 979. Exceptional circumstances may exist where (1) the plaintiff in the first-filed action acted in "bad faith" or engaged in "forum shopping," (2) the second-filed action has developed further than the first-filed action, or (3) "when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable forum." *Id.* at 976 (citations omitted). None of these exceptions exist in this case.

### (a) The California Action was Not Filed in "Bad Faith"

Xilinx did not file the California Action in "bad faith" or as an act of "forum shopping." A declaratory judgment action "allows a party who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005) (internal quotations omitted). This is precisely what Xilinx did by filing the California Action.

Xilinx filed the California Action in an effort to clarify the uncertain legal status of the products and patents at issue in the negotiations instituted by IV. Xilinx was not "forum shopping" by selecting California as the forum to file its declaratory judgment action. Rather, Xilinx selected the California forum because its headquarters are in California, all of the accused products were developed in California, and the overwhelming majority of its relevant fact witnesses are located in California. *See Keating Fibre*, 416 F. Supp. 2d at 1052-53 (refusing to

apply the "bad faith" exception where the party's headquarters, witnesses, and relevant evidence are located in the selected forum).  As at least one court has recognized, "if filing in a district that is more convenient to the plaintiff than to the defendant is enough to open the plaintiff to a charge of forum shopping, then the [anticipatory filing] exception would swallow the first-filed rule." *Stone Creek Mech., Inc. v. Carnes Co.*, C.A. No. 02-1907, 2002 WL 31424390, at *3 (E.D. Pa. Oct. 25, 2002) (citation omitted) (refusing to apply exception where there is "no evidence that Defendant was solely, or even primarily, motivated by the desire to avoid negative law in the Third Circuit or seek shelter under more favorable law in Wisconsin . . .").

The California Action was properly filed in response to the high-pressure atmosphere created by IV's repeated claims that certain Xilinx products infringed some of the patents in the IV portfolio, while IV continued to refuse to provide detailed technical information to support the vast majority of its claims.  Xilinx was not required to stand by idly while IV demanded licensing fees based on unsubstantiated infringement claims.  *See Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394, 403 (E.D. Pa. 2005)  ("[T]he party at the receiving end of a financial ultimatum is not required to unilaterally disarm and allow the party asserting the demand to control the choice of forum.")

Xilinx's filing of the California Action to "obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist" is fully consistent with the "purpose of the Declaratory Judgment Act." *Genentech*, 998 F.2d at 937. Indeed, even IV's management publicly stated that "[d]eclaratory judgment actions such as the one Xilinx filed are a possibility for any patent owner in licensing negotiations."  (*See* Ex. 2 to Shariati Decl.)

**(b)     The Amended Delaware Action Has Not Progressed Further
Than the California Action**

The second exception to the first-filed rule applies where the second-filed action

"is further developed than the first-filed action."  *Stone Creek Mech.*, 2002 WL 31424390, at \*2

(refusing to apply the exception where the two cases were at the same stage, i.e. litigating

motions to dismiss).  This exception does not apply here because this action has not developed

any further than the California Action.

In the California Action, Judge Lucy Koh has already issued an order setting a

Case Management Conference on June 17, 2011.  Under the Northern District Patent Rules, this

automatically sets certain dates for exchange of contentions, pre-*Markman* exchanges, *Markman*

briefing, and the *Markman* hearing.  (*See* Ex. 3 to Shariati Decl.)

On the other hand, in this action, the Court has not set a scheduling conference or

a trial schedule, even for IV's case against the other Delaware Defendants.  No other motions or

pleadings have been filed by either Xilinx or IV as of the date of this motion.  In both the

California Action and this Action, neither Xilinx nor IV has filed an Answer, exchanged initial

disclosures, or initiated discovery requests.  Under these circumstances, this exception to the

first-filed rule does not apply.  *See Keating Fibre*, 416 F. Supp. 2d 1052 (refusing to apply

exception where the second-filed action "has not progressed more rapidly than the [first-filed]

action").

**(c)     The California Action Was Not an Improper Anticipatory Suit**

The final exception to the first-filed rule is the anticipatory suit exception, which

applies where "the first-filing party instituted suit in one forum in anticipation of the opposing

party's *imminent* suit in another, less favorable, forum."  *EEOC*, 850 F.2d at 976 (emphasis

added).  The Third Circuit generally applies this exception (1) where the opposing party

threatens legal action and provides a specific deadline for taking legal action, *id.* at 977-78; or (2) where the first-filed party knew that a complaint against it had been prepared and was planning to be filed by the opposing party, *IMS Health, Inc. v. Vality Tech. Inc.*, 59 F. Supp. 2d 454, 464-65 (E.D. Pa. 1999).   Because neither of these conditions is met here, this exception does not apply.

Although the parties had been involved in negotiations regarding these and other patents, IV did not specifically threaten legal action, much less set a deadline for such action. *Compare Keating Fibre Int'l.*, 416 F. Supp.2d at 1052 (holding that anticipatory suit exception did not apply where no deadline for legal action was established) *with EEOC*, 850 F.2d at 977-78 (holding that anticipatory suit exception applied where EEOC threatened a subpoena enforcement action within 20 days and the University responded by filing a lawsuit against the EEOC three days before the deadline).

Moreover, Xilinx could not have been aware of IV's plans to file an amended complaint, because IV acknowledged that it filed its claims against Xilinx only in reaction to Xilinx's filing of the California Action. *See* Ex. 2 to Shariati Decl. (stating that the Amended Delaware Action was filed in response to Xilinx's California Action); D.I. 17.) *See IMS Health*, 59 F. Supp. 2d at 464-65 (although "litigation was in the air" a suit was not imminent where there was no knowledge of the preparation of the complaint or the intent to bring suit).

Third Circuit courts will not apply the anticipatory suit exception where (1) there is a logical factual connection to the first-filed forum, *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 839 (W.D. Pa. 2006), (2) a declaratory judgment action was filed after several months of negotiations between the parties, *IMS Health*, 59 F. Supp. 2d at 464-65, or (3) there is no indication that the chosen forum would provide more favorable law for the plaintiff,

*Zokaites*, 424 F. Supp. 2d at 839.   All of these factors are present here.   Xilinx filed the declaratory judgment action in California because Xilinx is based in California, and because the claims have a logical relationship with that forum.   *See id*. at 838 (refusing to apply the anticipatory suit exception where the first-filed case had a "logical and appropriate" connection to the forum because evidence and witnesses were located there).   Additionally, Xilinx waited over two months after learning of IV's pending suit against the Delaware Defendants before filing the suit, and attempted to engage IV in good faith negotiations during that time.   *See IMS Health*, 59 F. Supp. 2d at 464-65 (refusing to apply the anticipatory suit exception because "[i]f IMS really was interested in racing to the courthouse, it seems probable that it would have done so well before three months had passed from the time of the [initial] meeting [between the parties]").   Finally, Xilinx did not (and could not) select California to avoid less favorable substantive law.   *See Zokaites*, 424 F. Supp. 2d at 839   ("The act of forum shopping is the selection of a court with an eye towards gaining an advantage based on the forum's favorable substantive law or the avoidance or unfavorable law in an alternative forum.") (citation omitted).   *See also EEOC*, 850 F.2d at 969).   Patent infringement cases are governed by Federal Circuit law which applies in all cases regardless of the forum.   Thus, this exception to the first-filed rule does not apply.

Because none of the exceptions to the first-filed rule apply, this Court should dismiss the claims against Xilinx in the Amended Delaware Action.

**B.     Alternatively, IV's Claims Against Xilinx Should be Transferred to the Northern District of California Where the First-Filed Action is Pending**

While this Court should dismiss IV's claims against Xilinx under the first-filed rule, it may also, at its discretion, transfer the second-filed case.[5]   "Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of the parties and witnesses and in the interests of justice." *Cisco Sys. Inc. v. GPNE Corp.*, C.A. No. 07-671-SLR, 2008 WL 1758866, at *2 (D. Del. Apr. 17, 2008).   Although there is no "definitive formula or list of factors," the Third Circuit has identified several private and public interest factors that courts may use when evaluating a motion to transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).   The relevant private and public interest Jumara factors include:  (1) plaintiff's choice of forum; (2) the convenience of the parties as indicated by their relative physical and financial condition; (3) the convenience of the witnesses to the extent they would be unavailable for trial in one of the fora; (4) the location of books and records; and (5) practical considerations that could make the trial easy, expeditious or inexpensive. *Id.* at 879-80.   All of these factors favor transferring the claims against Xilinx in this action to the California Action.

**1.     The Private Interest Factors Weigh in Favor of Transferring the Xilinx Claims to the California Action**

Each of the private factors relevant to this case — plaintiff's choice of forum, the convenience of the California forum to the parties and witnesses, and the location of relevant documents in California — weighs in favor of transferring the claims against Xilinx to the first-filed California Action.

---

[5]     Counsel for Xilinx met and conferred with the other Delaware Defendants and they have stated that they will not oppose severing and transferring the claims against Xilinx in this Action to the Northern District of California where the first-filed California Action is pending.

First, the plaintiff's choice of forum is a "paramount consideration" under Third Circuit law when determining whether a case should be transferred to a more convenient forum. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed.") (internal quotations and citations omitted); *Angiodynamics, Inc. v. Vascular Solutions, Inc.*, C.A. No. 09-554-JJF, 2010 WL 3037478, at *2 (D. Del. July 30, 2010) (quoting *Shutte*, 431 F.2d at 25). As the first-filed plaintiff, Xilinx's choice of the California forum should be given great weight in the balance of factors. As discussed above, Xilinx's decision to file in California was based on the legitimate and practical consideration that Xilinx's headquarters and business operations, relevant documents, and key witnesses are all located in California. *See* Liu Decl. ¶¶ 4-7. Xilinx's choice of the California forum should not be "lightly disturbed." *Shutte*, 431 F.2d at 25.

Furthermore, courts give considerable weight to the forum where the parties, witnesses, and relevant documents are located. *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (reversing district court's denial of transfer based in part on the "convenience of the parties and witnesses" and the location of "sources of proof" in the transferee district); *Arrow Commc'n Labs. v. John Mezalingua Assocs., Inc.*, 2005 WL 2786691 *3 (D. Del. Oct. 26, 2005) (granting transfer in patent infringement case where the "majority of the witnesses with discoverable information" and the "documents relating to the production, promotion, marketing and sales of the accused products" are in the transferee district). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted); *see also Micron*

*Tech., Inc. v. Mosaid Techs.*, Inc., 518 F.3d 897, 905 (Fed. Cir. 2008) (noting that California is the more convenient forum where both parties do business in California and one party's "U.S. operations are based out of the Northern District of California").

Xilinx's US operations are primarily based in San Jose, California which is located in the Northern District of California. The vast majority of Xilinx's financial records; documents related to the development, production, and sales of the accused products in the US; and other business records are all located in California. The accused products in this case were primarily developed in California, and the majority of engineers who designed, produced, and tested the accused products are also located in California. *See* Liu Decl. ¶¶ 4-7. Even the inventors of the Asserted Patents are located in California, as well as three of the four prosecuting attorneys.[6] These are each significant factors weighing in favor of transfer. *See In re Acer*, 626 F.3d at 1256 (reversing district court's denial of transfer where "Acer's allegedly infringing products were researched, designed, developed and tested within California, and all decisions regarding marketing, sales, and pricing of any such allegedly infringing products would have occurred predominantly in California" . . . "as are the inventor and patent prosecuting attorneys whose work may be questioned at trial") (quotations omitted); *Angiodynamics*, 2010 WL 3037478, at *2 (granting transfer where alleged infringer's employees in the transferee district "may possess relevant information, as well as potentially relevant prototypes of the devices allegedly used to infringe").

---

[6]     According to the Asserted Patents, the inventor of the '669 patent is located in Kentfield, California; the inventor of the '325 and '087 patent is located in Fremont, California; and, the inventors of the '646 patent are located in Morgan Hill, California. Each of these locations is within the Northern District of California. The prosecutor for the '669 patent, Bao Tran (Reg. No. 37955) is located in Saratoga, California, and the prosecutor for the '325 and '087 patents, Donald E. Shreiber (Reg. No. 29435) is located in Kings Beach, California. United States Patent and Trademark Office, Patent Attorney/Agent Search, https://oedci.uspto.gov/OEDCI/ (enter prosecutor's registration number to find current location).

The California forum is also more convenient for IV. IV maintains an office in Mountain View, California, also located in the Northern District of California. IV is based in Washington State, which is geographically closer to California than Delaware, and thus more convenient for transportation of witnesses, counsel, and hard-copy files and documents for potential trial. Neither Xilinx nor IV maintains any operational offices in Delaware. The inconvenience to all parties of transporting witnesses and documents across the country weighs in favor of transferring the claims against Xilinx in the Amended Delaware Action to California.

**2.    The Public Interest Factors Weigh in Favor of Transferring the Claims Against Xilinx to the California Action**

The relevant public interest factor in this case — practical considerations that could make the trial easy, expeditions, or inexpensive — also weighs in favor of transferring the claims against Xilinx to California.

Delaware courts have held that practical considerations that make trial "easier, quicker, or less expensive" include the "convenience of witnesses and parties" and the "physical distance of the parties to Delaware." *Illumina, Inc. v. Complete Genomics, Inc.*, C.A. No. 10-649, 2010 WL 4818083, at *6 (D. Del. Nov. 9, 2010) (holding that convenience factors "heavily favored" transfer where "[m]ost of the potential and identified witnesses, and relevant records and evidence, are located in the Northern District of California"). *See also Angiodynamics*, 2010 WL 3037478, at *3 (transferring case where the practical considerations of the "convenience of the witnesses and parties" favored transfer). Here, as discussed above, the parties, witnesses, and relevant documents for both parties either reside in California or are physically closer to California than Delaware and will therefore make trial easier, quicker, and less expensive.

Furthermore, although not technically a *Jumara* factor, courts have also considered the likelihood of consolidation with a related action in a transferee forum to conserve

judicial resources and avoid duplicative litigation. Indeed, "[t]he presence of a related action in the transferee forum is such a powerful reason to grant a transfer that courts do so even where other *Jumara* factors, such as the convenience of parties and witnesses, would suggest the opposite." *TransCore*, 2009 WL 3365870, at *6 (citation omitted). The California Action is a related action that was pending when the Amended Delaware Action was filed. Judicial resources may be conserved by hearing all of the claims between Xilinx and IV together in one case. If the Court declines to dismiss the claims against Xilinx it should avoid duplicative litigation by transferring the claims to California so that all claims between Xilinx and IV can be heard in the same court.

Thus, the private and public interest factors favor transferring the claims against Xilinx to California.

## V.       CONCLUSION

For all of the reasons stated above, this Court should dismiss IV's claims against Xilinx in the Amended Delaware Action in favor of the first-filed California Action, or, in the alternative, transfer the claims to the pending California Action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ramy Hanna*

Karen Jacobs Louden (#2881)
Ramy Hanna (#5494)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
rhanna@mnat.com

OF COUNSEL

Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

*Attorneys for Xilinx, Inc.*

April 11, 2011
4185736

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants:

I further certify that I caused copies of the foregoing document to be served on April 18, 2011, upon the following in the manner indicated:

Brian E. Farnan                                                   *VIA ELECTRONIC MAIL*
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

John M. Desmarais                                               *VIA ELECTRONIC MAIL*
Michael P. Stadnick
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
*Attorneys for Plaintiffs*

David Goren                                                       *VIA ELECTRONIC MAIL*
MICROSEMI CORPORATION
2381 Morse Avenue
Irvine, CA  92614

Steven J. Balick                                                  *VIA ELECTRONIC MAIL*
Tiffany Geyer Lydon
Andrew C. Mayo
ASHBY & GEDDES
500 Delaware Avenue – 8th Floor
Wilmington, DE  19801
*Attorneys for Lattice Semiconductor
Corporation*

1

Alan H. Blankenheimer                                    *VIA ELECTRONIC MAIL*
Jo Dale Carothers
COVINGTON & BURLING LLP
9191 Towne Centre Drive
Sixth Floor
San Diego, CA  92122-1225
*Attorneys for Lattice Semiconductor*
*Corporation*

Robert T. Haslam                                         *VIA ELECTRONIC MAIL*
Kurt G. Calia
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA  94065-1418
*Attorneys for Lattice Semiconductor*
*Corporation*

Frederick L. Cottrell                                    *VIA ELECTRONIC MAIL*
Anne Shea Gaza
RICHARDS LAYTON & FINGER, P.A.
920 N. Market Street
One Rodney Square
Wilmington, DE  19801
*Attorneys for Microsemi Corporation*

Mark A. Samuels                                          *VIA ELECTRONIC MAIL*
Brian Berliner
Yixin Zhang
O'MELVENY & Myers LLP
400 S. Hope Street, #1800
Los Angeles, CA  90071
*Attorneys for Microsemi Corporation*

Michael Myers                                            *VIA ELECTRONIC MAIL*
O'MELVENY & Myers LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA  92660

*Attorneys for Microsemi Corporation*

Jack B. Blumenfeld                                        *VIA ELECTRONIC MAIL*
Ramy E. Hanna
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
*Attorneys for Altera Corporation*

William F. Lee                                           *VIA ELECTRONIC MAIL*
Lauren B. Fletcher
WILMER CUTLER PICKERING HALE
   & DORR LLP
60 State Street
Boston, MA  02109
*Attorneys for Altera Corporation*

Mark D. Selwyn                                           *VIA ELECTRONIC MAIL*
Joseph H. Haag
Evelyn C. Mak
WILMER CUTLER PICKERING HALE
   & DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Altera Corporation*


                                        */s/ Ramy Hanna*
                                        _____
                                        Ramy Hanna (#5494)