IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 10-1065 (LPS) |
| v. | ) ) | **REDACTED -** |
| ALTERA CORPORATION, MICROSEMI CORPORATION, LATTICE SEMICONDUCTOR CORPORATION and XILINX, INC., | ) ) ) ) ) | **PUBLIC VERSION** |
| Defendants. | ) ) | |

**DEFENDANTS ALTERA CORPORATION, MICROSEMI CORPORATION
AND LATTICE SEMICONDUCTOR CORPORATION'S
OPENING BRIEF IN SUPPORT OF THEIR MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant
Lattice Semiconductor Corporation*

OF COUNSEL:

Alan H. Blankenheimer
Jo Dale Carothers
COVINGTON & BURLING LLP
9191 Towne Centre Drive, Sixth Floor
San Diego, CA 92122-1225
(858) 678-1800

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Altera Corporation*

OF COUNSEL:

William F. Lee
Lauren B. Fletcher
WILMER CUTLER PICKERING HALE
& DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Robert T. Haslam
Kurt G. Calia
COVINGTON & BURLING LLP
333 Twin Dolphin Drive Suite 700
Redwood Shores, CA  94065-1418
(650) 632-4700

Mark D. Selwyn
Joseph H. Haag
Evelyn C. Mak
WILMER CUTLER PICKERING HALE
& DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 858-6000

RICHARDS LAYTON & FINGER, P.A.
Frederick L. Cottrell III (#2555)
Anne Shea Gaza (#4093)
920 North Market Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Microsemi Corporation*

OF COUNSEL:

Mark A. Samuels
Brian Berliner
Yixin Zhang
O'MELVENY & MYERS LLP
400 S. Hope Street, #1800
Los Angeles, CA 90071
(213) 430-6000

Michael Myers
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900

Originally Filed:  April 26, 2011
Redacted Version Filed:  May 3, 2011

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii

I.     NATURE AND STAGE OF PROCEEDINGS ..............................................................1

II.    SUMMARY OF ARGUMENT ....................................................................................1

III.   STATEMENT OF FACTS ...........................................................................................3

       A.    Altera's Connection to the District of Delaware and Northern
             District of California ......................................................................................3

       B.    Microsemi's Connection to the District of Delaware and Northern
             District of California ......................................................................................4

       C.    Lattice's Connection to the District of Delaware and Northern
             District of California ......................................................................................5

       D.    Intellectual Ventures' Connection to the District of Delaware and
             Northern District of California ......................................................................5

IV.    THE INTERESTS OF JUSTICE AND THE CONVENIENCE OF
       PARTIES AND WITNESSES STRONGLY FAVOR TRANSFER OF
       THIS ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA ..........................6

       A.    The Legal Standard for Motions to Transfer Under 28 U.S.C.
             § 1404(a)........................................................................................................6

       B.    The Private Interest Factors Weigh Heavily in Favor of Transfer to
             the Northern District of California ..................................................................9

             1.    The Parties' Lack of Any Meaningful Connection to the
                   District of Delaware Supports Transfer and Substantially
                   Diminishes Any Deference Ordinarily Afforded to IV's
                   Forum Selection ....................................................................................9

             2.    The Convenience of the Parties and Witnesses and
                   Location of Evidence and Operative Facts Giving Rise to
                   this Litigation Weigh Heavily in Favor of Transfer..............................11

       C.    The Relevant Public Interest Factors Each Heavily Weigh in Favor
             of Transfer ...................................................................................................18

V.     CONCLUSION .........................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*APV N.A. v. Sig Simonazzi N.A.*,
  295 F. Supp. 2d 393 (D. Del. 2002) ........................................................................ 9, 10, 11

*Arrow Comm'n Labs. v. John Mezalingua Assocs., Inc.*,
  2005 WL 2786691 (D. Del. Oct. 26, 2005) ........................................................................ 18

*Bayer Bioscience N.V. v. Monsanto Co.*,
  2003 WL 1565864 (D. Del. Mar. 25, 2003) ........................................................................ 9

*Continental Cas. Co. v. Am. Home Assurance Co.*,
  61 F. Supp. 2d 128 (D. Del. 1999) ................................................................................ 8, 12

*Illumina, Inc. v. Complete Genomics, Inc.*,
  2010 WL 4818083 (D. Del. Nov. 9, 2010) ........................................................................ 18

*In re Acer America Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010 ....................................................................................*Passim*

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ................................................................................... 7, 17

*In re Volkswagen of America, Inc.*,
  545 F.3d 304 (5th Cir. 2008) ........................................................................................ 13

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 2001) .......................................................................................*Passim*

*Mentor Graphics v. Quickturn Design Sys., Inc.*,
  77 F. Supp. 2d 505 (D. Del. 1999) ................................................................................ 15

*National Mortgage Network v. Home Equity Ctrs.*,
  683 F. Supp. 116 (E.D. Pa. 1988) .................................................................................. 8

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
  425 F. Supp. 2d 325 (E.D.N.Y. 2006) .............................................................................. 17

*Nilssen v. Osram Sylvania*,
  2001 WL 34368395 (D. Del. May 1, 2001) ....................................................................*Passim*

*Ricoh Co. v. Honeywell, Inc.*,
  817 F. Supp. 473 (D. N.J. 1993) .......................................................................... 8, 10, 12, 16

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970) ........................................................................................7

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ....................................................................................................7

*Teleconference Sys. v. Procter & Gamble Pharms., Inc.*,
    676 F. Supp. 2d 321 (D. Del. 2009) ........................................................ 8, 9, 10, 11

*Transcore, L.P. v. Mark IV Industries Corp*,
    2009 WL 3365870 (E.D. Pa. Oct. 15, 2009) ..........................................................19

*Virgin Wireless, Inc. v. Virgin Enterprises Ltd.*,
    201 F. Supp. 2d 294 (D. Del. 2002) ................................................... 8, 10, 11, 16

## RULES AND STATUTES

28 U.S.C. § 1400............................................................................................................7

28 U.S.C. § 1404................................................................................................*Passim*

N.D. Cal. Civ. L.R. 3-12(a) ........................................................................................19

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2010, Intellectual Ventures ("IV") filed this patent infringement action against Altera Corporation ("Altera"), Microsemi Corporation ("Microsemi"), and Lattice Semiconductor Corporation ("Lattice").[1]  The Complaint alleged that Defendants' programmable logic device products infringe one or more of the five patents-in-suit.[2]  (D.I. 1; Comp. ¶¶ 32, 39, 43.)  On February 14, 2011, Xilinx filed a declaratory judgment action in the Northern District of California for non-infringement and invalidity of sixteen patents allegedly owned by IV-related entities, including four of the five patents asserted against the Defendants in this action.[3]  (*See* Xilinx Motion to Dismiss or Transfer at 1-2; D.I. 37.)  In response, on February 15, 2011, IV amended the Complaint in this action to add Xilinx as a defendant.  (D.I. 17.)  On April 11, 2011, Xilinx moved to dismiss or transfer the claims against it to the Northern District of California, where its action is pending.  (D.I. 36.)

This case remains at its earliest stage:  No scheduling conference has been set, and no discovery has been propounded.

## SUMMARY OF ARGUMENT

As demonstrated below, the relevant private and public interest factors overwhelmingly favor transfer to the Northern District of California.  Illustratively:

---

[1]  On the same day, IV filed two additional suits in this Court against six other defendants: No. 10-1066 against Hynix Semiconductor, Inc. and Elpida Memory, Inc., involving DRAM and flash memory products, and No. 10-1067 against Check Point Software Technologies, Ltd., McAfee, Inc., Symantec Corp., and Trend Micro Inc., involving software security products.  On March 8, 2011, Defendants Check Point, McAfee, Symantec and TrendMicro filed a motion to transfer to the Northern District of California.  That motion is pending.

[2]  The patents-in-suit are U.S. Patent Nos. 5,675,808, 6,993,669, 6,687,325, 6,260,087, and 6,272,646.  (D.I. 1; Comp. ¶ 6.)

[3]  Only U.S. Patent No. 5,675,808 is not currently at issue in the California Action.

1.     ***Transfer will promote judicial economy and reduce the prospect of duplicative or inconsistent results.***     Pending in the Northern District of California is a declaratory judgment action brought by defendant Xilinx [Case No. 11-cv-0671-LHK (hereinafter, the "California Action")] that involves the *same* patents asserted in this action against it and two Defendants (and four of the five asserted patents against a third Defendant), against the same opposing party.  Xilinx filed in California before being joined as a defendant here.  Based on its California Action, Xilinx has moved to dismiss, or in the alternative transfer to the Northern District of California, the claims against it in this action.  The transfer of this lawsuit as to the remaining defendants for likely consolidation with Xilinx's existing declaratory judgment action will promote the conservation of judicial resources and remove the possibility of duplicative litigation and potentially inconsistent results.

2.     ***The parties and witnesses are almost exclusively on the West Coast, and mostly within the jurisdiction of the Northern District of California.***     All the parties are headquartered on the West Coast, and two out of three of the Defendants are headquartered in California.  All Defendants have research and development facilities in the Northern District of California, where most of the development activities of Defendants' various accused products occurred.  The vast majority of Defendants' documents and witnesses are located on the West Coast, and substantially within the Northern District of California.  IV itself has an office in the Northern District of California.  Third-party witnesses—including many of the inventors and prosecuting attorneys of the patents-in-suit—appear to be concentrated in California.  Accordingly, the Northern District of California is a far more convenient forum for *all* parties to this dispute.

- 2 -

3.      ***The parties lack meaningful connections to Delaware, save for their incorporation in the state.***   The only tie that any of the Defendants—or to the Defendants' knowledge, the Plaintiffs—have to Delaware is their incorporation in the state.   None of the parties has offices in Delaware, none of the allegedly infringing products was developed in Delaware, and none of the likely witnesses or documents resides in Delaware.   The Plaintiffs incorporated in Delaware only on November 9, 2010 – less than a month before filing this action.

## III.   STATEMENT OF FACTS

### A.   Altera's Connection to the District of Delaware and Northern District of California

Altera is in the business of designing, developing, marketing, and selling programmable logic solutions including Field Programmable Gate Arrays ("FPGAs") for use in various types of electronics devices.   (See Declaration of Brian Way In Support of Motion to Transfer ("Way Decl."), at ¶ 5.)   Altera is a corporation organized and existing under laws of the State of Delaware with its headquarters and principal place of business located in San Jose, California.   (Id. at ¶ 4.)



Altera has never had a research and development facility, or other corporate office, in Delaware. (*Id.* at ¶ 7.) ████████████████████████████████

████████████████████████████████████████████████████████████

████████████  Altera does not have any offices or other facilities in Delaware (*id.* at ¶10), nor does it have any employees who work in Delaware.  (*Id.* at ¶ 11.)

**B.    Microsemi's Connection to the District of Delaware and Northern District of California**

Microsemi is a corporation existing under the laws of Delaware with its corporate headquarters in Irvine, California.  (*See* Declaration of David Goren ("Goren Decl.") at ¶ 3.)  In November 2010, Microsemi acquired Actel Corporation, a leading supplier of low-power, mixed signal, and radiation-tolerant FPGAs.   (*Id.* at ¶ 4.) ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████

Microsemi does not maintain any offices or other facilities in Delaware, nor does it have any employees who work in Delaware.  (*Id.* ¶ 8.)  Microsemi does not design or develop

products in Delaware, and no Microsemi or Actel documents related to the accused products are stored there.  (*Id.*)

### C.   Lattice's Connection to the District of Delaware and Northern District of California

Lattice is also based on the West Coast, with its corporate headquarters located in Hillsboro, Oregon.  (Becker Decl. ¶ 4.)  Lattice designs, develops, and markets innovative programmable logic devices that serve customers in communications, computing, consumer, and industrial end markets.  (*Id.* at ¶ 3.)  Although Lattice's Hillsboro headquarters houses the largest number of Lattice employees and design engineers, Lattice maintains a significant engineering facility in San Jose, California. ████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████  Although incorporated in Delaware, Lattice has no physical presence there.  (*Id.* at ¶ 9.)  None of the accused products was designed or developed in Delaware, Lattice does not maintain an office in Delaware, and no relevant Lattice witnesses or documents reside there.  (*Id.* at ¶¶ 9-10.)

### D.   Intellectual Ventures' Connection to the District of Delaware and Northern District of California

Intellectual Ventures I and II's principal place of business is in Bellevue, Washington.  (D.I. 1; Comp. ¶¶ 1-2.)  They also maintain an office in Northern California.  *See*

Press Release, Intellectual Ventures, *Intellectual Ventures Opens Bellevue Laboratory* (May 26, 2009), *available at* www.intellectualventures.com/newsroom/pressreleases ("Intellectual Ventures has offices worldwide, including in Silicon Valley, Austin, Tokyo, Beijing, Singapore, Seoul, and Bangalore."). Their parent company is Intellectual Ventures Management, LLC, also based in Bellevue, Washington. (D.I. 1; Comp. ¶ 21.) Each of the related IV entities is engaged in the business of acquiring, licensing, and enforcing patents. (*See* D.I. 1; Comp. ¶ 22.) Although each of the IV entities is incorporated in Delaware, none appears to have an office or employees here.



## IV. THE INTERESTS OF JUSTICE AND THE CONVENIENCE OF PARTIES AND WITNESSES STRONGLY FAVOR TRANSFER OF THIS ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA

### A. The Legal Standard for Motions to Transfer Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), this Court has broad discretion to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district

or division where it might have been brought."[4]  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 2001) (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3d Cir. 1970)).  Granting a § 1404(a) motion is proper where, on balance, the "convenience and fairness considerations weigh in favor of transfer."  *Id.* at 883 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988)); *see In re Genentech, Inc.*, 566 F.3d 1338, 1348 (Fed. Cir. 2009) (granting writ of mandamus reversing denial of motion to transfer where "there is simply no rational argument that, in light of the witnesses, parties, evidence, compulsory attendance and local interest, the clearly more convenient venue is not the Northern District of California.  In denying transfer, the district court clearly abused its discretion and produced a patently erroneous result."); *In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) ("[T]he district court's conclusion that [the plaintiffs' presence in the selected forum] was enough to preclude transfer [to the Northern District of California] is in our view a clear abuse of discretion.").

Courts apply a "multi-factor balancing test" that considers not only the statutory criteria of convenience and interests of justice, but "all relevant factors" including certain public and private interests.  *Jumara,* 55 F.3d at 879.  The private interests include (1) the plaintiff's choice of forum; (2) the defendant's preferred venue; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of the relevant business records, but again only to the extent that they may be unavailable in the fora.  *Id.* at 879.

---

[4]     This matter could have been brought in the Northern District of California.  Any civil action for patent infringement may be brought in the judicial district where the defendant resides or "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400.  Thus, venue is proper in the Northern District of California where each of the defendants either resides or maintains "regular and established" business.  (Way Decl. ¶ 4; Becker Decl. ¶¶ 4-5; Goren Decl. ¶¶ 5-6.)

Relevant public interests include (1) the enforceability of the judgment; (2) practical considerations that make trial easier, more expeditious, or less expensive; (3) court congestion; and (4) the local interests in resolving the controversy. *Id.* at 879-80.

The burden of establishing a need to transfer rests with the movant. *Id.* at 879. Although the plaintiff's choice of venue is ordinarily an important consideration, this factor is afforded substantially less deference where, as here, (1) the plaintiff has chosen to litigate away from its "home turf," *Teleconference Sys. v. Procter & Gamble Pharms., Inc.,* 676 F. Supp. 2d 321, 329-30 (D. Del. 2009) ("[A]bsent a legitimate, rational reason, if the plaintiff chooses to litigate away from his or her 'home turf,' the defendant's burden is lessened."); *Virgin Wireless, Inc. v. Virgin Enterprises Ltd.,* 201 F. Supp. 2d 294, 300 (D. Del. 2002) (holding that "plaintiffs' preference for Delaware is not given as much deference because they have not chosen their 'home turf.'"), or (2) the operative facts arose outside the selected forum. *Virgin Wireless, Inc.*, 201 F. Supp. 2d at 300  (plaintiff's preference for Delaware is not given as much deference where "the plaintiff has not chosen . . . a forum where the alleged wrongful activity occurred" (quoting *Continental Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999))); *see also Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481-82 (D. N.J. 1993) ("Disregarding [the plaintiff's] choice of forum is appropriate for an additional reason.  When the central facts of a lawsuit occur outside the forum state, a plaintiffs' selection of that forum is entitled to less deference."); *National Mortgage Network v. Home Equity Ctrs.*, 683 F. Supp. 116, 119 (E.D. Pa. 1988) (holding that the plaintiff's choice of forum is "deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff.").

Here, the private and public interest factors overwhelmingly favor transfer to the Northern District of California where the convenience of the parties and witnesses and the interest of justice would be more adequately served.

**B.    The Private Interest Factors Weigh Heavily in Favor of Transfer to the Northern District of California**

The private interest factors of convenience for the parties and witnesses, location of relevant business records, location of operative facts giving rise to this litigation, and the Defendants' preferred forum each heavily weigh in favor of transfer of this action to the Northern District of California.  The sole private factor ordinarily weighing against transfer – IV's choice of forum – should be afforded little deference here given that the District of Delaware is not IV's home forum and there is no connection between the operative facts and this district.  Accordingly, the balance of private interests at issue in this case overwhelmingly favors transfer.  *See, e.g., Teleconference Sys.*, 676 F. Supp. 2d at 332 ("Due to the parties' significant contacts with California and minimal contacts with Delaware, California is more convenient for the parties and witnesses.").

1.    The Parties' Lack of Any Meaningful Connection to the District of Delaware Supports Transfer and Substantially Diminishes Any Deference Ordinarily Afforded to IV's Forum Selection

No party has any apparent connection to this district other than as a place of incorporation.  This *de minimis* association with the forum will not preclude transfer "[w]here an alternative forum is more convenient and has more substantial connections with the litigation." *APV N.A. v. Sig Simonazzi N.A.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) ( "Incorporation in Delaware will not prevent transfer.") (citations omitted); *Nilssen v. Osram Sylvania*, 2001 WL 34368395, at *2 (D. Del. May 1, 2001) (minor sales and minimal presence of sales personnel are insufficient to defeat transfer despite Delaware incorporation); *Bayer Bioscience N.V. v.*

*Monsanto Co.*, 2003 WL 1565864 (D. Del. Mar. 25, 2003) (considering, as a factor in granting a motion to transfer, that "while the defendant is a Delaware entity, and should reasonably expect to litigate in this forum, there is little connection between Delaware and this action or the parties.").

IV's forum preference warrants minimal deference for two primary reasons. **First**, the IV plaintiff entities, recently incorporated in Delaware on November 9, 2010 (less than a month prior to filing this case), have no apparent operations in Delaware. (Intellectual Ventures I LLC's Opposition to Defendants' Joint Motion to Transfer Venue; Case No. 10-1067-LPS, April 15, 2011, at 4). To the contrary, IV's principal place of business, its "home turf," is in Bellevue, Washington. *Id.* at 1; *Teleconference Sys.*, 676 F. Supp. 2d at 330 ("Under § 1404(a) 'home turf' refers to a corporation's principal place of business."). **Second**, none of the "operative facts" giving rise to the Defendants' alleged infringing conduct transpired in or near the District of Delaware. (Way Decl. ¶¶ 6-8; 11; Becker Decl. ¶¶ 4-5, 9; Goren Decl. ¶¶ 5-7.) *Nilssen*, 2001 WL 34368395, at *2, n.4; *Ricoh*, 817 F. Supp. 473 at 482 (patent infringement claims "arise" where the alleged infringing products are designed and developed). Accordingly, having chosen to litigate in the District of Delaware rather than either (1) its principal place of business, or (2) where the alleged infringement arose, IV's choice of forum should be afforded little weight in the Court's analysis. *APV N.A.*, 295 F. Supp. 2d at 399; *Virgin Wireless*, 201 F. Supp. 2d at 300.

The Defendants similarly lack any meaningful connection to this forum. The Defendants do not maintain any offices, employees, or regular operations in Delaware. (Way Decl. ¶¶ 7, 11; Becker Decl. ¶ 9; Goren Decl. ¶¶ 5, 7.) None of the known research, design or development of the products accused of infringement took place in Delaware. (Way Decl. ¶¶ 6-

8; 11; Becker Decl. ¶¶ 4-5, 9; Goren Decl. ¶ 7.)  None of the known documents or other sources of proof likely to be relevant in this matter are located in Delaware, and there are no known fact witnesses who reside or are employed in this district.  (Way Decl. ¶¶ 10, 11; Becker Decl. ¶¶ 7-9; Goren Decl.  ¶ 7.)  Moreover, because none of the named inventors, original assignees, or prosecuting attorneys for the patents-in-suit appear to reside in or near Delaware (based on the available information on the face of the patents and in their file histories), there is no known connection between this district and either the conception or reduction to practice of the claimed inventions or the prosecution of the patents themselves.  The fact that the Defendants may engage in some sales in Delaware is of no legal significance to this analysis.  *See Nilssen*, 2001 WL 34368395, at *2, n.4 ("Plaintiffs' contention that its 'claim arose' in Delaware, because some of Defendants' accused products are sold in Delaware, lacks merit.  Defendants' products are sold nationwide; therefore, Delaware does not have any special 'connection' to the case that would weigh against the requested transfer.").  This lack of any significant connection to the District of Delaware strongly encourages transfer to a more convenient forum.  *See, e.g., APV N.A.*, 295 F. Supp 2d at 398-99.  As further addressed below, the Northern District of California is a far more convenient forum for the litigants in this case, including IV.

>    2.    The Convenience of the Parties and Witnesses and Location of Evidence and Operative Facts Giving Rise to this Litigation Weigh Heavily in Favor of Transfer

"The convenience of the parties and witnesses, and the location of relevant evidence, are the most important factors in the § 1404(a) analysis." *Teleconference Sys.*, 676 F. Supp. 2d at  331.  Considerable weight should be given to the forum where the parties, witnesses, and relevant documents are located, *In re Acer Am. Corp.*, 626 F.3d at 1255-56 ("One important factor in a § 1404(a) calculus is the convenience of the witnesses."), and to where the operative

facts giving rise to the litigation transpired.  *See Virgin Wireless*, 201 F. Supp. 2d at 300 ("[T]ransfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen . . . [a] forum where the alleged wrongful activity occurred." (quoting *Continental*, 61 F. Supp. 2d at 131)); *Ricoh*, 817 F. Supp. at 485 (access to a majority of the sources of proof in the transferee venue "strongly favors" transfer).

      *First*, the convenience afforded to all parties by litigating this case in the Northern District of California overwhelmingly favors transfer.  All parties maintain their principal places of business on the West Coast.  Altera is headquartered in San Jose, California, ███████████ ████████████████████████████████████████████████████████████████████████ ███████████████████ (Way Decl. ¶¶ 6-7.)  Both Lattice and Microsemi, headquartered in Hillsboro, Oregon and Irvine, California, respectively, ██████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████) Xilinx, the fourth defendant in this action that separately moved to transfer on §1404 and other grounds, also maintains its principal place of business in San Jose, ████████████████████████████████████████████████████ ███████████████████ (Xilinx, Inc.'s Motion to Dismiss or Transfer, D.I. 37 at 15.)

      With respect to the plaintiffs, both IV and its parent corporation maintain principal places of business in Bellevue, Washington.  (Amended Complaint, D.I. 17 at 1.)  IV also maintains operations in the Northern District of California, in Mountain View.  *See* Press Release, Intellectual Ventures, *Intellectual Ventures Opens Bellevue Laboratory* (May 26, 2009),

*available at* www.intellectualventures.com/newsroom/pressreleases.  ████████

████████████████████████████████████████████████████████

████████████████████████████████████   ████████████████

████████████████████████████████████████████

Consequently, transfer to the Northern District of California would significantly reduce the expense and inconvenience that would otherwise be incurred if the case proceeded in Delaware. *See, e.g., In re Acer America,* 626 F.3d at 1254-55 (noting, in a case featuring most witnesses and evidence closer to the transferee venue, the "significant expenses for airfare, meals, and lodging, as well as losses in productivity from time spent away from work" and the "'personal costs associated with being away from work, family, and community'" (quoting *In re Volkswagen of America, Inc.,* 545 F.3d 304 at 317 (5th Cir. 2008))). These convenience factors strongly favor transfer.

***Second***, under *Jumara*, the convenience of non-party witnesses is of paramount consideration where "witness[es] may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879; *Nilssen,* 2001 WL 34368395, at *2. In the present case, numerous potential key non-party witnesses appear to reside in or near Northern California.

Based on the information on the face of the patents-in-suit, all named inventors appear to reside either in the Northern District of California or in Texas. Robert Shurburne Jr., named inventor of the '669 patent, Web Chang, named inventor of the '325 and '087 patents, and Krishna Rangasayee and John Shannon, named inventors of the '646 patent, all appear to reside in the Northern District of California. The only patent with inventors apparently residing outside the Northern District of California – the '808 patent – was originally assigned to AMD, which is located within the requested forum. Moreover, the original assignees of the '646 and

'669 patents, Cypress Semiconductor and Gallitzin Allegheny LLC, respectively, also maintain principal places of business in the Northern District of California.[5]  The prosecuting attorneys for the patents-in-suit all appear to reside in California, Michigan, or Texas.  The '669 prosecuting attorney resides in Saratoga, California, which sits in the Northern District of California, and the prosecuting attorney for the '325 and '087 patents, who previously resided in the Northern District of California during the prosecution of the patents, now resides in King's Beach, located in the adjacent Eastern District of California.  None of the prosecuting attorneys or inventors has any apparent connection to Delaware that would subject them to the district's subpoena power.

In addition, numerous potential third party witnesses having knowledge relevant to invalidity issues appear to reside in the Northern District of California.  For example, the following chart identifies the connection to the Northern District of California of the inventors and assignees of prior art cited in the pending reexamination requests for the '325, '646, and '669 patents (based on the information available on the face of the cited prior art):

| Prior Art Cited in '325 Reexamination Request | Original Assignees / Inventors Located in the Northern District of California |
| --- | --- |
| U.S. Pat. No. 5,546,385 | Inventor Robert Galin of Cupertino, CA; assigned to Intel Corp. of Santa Clara, CA |
| U.S. Pat. No. 5,835,405 | Inventors Cyrus Tsui of Los Altos, CA, Kapil Shankar of Fremont, CA, and Albert L. Chan of Palo Alto, CA; assigned to defendant Lattice Semiconductor |

---

[5]     The face of the two other patents-in-suit – the '087 and '325 patents – do not disclose any original assignees.

| Prior Art Cited in '646 Reexamination Request | Original Assignees / Inventors Located in the Northern District of California |
|---|---|
| U.S. Pat. No. 5,349,544 | Inventors Michael J. Wright of Santa Clara, CA and Om P. Agrawal of San Jose, CA; assigned to Advanced Micro Devices, Inc. of Sunnyvale, CA |
| U.S. Pat. No. 5,394,114 | Assigned to National Semiconductor Corp. of Santa Clara, CA |
| U.S. Pat. No. 5,594,376 | Inventors Ken McBride of Sunnyvale, CA and Cecil Aswell of Orangevale, CA; assigned to Micro Linear Corp. of San Jose, CA |
| Prior Art Cited in '669 Reexamination Request | Original Assignees / Inventors Located in the Northern District of California |
| U.S. Pat. No. 5,790,817 | Assigned to Advanced Micro Devices, Inc. of Sunnyvale, CA |
| U.S. Pat. No. 5,815,693 | Assigned to National Semiconductor Corp. of Santa Clara, CA |

Conversely, as is the case with the inventors and prosecutors of the patents-in-suit, no known third parties of potential relevance to invalidity issues reside in or near the District of Delaware.

These third party witnesses reside outside the subpoena power of the District of Delaware and are therefore "unavailable" in this forum for purposes of § 1404(a). *Nilssen,* 2001 WL 34368395, at *2 ("A party need not allege that a witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue transfer analysis if the witness is not subject to a court's subpoena power.") (citing *Mentor Graphics v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 511 (D. Del. 1999)). Accordingly, the location of witnesses factor strongly weighs in favor of transfer. *In re Acer America*, 626 F.3d at 1255 (noting, in reversing a denial of

- 15 -

defendants' motion to transfer, that "the subpoena powers of the Northern District of California may be expected to be invaluable" where "[a] substantial number of party witnesses, in addition to the inventor and prosecuting attorneys, reside in or close to the Northern District of California").

*Third*, the operative facts giving rise to this lawsuit have a substantial connection to the Northern District of California. "In patent infringement actions, as a general rule, the preferred forum is that which is the *center of gravity* of the accused activity," which is typically "the location of a product's development, testing, research and production." *Ricoh*, 817 F. Supp. 473 at 482, n.17 (citations omitted); *see also Virgin Wireless,* 201 F. Supp. 2d at 300 ("center of operative facts in the action" favored transfer out of Delaware). "Appropriate considerations include the location of a product's development, testing, research and production. Also relevant is the place where marketing and sales decisions were made, rather than where limited sales activity has occurred." *Ricoh*, 817 F. Supp. 473 at 482, n.17 (citations omitted).

Here, an overwhelming portion of the "development, testing, research, and production" of the accused products occurred within the Northern District of California. ██

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████     ██████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████ Accordingly, and considering the negligible connection of this

case to the District of Delaware, this factor weighs heavily in favor of transfer. *See, e.g., Nilssen*,

2001 WL 34368395 at *2.

Finally, an overwhelming portion of the documentary evidence for this case is

located in the Northern District of California. "In patent infringement cases, the bulk of the

relevant evidence usually comes from the accused infringer. Consequently, the place where the

defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech,*

*Inc.,* 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325,

330 (E.D.N.Y. 2006)). ████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████      ████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████ (Becker Decl. ¶¶ 4-5, Goren Decl. ¶¶ 4-6.)

Finally, as previously discussed, substantial third party documentary evidence maintained by the

inventors and prosecutors of the patents-in-suit and potentially invalidating prior art is likely

located in or near the Northern District of California. Accordingly, because no known sources of

proof are located within the District of Delaware, this convenience factor again weighs heavily in

favor of transfer. *See In re Acer Corp.*, 626 F.3d at 1256 (reversing denial of transfer based in

part on the convenience of the parties and witnesses and location of sources of proof in the

transferee district); *Arrow Comm'n Labs. v. John Mezalingua Assocs., Inc.*, 2005 WL 2786691, at *3 (D. Del. Oct. 26, 2005) (granting motion to transfer where the "majority of the witnesses with discoverable information" and the "documents relating to the production, promotion, marketing and sales of the accused products" are located in the transferee district).

In sum, each of the private interest factors, with the exception of IV's apparent preference to litigate away from its "home turf," weigh heavily in favor of transfer to the Northern District of California.  IV can therefore articulate no private interest justification for maintaining its case in this District.

**C.      The Relevant Public Interest Factors Each Heavily Weigh in Favor of Transfer**

The relevant public interest factors—including the practical considerations that could make the trial easier, quicker, or less expensive—heavily weigh in favor of a transfer.  As is clear from the discussion above, the relevant documents and witnesses are almost entirely located in or close to the Northern District of California, and all the parties are headquartered either in California or on the West Coast.  *See* Section 3, *supra*.  Transfer to the Northern District of California will therefore lessen the expense and disruption to the parties' business operations.  *See Illumina, Inc. v. Complete Genomics, Inc.*, 2010 WL 4818083, at *6 (D. Del. Nov. 9, 2010) (considering the "convenience of witnesses and parties" and "the physical distance of the parties to Delaware" and finding "the practical considerations heavily favor transfer" where the evidence, witnesses and parties' businesses were located in the transferee district).

Moreover, granting this motion promotes judicial economy.  The pending Xilinx California Action involves four of the five patents in this action, and will thus necessarily involve an overlap of issues that will arise in this action, including claim construction and patent invalidity.  If the Court denies this motion, there is a substantial likelihood that this Court and the

court in the California Action will address at least these same issues. Beyond the duplication of effort and resulting waste of judicial resources, however, is the prospect that the two courts could arrive at different substantive conclusions as to the parties' disputes.

If this action is transferred, it will likely be deemed related to the existing California Action. *See* N.D. Cal. Civ. L.R. 3-12(a) (action is related if it concerns substantially the same property, and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."). Transferring the case is therefore likely to conserve judicial resources and prevent duplicative litigation—and potentially contradictory rulings—in different forums on opposite sides of the country. This alone weighs heavily in favor of a transfer. *See Transcore, L.P. v. Mark IV Industries Corp*, 2009 WL 3365870, *6 (E.D. Pa. Oct. 15, 2009) ("The presence of a related action in the transferee forum is such a powerful reason to grant a transfer that courts do so even where other *Jumara* factors, such as the convenience of parties and witnesses, would suggest the opposite.") (citation omitted).

## V. CONCLUSION

For the foregoing reasons, Altera, Lattice, and Microsemi respectfully request that their motion be granted.

ASHBY & GEDDES

/s/ Steven J. Balick
_____

Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant*
*Lattice Semiconductor Corporation*

OF COUNSEL:

Alan H. Blankenheimer
Jo Dale Carothers
COVINGTON & BURLING LLP
9191 Towne Centre Drive, Sixth Floor
San Diego, CA 92122-1225
(858) 678-1800

Robert T. Haslam
Kurt G. Calia
COVINGTON & BURLING LLP
333 Twin Dolphin Drive Suite 700
Redwood Shores, CA 94065-1418
(650) 632-4700

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld
_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Altera Corporation*

OF COUNSEL:

William F. Lee
Lauren B. Fletcher
WILMER CUTLER PICKERING HALE
& DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Mark D. Selwyn
Joseph H. Haag
Evelyn C. Mak
WILMER CUTLER PICKERING HALE
& DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000

RICHARDS LAYTON & FINGER, P.A.

*/s/ Anne Shea Gaza*

---

Frederick L. Cottrell III (#2555)
Anne Shea Gaza (#4093)
920 North Market Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Microsemi Corporation*

OF COUNSEL:

Mark A. Samuels
Brian Berliner
Yixin Zhang
O'MELVENY & MYERS LLP
400 S. Hope Street, #1800
Los Angeles, CA 90071
(213) 430-6000

Michael Myers
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900

April 26, 2011
4220827

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2011, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Brian E. Farnan, Esquire
FARNAN LLP

Karen Jacobs Louden, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

I further certify that I caused copies of the foregoing document to be served on May 3,

2011, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| John M. Desmarais, Esquire<br>Michael P. Stadnick, Esquire<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY  10169<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Karen Jacobs Louden, Esquire<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Xilinx, Inc.* | *VIA ELECTRONIC MAIL* |
| Behrooz Shariati, Esquire<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA  94303<br>*Attorneys for Xilinx, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)