IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ALTERA CORPORATION, MICROSEMI CORPORATION, LATTICE SEMICONDUCTOR CORPORATION and XILINX INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 10-1065 (LPS) <br> ) <br> ) **REDACTED – PUBLIC VERSION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT XILINX, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS OR TRANSFER ALL CLAIMS FILED AGAINST XILINX, INC.**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP <br> Thomas C. Grimm (#1098) <br> Karen Jacobs Louden (#2881) <br> 1201 N. Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899-1347 |
| OF COUNSEL | (302) 658-9200 <br> tgrimm@mnat.com |
| Behrooz Shariati <br> JONES DAY <br> 1755 Embarcardero Road <br> Palo Alto, CA  94303 <br> (650) 739-3939 | klouden@mnat.com <br> *Attorneys for Defendant Xilinx Inc.* |

Originally Filed:  May 9, 2011
Redacted Version Filed:  May 13, 2011

TABLE OF CONTENTS

Page

INTRODUCTION ..........................................................................................................................1

ARGUMENT ..................................................................................................................................2

    I.    UNDER THIRD CIRCUIT LAW XILINX'S CALIFORNIA CASE IS THE FIRST-FILED CASE AND ABSENT EXTRAORDINARY CIRCUMSTANCES, XILINX'S CHOICE OF FORUM SHOULD BE RESPECTED ..........................................2

        A.    The First-Filed Rule Applies in Favor of the First Case Filed, Not the First Case Served ..............................................................2

        B.    IV Has Attempted to Manufacture a Jurisdictional Problem To Avoid Application of the First-Filed Rule .............................................3

        C.    IV Has Not Established That the California DJ Action is an Improper Anticipatory Suit .........................................................................6

        D.    Departure From the First-Filed Rule Will Not Result in Judicial Economy or Avoidance of Inconsistent Adjudications .......................................................................................7

    II.    XILINX HAS DEMONSTRATED THAT CALIFORNIA IS THE MORE CONVENIENT FORUM ..........................................................................8

        A.    IV's Choice of Forum Should Be Given Little Weight ..............................8

        B.    Convenience of Non-Party Witnesses Overwhelmingly Favors California .........................................................................................9

CONCLUSION ..............................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Asten Inc. v. Weavexx Corp.*,
  No. 99-593 GMS, 2000 WL 1728354 (D. Del. Feb. 11, 2000) ............................................. 2, 3

*Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*,
  142 F.3d 1266 (Fed. Cir. 1998) .......................................................................................... 3, 4

*Downing v. Globe Direct LLC*,
  Civil Action No. 09-693(JAP), 2010 WL 2560054 (D. Del. June 18, 2010) .......................... 9

*EEOC v. Univ. of Pennsylvania*,
  850 F.2d 969 (3rd Cir. 1988) .................................................................................................. 2

*IMS Health, Inc. v. Vality Tech. Inc.*,
  59 F. Supp. 2d 454 (E.D. Pa. 1999) .................................................................................... 2, 6

*Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*,
  Case No. 1:10-cv-01067- LPS (D. Del. April 15, 2011) ..................................................... 8, 9

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, ............................................................. 6
  544 F. Supp. 2d 949, 960 (N.D. Cal. 20081. 2008)

*Jefferson Ward Stores, Inc. v. Doody Co.*,
  560 F. Supp. 35 (E.D. Pa. 1983) ............................................................................................. 5

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
  77 F. Supp. 2d 505 (D. Del. 1999) .......................................................................................... 9

*Miteq Inc. v. Comtech Telecomms. Corp.*,
  No. Civ. A. 02-1336-SLR, 2003 WL 179991 (D. Del. Jan. 23, 2003) ................................ 2, 3

*Nilssen v. Osram Sylvania, Inc.*,
  No. Civ. A. 00-695-JJF, 2001 WL 34368395 (D. Del. May 1, 2001) .................................... 9

*Peregrine Corp v. Peregrine Industries, Inc.*,
  769 F. Supp. 169 (E.D. Pa. 1991) .................................................................................. 2, 3, 7

*Pittsburgh Logistics Sys., Inc. v. CR England, Inc.*,
  669 F. Supp. 2d 613 (E.D.Pa. 2009) ...................................................................................... 6

*Xilinx, Inc. v. Invention Investment Fund I LP*,
Case No. 5:11-cv-00671-SI (N.D. Cal. Apr. 11, 2011 ............................................................ 3

*Xilinx Inc. v. LSI Corp*,
Case No. 1:09-cv-00886-MMB (N.D. Cal.) ........................................................................... 9

## INTRODUCTION

Defendant Xilinx, Inc. ("Xilinx") submits this Reply Memorandum in support of its Motion to dismiss Plaintiffs' claims against it, or in the alternative to transfer those claims to the Northern District of California where Xilinx's first-filed Declaratory Judgment Complaint against Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "IV") is pending.

IV cannot dispute that Xilinx filed its complaint first nor can it dispute that IV amended its complaint in this action to add Xilinx as a Defendant only after, *and in response to*, Xilinx's first-filed complaint in the Northern District of California. Instead, IV presents a hodge-podge of arguments. For example, IV flouts this Court's precedent by attempting to morph the "first filed" rule into a "first served" rule. Next, IV urges this Court to simply accept IV's challenge to personal jurisdiction in California as *fait accompli*. This argument fails since the mere existence of the challenge itself does not negate Xilinx's earlier filing date. Next, IV claims that Xilinx jumped the gun and filed the California lawsuit before a February 28th deadline set by IV. But IV cannot present any actual evidence that the February 28th deadline was for filing suit rather than negotiation bluster. Finally, IV attempts to argue that splitting a single sixteen-patent case into a four-patent case to be tried in Delaware, far from the principal places of business of all the parties involved, and a twelve-patent case to be tried in California would be more efficient than trying a single case in California covering all the parties and patents. IV's arguments should be rejected and Xilinx's Motion should be granted.

## ARGUMENT

I. UNDER THIRD CIRCUIT LAW XILINX'S CALIFORNIA CASE IS THE FIRST-FILED CASE AND ABSENT EXTRAORDINARY CIRCUMSTANCES, XILINX'S CHOICE OF FORUM SHOULD BE RESPECTED

IV does not dispute that Xilinx's California Declaratory Judgment Complaint was filed before IV amended its Complaint in this action to add Xilinx. Nor does IV dispute that the two cases involve the same patents and the same issues. Under these undisputed facts, the burden is on IV to prove that exceptional circumstances exist warranting a departure from the well-settled first-filed rule. *See Miteq Inc. v. Comtech Telecomms. Corp.*, No. Civ. A. 02-1336-SLR, 2003 WL 179991, at *2 (D. Del. Jan. 23, 2003) ("In this case, it is undisputed that the first-filed case in Arizona and the present case involve the same patent and the same issues. Therefore, the burden is on plaintiff to present some exceptional circumstances why the court should depart from the first-filed rule."). "[C]ourts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." *IMS Health, Inc. v. Vality Tech. Inc.*, 59 F. Supp. 2d 454, 463 (E.D. Pa. 1999) (quoting *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 972, 979 (3rd Cir. 1988) (internal quotes omitted). IV has failed to meet this burden.

    A.    The First-Filed Rule Applies in Favor of the First Case Filed, Not the First Case Served

IV's attempt to create a "first-served" rule is contrary to the law of this Court and this Circuit. As this Court has concluded, "the first-filed rule gives priority to an earlier filed complaint even if a later filed complaint is first served." *Asten Inc. v. Weavexx Corp.*, No. 99-593 GMS, 2000 WL 1728354, at *3 (D. Del. Feb. 11, 2000) (agreeing with the conclusion reached by the court in *Peregrine Corp. v. Peregrine Indus., Inc.*, 769 F. Supp 169 (E.D. Pa.

1991) and noting that the rule "also appears to be the majority view in other circuits."). Under this clear rule, the fact that Xilinx's Declaratory Judgment Complaint was served after IV amended its Complaint in this action is irrelevant. Indeed, "[i]n applying the [first-filed] rule, the Third Circuit has never focused on the dates that complaints were served, or, more generally, the dates on which personal jurisdiction was established." *Asten Inc.* 2000 WL 1728354, at *2. Xilinx's California action is the first-filed action regardless of the service sequence.

> B. IV Has Attempted to Manufacture a Jurisdictional Problem
> To Avoid Application of the First-Filed Rule

IV's repeatedly claims that Xilinx's California Complaint "suffers fatal standing and personal jurisdiction defects" (Opp'n at 2.) as if repeating that mantra would make it so. In its California motion, that is not even fully briefed yet, IV's main argument appears to be that "given that Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC are Delaware limited liability companies that were formed in December 2010, barely four months ago, ***and have conducted no business in California***, the allegations in Xilinx's Complaint do not remotely approach a *prima facie* showing of personal jurisdiction." (IV Motion to Dismiss (*Xilinx, Inc. v. Invention Investment Fund I LP*, Case No. 5:11-cv-00671-SI (N.D. Cal. Apr. 11, 2011), D.I. No. 39 at 9-10 (bold emphasis added)).)

By relying on mere allegations and arguments in another motion in another case, IV has already failed to carry its burden to show that this case is an exception to the well established first-filed rule. *See Miteq*, 2003 WL 179991, at *2. But even if this Court were to look behind these assertions, it would find that they are based on the fiction that IV Management and Intellectual Ventures I and II are separate and distinct entities. In effect, IV Management is improperly attempting to hide behind its affiliates Intellectual Ventures I and II to avoid personal jurisdiction in California where IV Management operates a business office. *See Dainippon*

*Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1271 (Fed. Cir. 1998) (imputing personal jurisdiction to subsidiary patent holding company where parent company actively attempted to negotiate the license within the jurisdiction and the agents of the parents who were involved with the negotiations were employed by or held positions with both the parent and subsidiary).

Moreover, IV's licensing discussion with Xilinx show that there is no firewall between these affiliated entities. IV Management admits in its complaint that "[a] significant aspect of Intellectual Ventures[] [Management's] business is managing the two plaintiffs in this case, Plaintiff Intellectual Ventures I and Plaintiff Intellectual Ventures II." (D.I. 17 at 4.) Outside this motion, the three IV entities involved do not behave as if there is any distinction between IV Management and Plaintiffs Intellectual Ventures I and Intellectual Ventures II. (*See, e.g.*, Opp'n at 2 (admitting it was IV Plaintiffs and not IV Management that imposed the February 28, 2011 negotiating deadline); Shariati Decl. at Ex. 3, Fact Sheet for Complaints Filed December 8, 2010 released by Intellectual Ventures Management on their website (admitting that *Intellectual Ventures* has filed three complaints against nine companies, including the instant action and providing a contact email at IV Management for press inquiries).) REDACTED

The same individuals have key roles at the three companies. For example, Greg Gorder is founder and vice chairman at IV Management and Managing Director of

---

[1] On December 7, 2010, U.S. Patent No. 5,687,325, U.S. Patent No. 6,260,087, U.S. Patent No. 6,993,669, and U.S. Patent No. 6,272,646 were assigned to either Intellectual Ventures I LLC or Intellectual Ventures II LLC as currently recorded by the USPTO at http://assignments.uspto.gov/assignments/?db=pat.

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (Shariati Decl., Exs. 4, 5 and 6, Bio Detail for Greg Gorder, Certificate of Merger for Intellectual Ventures I LLC, and Certificate of Merger for Intellectual Ventures II, respectively); David Dutcher is Director of Prosecution for Intellectual Ventures (the company Plaintiffs refer to as IV Management) and has power of attorney for Plaintiffs Intellectual Ventures I and Intellectual Ventures II (Shariati Decl., Exs. 7 and 8 David Dutcher LinkedIn profile and USPTO Powers of Attorney, respectively). Given the amount of overlap between the three IV entities, and the fact that at least one of the three entities has an office in the Northern District of California, the likelihood of success on a challenge to personal jurisdiction is extremely slim. Given the facts here, IV's reliance on *Jefferson Ward Stores, Inc. v. Doody Co.*, 560 F. Supp. 35 (E.D. Pa. 1983) to overcome the first-filed rule is misplaced. In *Doody*, defendant moved to dismiss, stay or transfer the action in favor of its earlier filed suit in Ohio. Plaintiffs opposed the motion arguing, *inter alia*, that the Ohio court lacked personal jurisdiction over them. The court denied the motion noting that defendant wholly failed to address in its submissions the jurisdictional issues raised by plaintiffs: because "plaintiffs' submissions do raise a serious question as to [the Ohio] court's jurisdiction" which went unaddressed by defendants, it is no surprise the court denied their motion. *Id.* at 36. In contrast, Xilinx has addressed IV's jurisdictional issues.

Here IV has alleged, without any support, that the California Court does not have "undisputed jurisdiction over the parties and issues in dispute." (Opp'n at 6.) However, as discussed above, unlike the defendants in *Doody*, Xilinx has addressed IV's jurisdictional issues in this Reply and exposed them for what they are–unsupported allegations made to avoid the application of the well-settled first-filed rule.

      C.      IV Has Not Established That the California DJ Action is an Improper Anticipatory Suit

IV's repeated labeling of Xilinx's Declaratory Action as an "anticipatory suit" does not make it so. Under established Third Circuit law, the anticipatory suit exception applies only where a party threatens legal action and articulates a specific deadline by which that party intends to take legal action. The exception does not apply when, as here, the declaratory judgment action was filed in response to failed negotiations. *IMS Health*, 59 F. Supp. 2d at 464.

IV has admitted that when Xilinx filed its Declaratory Action in California, IV was not intending to file suit and only filed its Amended Complaint to add Xilinx as a defendant in this action *in response* to Xilinx's filing suit first. (D.I. 41-2.) Since IV did not intend to take legal action when Xilinx filed its Declaratory Judgment Complaint, there was nothing for Xilinx to anticipate. *See Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 623 (W.D. Pa. 2009) ("A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." (quoting *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008))). Unlike the defendant in that case, IV has provided no evidence that the "deadline" of February 28 to conclude the negotiations was presented to Xilinx as the date IV was going to file suit. (Opp'n at 2.). Indeed all indications were to the contrary, signaling a desire to continue discussions rather than engage in litigation. (D.I. 41-42.) ("Intellectual Ventures has been in licensing negotiations with Xilinx for some time. Declaratory judgment actions such as the one Xilinx filed are a possibility for any patent owner in licensing negotiations."); *see also IMS Health*, 59 F. Supp. 2d at 464 (finding no anticipatory filing when the adverse party had continued negotiations without having given an explicit deadline before which it would file suit).

- 6 -

IV has additionally alleged that, "[r]ather than serve its declaratory-judgment complaint, however, Xilinx attempted to employ its filing and potential service as a lever to force concessions from IV Management." (Opp'n at 2.) At least one other district court facing very similar facts has rejected the claim IV is making here that Xilinx's purported delay in serving its California complaint was done in bad faith. In *Peregrine Corp v. Peregrine Industries, Inc.*, 769 F. Supp. 169 (E.D. Pa. 1991), a case cited by IV, Plaintiff Peregrine Corporation ("TPC") and Defendant Peregrine Industries ("PII") had engaged in months of fruitless negotiations. The *Peregrine* Court rejected the argument that PII's delay in serving the complaint was done in bad faith because PII did not serve the complaint while negotiations were proceeding, and because waiting to serve may have been a tactical decision which does not amount to bad faith. *Id.* at 173.

REDACTED

Neither Xilinx's filing of the California Complaint, nor any delay in serving that complaint would justify the application of the anticipatory suit exception.

### D. Departure From the First-Filed Rule Will Not Further Judicial Economy or Avoid Inconsistent Adjudications

IV's claim that "Xilinx's requested dismissal of this action would spawn duplicative litigation concerning the four Patents-in-Suit that overlap between this litigation and the California Action" (Opp'n at 8) completely misses two significant points. First, transferring IV's claims against Xilinx to be consolidated with the first-filed action in California actually

*eliminates* the potential duplication that was caused by IV's second-filed amended complaint. If this Court does not grant Xilinx's Motion, and dismiss or transfer the claims against it, then these parties may potentially have to litigate these claims both in this Court and in California. By contrast, if this Court grants Xilinx's Motion, then the infringement claims in both cases between these parties will only be litigated once. Second, while granting Xilinx's Motion alone would not dispose of the litigation between IV and the other defendants in this action, all the other defendants have filed a motion to transfer the remaining claims to the Northern District of California. If the Court also grants that motion, there will be no duplication of any litigation.

## II. XILINX HAS DEMONSTRATED THAT CALIFORNIA IS THE MORE CONVENIENT FORUM

Having shown that it is the Plaintiff in the first-filed case, pursuant to the first-filed rule, Xilinx's choice of forum should be entitled to deference. However, even if this Court were to disregard the first-filed rule, IV's choice of forum should be given little weight because Xilinx has established that the *Jumara* factors weigh heavily in favor of transfer to California.

### A. IV's Choice of Forum Should Be Given Little Weight

IV's assertion that "this District's connection to this dispute is significant" (Opp'n at 14) is wrong for a number of reasons. First, IV incorporated in this district on November 9, 2010, less than one month before it filed suit against the other defendants in this case[2]. Second, neither IV nor Xilinx (nor any of the other defendants) have any apparent operations in Delaware. (*See* Intellectual Ventures I LLC's Opposition to Defendants' Joint Motion to Transfer Venue; *Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*, Case No. 1:10-

---

[2] Indeed, the IV Plaintiffs in this suit did not have standing to bring this suit before December 7, 2010, when the patents in suit were allegedly transferred to them by another entity. *See, supra* n.1.

cv-01067- LPS, (D. Del. April 15, 2011), D.I. 60 at 4.) Third, the alleged infringement in this action has no specific connection to this district. (Liu Motion Decl., D.I. 42.) Because IV chose to litigate in Delaware, rather than in either its principal place of business or where the alleged infringement took place, IV's choice of forum should be afforded little weight in the Court's analysis. *See Downing v. Globe Direct LLC*, Civil Action No. 09-693(JAP), 2010 WL 2560054, at *3-4 (D. Del. June 18, 2010) (granting motion to transfer to Massachusetts and noting that "[t]he only connection this matter has to the present forum is that Defendant is organized under the laws of Delaware. However, it is clear that this is not dispositive of a motion to transfer.").

Nor do Xilinx's previous arguments in *Xilinx Inc. v. LSI Corp*, Case No. 1:09-cv-00886-MMB (N.D. Cal.) conflict with their arguments here. IV's selective editing omitted the statement that in *that case* Delaware was the more appropriate and more convenient forum as compared to the Southern District of New York.

B. Convenience of Non-Party Witnesses Overwhelmingly Favors California

Xilinx has also carried its burden on the convenience of non-party witnesses. "A party need not allege that a witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue transfer analysis if the witness is not subject to a court's subpoena power." *Nilssen v. Osram Sylvania, Inc.*, No. Civ. A. 00-695-JJF, 2001 WL 34368395, *2 (D. Del. May 1, 2001) (citing *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 510 (D. Del. 1999)). Here, Xilinx clearly established that the majority of non-party witnesses are located well outside the subpoena power of this Court. (Xilinx Opening Br. at 15 n.6; Shariati Decl. ¶ 11.) In addition to witnesses, several key sources of proof are "unavailable" as well. Specifically, for technical reasons, design documentation and other key technical documents related to the accused product are not simply copied and delivered, but

rather must be made available to the opposing party via a hosted review at our San Jose, California headquarters or at the offices of the outside counsel in Palo Alto, California using the proper hardware and software. (Liu Decl. ¶ 6-8.)

IV's argument in opposition rests primarily on its claim that if Xilinx's motion were to be granted "these very [non-party] witnesses will be required in Delaware regardless because the IV Plaintiffs' claims regarding the four patents asserted against Xilinx will still move forward against Altera, Lattice, and Microsemi in this District." (Opp'n at 18.) Given this argument, it is not surprising that IV buried the only mention to the pending motions to transfer by the remaining defendants in footnote 3 on page 9 of its Opposition. Despite IV's claims otherwise, transferring the case to California would not simply shift the burden from Xilinx to the shoulders of third party witnesses. If the Court *does not* transfer IV's claims against Xilinx to California, then the two suits could potentially proceed separately, depending on the decision of the California court. The only way this Court can be certain that non-party witnesses are not burdened by having to testify in two actions is to grant all the transfer motions and transfer this case to where it should have been brought in the first place, the Northern District of California.

## CONCLUSION

For the reasons set forth above, Xilinx respectfully requests that the Court grant its Motion to Dismiss or Transfer

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Thomas C. Grimm* |
| OF COUNSEL | Thomas C. Grimm (#1098) |
|  | Karen Jacobs Louden (#2881) |
| Behrooz Shariati | 1201 N. Market Street |
| JONES DAY | P.O. Box 1347 |
| 1755 Embarcardero Road | Wilmington, DE 19899-1347 |
| Palo Alto, CA 94303 | (302) 658-9200 |
| (650) 739-3939 | tgrimm@mnat.com |
|  | klouden@mnat.com |
|  | *Attorneys for Defendant Xilinx Inc.* |

May 9, 2011
4241686

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants:

I further certify that I caused copies of the foregoing document to be served on May 13, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan<br>FARNAN LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| John M. Desmarais<br>Michael P. Stadnick<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY  10169<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| David Goren<br>MICROSEMI CORPORATION<br>2381 Morse Avenue<br>Irvine, CA  92614 | *VIA ELECTRONIC MAIL* |
| Steven J. Balick<br>Tiffany Geyer Lydon<br>Andrew C. Mayo<br>ASHBY & GEDDES<br>500 Delaware Avenue – 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Lattice Semiconductor Corporation* | *VIA ELECTRONIC MAIL* |

Alan H. Blankenheimer  VIA ELECTRONIC MAIL
Jo Dale Carothers
COVINGTON & BURLING LLP
9191 Towne Centre Drive
Sixth Floor
San Diego, CA  92122-1225
*Attorneys for Lattice Semiconductor*
*Corporation*

Robert T. Haslam  VIA ELECTRONIC MAIL
Kurt G. Calia
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA  94065-1418
*Attorneys for Lattice Semiconductor*
*Corporation*

Frederick L. Cottrell  VIA ELECTRONIC MAIL
Anne Shea Gaza
RICHARDS LAYTON & FINGER, P.A.
920 N. Market Street
One Rodney Square
Wilmington, DE  19801
*Attorneys for Microsemi Corporation*

Mark A. Samuels  VIA ELECTRONIC MAIL
Brian Berliner
Yixin Zhang
O'MELVENY & Myers LLP
400 S. Hope Street, #1800
Los Angeles, CA  90071
*Attorneys for Microsemi Corporation*

Michael Myers  VIA ELECTRONIC MAIL
O'MELVENY & Myers LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA  92660
*Attorneys for Microsemi Corporation*

2

3

Jack B. Blumenfeld  *VIA ELECTRONIC MAIL*
Ramy E. Hanna
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
*Attorneys for Altera Corporation*

William F. Lee  *VIA ELECTRONIC MAIL*
Lauren B. Fletcher
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, MA  02109
*Attorneys for Altera Corporation*

Mark D. Selwyn  *VIA ELECTRONIC MAIL*
Joseph H. Haag
Evelyn C. Mak
WILMER CUTLER PICKERING HALE
  & DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Altera Corporation*

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

4241686