IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ALTERA CORPORATION, MICROSEMI<br>CORPORATION, LATTICE<br>SEMICONDUCTOR CORPORATION and<br>XILINX, INC.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 10-1065 (LPS)<br>)<br>) **REDACTED – PUBLIC VERSION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS ALTERA CORPORATION, MICROSEMI CORPORATION,
AND LATTICE SEMICONDUCTOR CORPORATION'S REPLY BRIEF IN
SUPPORT OF THEIR MOTION TO TRANSFER VENUE
TO THE NORTHERN DISTRICT OF CALIFORNIA**

ASHBY & GEDDES
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant
Lattice Semiconductor Corporation*

OF COUNSEL:

Alan H. Blankenheimer
Jo Dale Carothers
COVINGTON & BURLING LLP
9191 Towne Centre Drive, Sixth Floor
San Diego, CA 92122-1225
(858) 678-1800

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Altera Corporation*

OF COUNSEL:

William F. Lee
Lauren B. Fletcher
WILMER CUTLER PICKERING HALE
& DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

| | |
|---|---|
| Robert T. Haslam | Mark D. Selwyn |
| Kurt G. Calia | Joseph H. Haag |
| COVINGTON & BURLING LLP | Evelyn C. Mak |
| 333 Twin Dolphin Drive Suite 700 | WILMER CUTLER PICKERING HALE |
| Redwood Shores, CA  94065-1418 | & DORR LLP |
| (650) 632-4700 | 950 Page Mill Road |
| | Palo Alto, CA  94304 |
| | (650) 858-6000 |

RICHARDS LAYTON & FINGER, P.A.
Frederick L. Cottrell III (#2555)
Anne Shea Gaza (#4093)
920 North Market Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Microsemi Corporation*

OF COUNSEL:

Mark A. Samuels
Brian Berliner
Yixin Zhang
O'MELVENY & MYERS LLP
400 S. Hope Street, #1800
Los Angeles, CA 90071
(213) 430-6000

Michael Myers
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900

May 31, 2011

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I. INTRODUCTION ............................................................................................................ 1

II. ARGUMENT .................................................................................................................... 1

    A. The Existence Of The Related Xilinx California Action Strongly Favors Transfer…………………………………………………………………………… 1

    B. IV's Forum Selection Is Not A "Paramount" Consideration. ............................... 2

        1. Mere Incorporation In Delaware Does Not Invoke The "Paramount Consideration" Standard. ........................................................................... 3

        2. Nationwide Sales, Including Limited Activity In The Forum, Does Not Invoke the "Paramount Consideration" Standard. ..................................... 5

    C. The Private Interest Factors Strongly Weigh In Favor of Transfer. ....................... 6

        1. Defendants Are Not Required To Demonstrate A "Unique Or Unusual Burden." ..................................................................................................... 6

        2. Third Party Witnesses Outside The Subpoena Power Of This District Are "Unavailable" As A Matter of Law. ............................................................ 7

            a) Prosecuting Attorneys, Inventors, And Assignees Are Routinely Key Third Party Witnesses In Patent Cases. .................................. 8

            b) The Fact That A Small Number Of, At Best, Marginally Relevant Potential Third party Witnesses Reside "Closer" To Delaware Is Insignificant. ................................................................................... 9

        3. IV Seeks To Essentially Bar Delaware Corporations Not Strictly "Regional" In Nature From Transferring Out Of This District ................. 10

III. CONCLUSION ............................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

Federal Cases

*Angiodynamics v. Vascular Solutions, Inc.*
   2010 WL 3037478 (D. Del. July 30, 2010) .......................................................................4, 8

*Boram Pharm. Co. v. Life Tech. Corp.*
   2010 WL 280272 (D. Del. July 14, 2010) ....................................................................3 n.1, 7

*Bristol-Myers Squibb Co. v. Andrx Pharmas., LLC*
   2003 WL 22888804 (S.D.N.Y. Dec. 5, 2003) .........................................................................5

*Carl Zeiss Meditec, Inc. v. XOFT, Inc.*
   2010 WL 4024603 (D. Del. Oct. 13, 2010) .............................................................................7

*Illumina, Inc. v. Complete Genomics, Inc.*
   2010 WL 4818083 (D. Del. Nov. 9, 2010) ......................................................... 3 n.1, 4, 7,8, 10

*In re TS Tech*
   551 F.3d 1315 (Fed. Cir. 2008) ................................................................................................5

*In re Zimmer Holdings, Inc.*
   609 F.3d 1378 (Fed. Cir. 2010) ................................................................................................3

*Kirschner Bros. Oil, Inc. v. Pannill*
   697 F. Supp. 804 (D. Del. 1988) ..............................................................................................3

*Mekiki Co., Ltd. v. Facebook, Inc.*
   2010 WL 2348740 (D. Del. June 7, 2010) ................................................................2, 3, 7, 10

*Nilssen v. Osram Sylvania*
   2001 WL 34368395 (D. Del. May 1, 2001) ............................................................................6

*Pfizer Inc. v. Apotex*
   2009 WL 284328 (D. Del. Aug. 13, 2009) ..............................................................................5

*Refined Recommendation Corp. v. Netflix, Inc.*
   2008 WL 474106 (D. N.J. Feb. 15, 2008) ...............................................................................6

*Ricoh Co. v. Honeywell, Inc.*
   817 F. Supp. 473 (D. N.J. 1993) ..............................................................................................6

*Schering Corp. v. Amgen Inc.*
   969 F. Supp. 258 (D. Del. 1997) ..........................................................................................5, 8

*Teleconference Sys. v. Procter & Gamble Pharms., Inc.*
   676 F. Supp. 2d 321 (D. Del. 2009) ..................................................................................3, 9

*Tradimpex Egypt Co. v. Biomune Co.*
   2011 WL 1447553 (D. Del. Apr. 14, 2011) ............................................................................6

*Transcore, L.P. v. Mark IV Industries Corp.*
   2009 WL 3365870 (E.D. Pa. Oct. 15, 2009) ......................................................................1, 2

*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*
   775 F. Supp. 759 (D. Del. 1991) ............................................................................................4

## I. INTRODUCTION

In opposing transfer to a forum indisputably more convenient for all parties, IV points to no connection between the defendants and this District other than as their place of incorporation. In addition, IV points to no connection between the operative facts of this patent case and this District other than that the defendants sell products nationwide, including in Delaware. As numerous cases make clear, these are insufficient grounds to support IV's chosen forum where IV cannot claim this District as its "home turf" and the private and public interest factors overwhelmingly favor transfer to the Northern District of California.

## II. ARGUMENT

### A. The Existence Of The Related Xilinx California Action Strongly Favors Transfer

IV does not dispute that if this action is transferred, it will almost certainly be deemed related to the pending California action between Xilinx and IV (the "California Action"), which involves four of the five patents-in-suit in this action. Transfer will avoid duplication of judicial effort and the risk of inconsistent rulings on all substantive issues. Given these considerations of judicial economy, the presence of the related California Action in the Northern District of California ("NDCA") is alone sufficient reason to grant transfer. *See Transcore, L.P. v. Mark IV Industries Corp.*, 2009 WL 3365870, at *6 (E.D. Pa. Oct. 15, 2009) (transfer appropriate based on presence of related action in transferee forum "even where the other *Jumara* factors, such as the convenience of parties and witnesses, would suggest the opposite").

IV asserts that judicial economy weighs against transfer because "significant doubts exist as to jurisdiction in the California Action." (D.I. 44 at 17.) But IV's principal argument in favor of dismissing the California Action—that the IV entities that own some of the patents-in-suit

were not named as defendants—does not even apply to the four patents common to this action and the California Action. (*See* D.I. 48, Modi Decl. Ex. B at 5-7.)

IV's motion to dismiss the California Action also raises questions regarding personal jurisdiction. (*See id.* at 8.) IV does not and cannot assert that the NDCA actually lacks jurisdiction over it, however. (*Id.*) Instead, IV asserts that Xilinx's complaint for declaratory judgment lacks sufficient detail to establish personal jurisdiction. (*Id.*) Even if true, Xilinx's complaint could easily be amended to identify facts more than adequate to demonstrate that IV is subject to personal jurisdiction in the NDCA. *See* Fed. R. Civ. P. 15(a) (stating that leave to amend should be freely granted). For example, IV maintains an office in Silicon Valley, and ▮

▮

(D.I. 44 at 6; Case No. 3:11-cv-671-SI (N.D. Cal.), D.I. 58 at 14.) The Court should reject IV's assertion that significant doubt exists regarding jurisdiction in the California Action.

Finally, IV argues that the Court should deny transfer in order to guarantee that all claims move forward in one forum. (D.I. 62 at 17.) This assertion is plainly incorrect because there is a substantial likelihood that the NDCA will deny IV's motion to dismiss and allow Xilinx's first-filed claims to proceed there. By transferring this action to the NDCA, the Court can ensure that all pending claims between IV and the defendants will proceed in the same forum.

**B.  IV's Forum Selection Is Not A "Paramount" Consideration**

IV misstates the weight that the Court should accord to IV's forum selection. "The rule deferentially viewing a plaintiff's choice of forum is premised on an assumption that a home forum is inherently more convenient than a transferee forum." *Mekiki Co., Ltd. v. Facebook, Inc.*, 2010 WL 2348740, at *3 (D. Del. June 7, 2010) (citing *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 634 (3d Cir. 1989)). "[W]hen a Plaintiff's choice of forum is not its 'home turf' and one which has no connection to the operative facts of the lawsuit, 'the convenience to

the plaintiff of litigating in his chosen forum is not as great and this reduction in convenience lessens the defendant's burden to show that the balance of convenience favors transfer.'" *Id.* (quoting *Kirschner Bros. Oil, Inc. v. Pannill*, 697 F. Supp. 804, 806 (D. Del. 1988)); *id.* at *4 ("it is clear that a party's incorporation in Delaware is not dispositive of a motion to transfer"). Given that this District is neither IV's "home turf" nor connected to the operative facts in a meaningful way, IV's forum choice deserves little, if any, weight in the § 1404(a) analysis.

### 1. Mere Incorporation In Delaware Does Not Invoke The "Paramount Consideration" Standard

IV erroneously contends that incorporation in Delaware is alone sufficient to invoke the "paramount consideration" standard. (D.I. 62, at 6-10.) But multiple recent cases make clear that mere incorporation of one or more of the parties in this forum does not justify denial of transfer to a more convenient venue.[1]

This District cannot be considered IV's "home turf" merely because—less than a month before filing suit—it incorporated in Delaware. *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) (ordering transfer where plaintiff's presence in its chosen forum was "recent, ephemeral, and an artifact of litigation"). "[U]nder § 1404(a) 'home turf' refers to a corporation's principal place of business." *Teleconference Sys. v. Procter & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 329-30 (D. Del. 2009). IV's argument to the contrary ignores the underlying premise behind the heightened degree of deference afforded to a company that elects

---

[1] *See, e.g., Illumina, Inc. v. Complete Genomics, Inc.*, 2010 WL 4818083 (D. Del. Nov. 9, 2010) (transferring action where both plaintiffs and defendants were incorporated in Delaware but the operative facts occurred outside Delaware and parties did not maintain a physical presence in Delaware); *Angiodynamics v. Vascular Solutions, Inc.*, 2010 WL 3037478, at *2 (D. Del. July 30, 2010) (granting motion to transfer despite plaintiff's incorporation in Delaware); *Boram Pharm. Co. v. Life Tech. Corp.*, 2010 WL 2802727, at *1 (D. Del. July 14, 2010) (granting motion to transfer where defendant was a Delaware corporation and plaintiff elected to bring suit away from its "home turf"); *Mekiki*, 2010 WL 2348740 (transferring action where only connection to forum was defendant's incorporation in Delaware).

to litigate in its own "backyard," namely, that the plaintiff is selecting its forum for reasons of convenience. *See Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991) ("[W]here a plaintiff chooses to litigate away from its principal place of business, 'the quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer necessarily will be less than in the case where plaintiff's choice of forum is highly convenient to plaintiff.'" (citations omitted)). Here, IV does not dispute that its incorporation in Delaware bears no relationship to convenience.

In the alternative, IV argues that, even if Delaware is not its "home turf," its preference should nonetheless be afforded "paramount consideration" because incorporation in the forum gives rise to a "legitimate and rational basis" to sue in this District. (D.I. 62, at 7.) That argument fares no better. Again, the case law is clear that a "legitimate and rational" basis to sue in a forum does not alone give rise to the heightened "paramount" consideration standard. *Angiodynamics v. Vascular Solutions, Inc.*, 2010 WL 3037478, at *2 (D. Del. July 30, 2010) (not applying "paramount" consideration standard notwithstanding plaintiff's "legitimate and rational" basis to sue in a forum, and finding that "movant's burden . . . is somewhat lessened where, as here, the plaintiff has not filed suit in its 'home turf'") (citing *Waste Distillation*, 775 F. Supp. at 764). IV's argument to the contrary ignores that a plaintiff's choice of forum should receive, at most, diminished deference where it is neither convenient to its principal place of business nor connected in any way to the operative facts of the case. (D.I. 44, at 8-11); *see Illumina*, 2010 WL 4818083, at *7 (granting motion to transfer; "Other than the parties' incorporation, Delaware has a limited connection to this action. In contrast, the NDCA has a substantial connection to this litigation . . . is clearly more convenient than Delaware . . . and has usable subpoena power which may be necessary in this case.").

### 2. Nationwide Sales, Including Limited Activity In The Forum, Does Not Invoke the "Paramount Consideration" Standard

IV is wrong to suggest that the defendants' sales of allegedly "infringing products nationwide, including in Delaware" somehow creates a "meaningful connection" to this District. (D.I. 62, at 9.) The Federal Circuit has squarely rejected that argument. *See In re TS Tech,* 551 F.3d 1315 (Fed. Cir. 2008) ("Here, the vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the [transferor forum] have no more or less of a meaningful connection to this case than any other venue."). In support of its claim that minimal sales activity in the forum warrants application of the "paramount consideration" standard, IV cites *Schering Corp. v. Amgen Inc.* and *Pfizer Inc. v. Apotex*. Neither case supports IV's conclusion.

First, as in *TS Tech*, the *Schering* court addressed the issue of nationwide sales not in the context of private interest factors, but rather to whether a particular district maintains any local interest in resolving patent disputes. *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 269 (D. Del. 1997). The opinion, relating in relevant part only to the discussion of public interest factors, does not support IV's conclusion that minimal sales in the forum warrants a heightened degree of deference to its forum selection. *Id.* Second, IV cites to *Pfizer* for the proposition that its forum selection warrants paramount consideration because injury in patent infringement actions occur at the "place of an infringing sale." (D.I. 62, at 9); *Pfizer*, 2009 WL 2843288, at *3 (D. Del. Aug. 13, 2009). But IV conveniently overlooks the remainder of that court's analysis, which undermines the very point that IV tries to make:

> Moreover, we find ***more significant*** the location of the operative facts—the preparation and submission of the [drug application] giving rise to this action. . . . *Bristol-Myers Squibb Co. v. Andrx Pharmas., LLC,* WL 22888804, at *3 (S.D.N.Y. Dec. 5, 2003) (holding that in a patent infringement action based on an ANDA filing, ***the location of the operative facts is the location where the design and development of the infringing [product] occurred***).

*Id.* (emphasis added).

Accordingly, minimal sales activity in the forum does not warrant a heightened degree of deference where the operative facts – including the design and development of the accused devices – overwhelmingly took place in the NDCA.[2]

### C. The Private Interest Factors Strongly Weigh In Favor of Transfer

#### 1. Defendants Are Not Required To Demonstrate A "Unique Or Unusual Burden"

Misapplying a single passage in the *Tradimpex* case, IV claims that defendants' motion must be denied as they have failed to show that "litigating in Delaware would not pose any unique or undue burden." (D.I. 62, at 10.) The law requires no such demonstration, particularly where, as here, plaintiff's choice of forum is not afforded "paramount" consideration. While the *Tradimpex* court acknowledged the burden on defendants seeking transfer, it did not require a showing of a "unique or unusual" burden. Rather, the *Tradimpex* court acknowledged the balancing test set forth in *Jumara*, which weighs the public and private interests. *See Tradimpex Egypt Co. v. Biomune Co.*, 2011 WL 1447553, at *4 (D. Del. Apr. 14, 2011).[3]

---

[2] *See, e.g., Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481-82 (D. N.J. 1993) ("Disregarding [the plaintiff's] choice of forum is appropriate for an additional reason. When the central facts of a lawsuit occur outside the forum state, a plaintiffs' selection of that forum is entitled to less deference."); *Nilssen v. Osram Sylvania,* 2001 WL 34368395, at *2 n.4 (D. Del. May 1, 2001) ("Plaintiffs' contention that their 'claim arose' in Delaware, because some of Defendants' accused products are sold in Delaware, lacks merit. Defendants' products are sold nationwide; therefore, Delaware does not have any special 'connection' to the case that would weigh against the requested transfer."); *Refined Recommendation Corp. v. Netflix, Inc.*, 2008 WL 474106, at *4 (D. N.J. Feb. 15, 2008) ("operative facts" include "location of the product's development, testing, research and production, as well as where the marketing decisions are made, 'rather than where limited sales activity has occurred'").

[3] The transfer question in *Tradimpex* was a close one — (the public factors were neutral and the private factors weighed only slightly in favor transfer) — and the court thus concluded that the movant did not meet its burden to show transfer was warranted. *Id.* at *5. In contrast, as demonstrated in Defendants' Motion and this Reply, both the public and private factors weigh strongly in favor of transfer to the NDCA.

- 6 -

Ignoring the actual legal standard, IV seeks to apply an imaginary bar of a "unique or unusual burden" and argues that because defendants maintain global operations, it would not be sufficiently burdensome for defendants to litigate in Delaware. IV is incorrect, as defendants need only show that on balance the NDCA would be a more convenient forum. *See, e.g., Illumina,* 2010 WL 4818083, at *3 ("While it does not appear that litigating in Delaware would impose an undue financial burden on the parties, it is clear that litigating the action in the NDCA would minimize the cost and level of disruption on some of the day-to-day business operations caused by trial or other legal proceedings. Due to the parties' significant contacts with California, and minimal contacts with Delaware, there is no question that California is a more convenient forum."); *Boram Pharm.*, 2010 WL 2802727, at *1 ("The fact, as plaintiff notes, that the parties are large corporations and by implication can afford to indulge in litigation in this, the more expensive forum, is no reason for the court to countenance this indulgence.").

    **2.**    **Third Party Witnesses Outside The Subpoena Power Of This District Are "Unavailable" As A Matter of Law**

IV again overstates defendants' burden when it argues that the convenience of witnesses does not support transfer because defendants have failed to show that any non-party witnesses would be unable to attend trial in Delaware. (D.I. 62, at 12-13.) In considering the availability of witnesses for trial in one of the fora, courts focus not on their ability to attend trial (as any witness could voluntarily submit to a court's jurisdiction) but rather whether witnesses are outside the subpoena power of the district. *See, e.g., Carl Zeiss Meditec, Inc. v. XOFT, Inc.*, 2010 WL 4024603, at *2 (D. Del. Oct. 13, 2010) ("Substantive justice cannot be served when key witnesses are not within the subpoena power of the court in the chosen forum."); *Mekiki*, 2010 WL 2348740, at *4 ("Defendant acknowledges that there may be potential nonparty witnesses located in California which would be subject only to the subpoena power of that

court."); *Illumina*, 2010 WL 4818083, at *4 (finding that defendant had identified a non-party witness who "may be unavailable to testify in Delaware" due to his residency in California which made him "outside the subpoena power of the Delaware District Court."); *see also Schering Corp.*, 969 F. Supp. at 269 ("an assurance that a named inventor will appear at trial is not equivalent to having him subject to the subpoena power of the trial court."). Thus, the touchstone for witness availability is whether a witness is within the court's subpoena power.[4] Because defendants have shown that the majority of third party witnesses are outside this Court's subpoena power, they are properly deemed unavailable.

### a) Prosecuting Attorneys, Inventors, And Assignees Are Routinely Key Third Party Witnesses In Patent Cases

IV's protest that defendants failed to articulate the relevance of testimony from prosecuting attorneys, inventors, and assignees rings hollow, for these types of witnesses are routinely involved as key third party witnesses in patent litigation. *See, e.g.*, *Illumina, Inc.*, 2010 WL 4818083, at *4 (finding that the convenience of witnesses favored transfer where material third-party witnesses including the inventor, attorney and patent agent, and four key prior art witnesses were located within the NDCA and outside the subpoena power of the Delaware District Court). In this case, named inventors and prosecutors of four of the five patents-in-suit, and a substantial number of prior art inventors, including numerous inventors and authors of prior art asserted in the re-examinations of the '646, '325, '087, and '669 patents, are located in the NDCA. (Declaration of Toby Mock In Support of Motion to Transfer Venue, at ¶¶ 3-24;

---

[4] Indeed, a court may even consider whether party witnesses are outside its subpoena power, even though parties are expected and obligated to procure attendance of its own witnesses. *See Angiodynamics*, 2010 WL 3037478, at *2 ("Defendant's current employees who may possess relevant information, as well as potentially relevant prototypes of the devices allegedly used to infringe, are all located in Minnesota. While the witnesses and evidence may not be unavailable for production in Delaware, the Court cannot ignore that Minnesota is the more convenient forum in this regard.").

Exs. A-V.) In contrast, IV has failed to identify any countervailing third-party witnesses within the subpoena power of this district. (D.I. 62, *passim*.)

    b)  **The Fact That A Small Number Of, At Best, Marginally Relevant Potential Third party Witnesses Reside "Closer" To Delaware Is Insignificant**

Because the majority of third party witnesses reside either in or significantly closer to the NDCA than Delaware, IV's identification of a few marginally relevant witnesses who reside closer to (but not within the subpoena power of) Delaware does not tip the scales against transfer. Indeed, IV can do no better than to point to a distribution company used by defendants Altera and Lattice—Arrow Electronics, based in Melville, NY— in arguing that convenience of witnesses does not support transfer. (D.I. 62, at 14.) But where, as here, "plaintiff has not identified *a single material witness* who *resides in Delaware* rather than California is telling and weighs in favor of transfer." *Teleconference Sys.*, 676 F. Supp. 2d at 332 (emphasis added). IV's attempt to manufacture meaningful connection to this District lacks merit.

First, ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████ Second, Arrow's principal operations are based not out of New York, but rather its Denver, Colorado office, where a majority of its employees reside. (Declaration of Marc Cancilla In Support of Motion to Transfer Venue, at ¶ 5.) Third, Arrow also maintains an office in San Jose, which sits in the NDCA. (*Id.* at ¶ 6.) Altera's interactions with employees in Arrow's San Jose, California office are at least as substantial as its interactions with Arrow's employees based out of its Melville, NY office. (*Id.*) To the extent that Arrow's Melville, New York office does engage in distribution activities for Altera, such activity is limited to operations in New York City and Long Island. (*Id.* at ¶ 7.)

Accordingly, even assuming that IV is correct in concluding that Arrow possesses relevant, non-cumulative discovery, the fact that Arrow maintains a presence within the subpoena power of the NDCA balances this factor in favor of transfer, not against.

### 3. IV Seeks To Essentially Bar Delaware Corporations Not Strictly "Regional" In Nature From Transferring Out Of This District

At bottom, IV's position is that because defendants are global enterprises that would not suffer "unique or unusual" burdens from litigating in the district in which they are incorporated, defendants should be barred from transfer. Indeed, IV dedicates nearly half of its opposition to discussions regarding defendants' incorporation and global operations. (D.I. 62, at 3-5, 8-12.) Putting aside IV's erroneous articulation of defendants' burden, IV's position would mean that no Delaware corporation with sufficient resources to conduct global operations would ever be able to transfer out of this district. This is plainly incorrect, and ignores the relative convenience weighing mandated by *Jumara*. Delaware companies with a global presence have in fact transferred their cases to more convenient venues, even where the plaintiffs themselves were Delaware Corporations. *See, e.g., Illumina,* 2010 WL 4818083; *Mekiki,* 2010 WL 2348740, at *4 ("Furthermore, considering the physical distance of both parties to Delaware, it is clear that litigating this matter in the NDCA would be significantly more convenient and less burdensome for [Facebook] and, for all practical purposes, equally convenient for Plaintiff.").

Accordingly, and considering the diminished deference owed to the Plaintiffs' forum selection, the public and private interest factors in this case strongly weigh in favor of transfer.

## III. CONCLUSION

For the foregoing reasons, and for those stated in their Opening Brief In Support of their Motion to Transfer, Altera, Lattice, and Microsemi respectfully request that their motion be granted.

| ASHBY & GEDDES | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Andrew C. Mayo* | */s/ Rodger D. Smith II* |
| Steven J. Balick (#2114) | Jack B. Blumenfeld (#1014) |
| Tiffany Geyer Lydon (#3950) | Rodger D. Smith II (#3778) |
| Andrew C. Mayo (#5207) | 1201 North Market Street |
| 500 Delaware Avenue, 8th Floor | P.O. Box 1347 |
| P.O. Box 1150 | Wilmington, DE  19899-1347 |
| Wilmington, DE 19899 | (302) 658-9200 |
| (302) 654-1888 | jblumenfeld@mnat.com |
| sbalick@ashby-geddes.com | rsmith@mnat.com |
| tlydon@ashby-geddes.com | |
| amayo@ashby-geddes.com | *Attorneys for Altera Corporation* |

<table>
<tr><td>

*Attorneys for Defendant*
*Lattice Semiconductor Corporation*

OF COUNSEL:

Alan H. Blankenheimer
Jo Dale Carothers
COVINGTON & BURLING LLP
9191 Towne Centre Drive, Sixth Floor
San Diego, CA  92122-1225
(858) 678-1800

Robert T. Haslam
Kurt G. Calia
COVINGTON & BURLING LLP
333 Twin Dolphin Drive Suite 700
Redwood Shores, CA  94065-1418
(650) 632-4700

</td><td>

OF COUNSEL:

William F. Lee
Lauren B. Fletcher
WILMER CUTLER PICKERING HALE
& DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Mark D. Selwyn
Joseph H. Haag
Evelyn C. Mak
WILMER CUTLER PICKERING HALE
& DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 858-6000

</td></tr>
</table>

RICHARDS LAYTON & FINGER, P.A.

*/s/ Anne Shea Gaza*

Frederick L. Cottrell III (#2555)
Anne Shea Gaza (#4093)
920 North Market Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Microsemi Corporation*

OF COUNSEL:

Mark A. Samuels
Brian Berliner
Yixin Zhang
O'MELVENY & MYERS LLP
400 S. Hope Street, #1800
Los Angeles, CA 90071
(213) 430-6000

Michael Myers
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900

May 23, 2011
4279867

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Brian E. Farnan, Esquire
> FARNAN LLP
>
> Karen Jacobs Louden, Esquire
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP

I further certify that I caused copies of the foregoing document to be served on May 31, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| John M. Desmarais, Esquire<br>Michael P. Stadnick, Esquire<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY  10169<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Karen Jacobs Louden, Esquire<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Xilinx, Inc.* | *VIA ELECTRONIC MAIL* |
| Behrooz Shariati, Esquire<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA  94303<br>*Attorneys for Xilinx, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)