# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Karen Jacobs Louden
302 351 9227
302 425 4681 Fax
klouden@mnat.com

August 1, 2011

The Honorable Leonard P. Stark            *VIA ELECTRONIC FILING*
United States District Court
   For the District of Delaware
801 North Market Street
Wilmington, DE 19801

       Re:    *Intellectual Ventures I LLC, et al. v. Altera Corp., et al.;*
              C.A. No. 10-1065(LPS)

Dear Judge Stark:

       As directed by the Court's July 29, 2011 Oral Order (D.I. 76), we write on behalf of Defendants Altera Corporation ("Altera"), Microsemi Corporation ("Microsemi"), Lattice Semiconductor Corporation ("Lattice"), and Xilinx, Inc. ("Xilinx") (collectively, "Defendants") in response to Plaintiffs' July 28, 2011 letter regarding the July 27, 2011 Order issued by Judge Illston of the United States District Court for the Northern District of California in the related first-filed action filed by Xilinx involving some of the same patents at issue here. (*See* D.I. 75, Ex. A). Plaintiffs contend that Judge Illston's Order moots the Motion to Dismiss or Transfer in Favor of the First-Filed Action in the Northern District of California filed by Xilinx (D.I. 36, 37) (*See* D.I. 75 at 1).[1]

       Although Defendants disagree with Plaintiffs' contention, we recognize that, in light of the Court's June 22, 2011 decision on the motion to transfer brought in *Intellectual Ventures v. Checkpoint Software Technologies, Ltd.,* C.A. No. 10-1067 (D.I. 94), and last week's decision by Judge Illston in the *Xilinx v. Intellectual Ventures* action in the Northern District of California, this Court may be unlikely to grant the motions to transfer filed by Xilinx (D.I. 36), or by Altera, Lattice, and Microsemi (D.I. 43). In its recent decision in *Checkpoint*, the Court placed substantial weight on the fact that the plaintiff and three of the four defendants were incorporated in Delaware. Similarly, in opposing the Defendants' motions to transfer that are pending before Your Honor, Plaintiffs rely heavily on the fact that they and Defendants are incorporated in Delaware.

---

[1]     Plaintiffs' July 28 letter did not address the Motion to Transfer to the Northern District of California filed by Altera, Lattice, and Microsemi (D.I. 43, 44).

The Honorable Leonard P. Stark
August 1, 2011
Page 2

      The issue of the proper weight to be afforded in the § 1404(a) analysis to a party's state of incorporation in the plaintiff's chosen venue – in particular, a defendant's incorporation – is presently before the Federal Circuit in at least one pending, fully-briefed petition for writ of mandamus of a case from this District. (*See In re Link_A_Media Devices Corp.*, Misc. Docket No. 2011-M990).[2] Defendants believe that, in the present case, the factors to be considered in the § 1404(a) analysis raised in their briefing strongly favor transfer to the Northern District of California, and that the Federal Circuit's ruling in *In re Link_A_Media_Devices* may impact the Court's analysis of Defendants' pending motions to transfer (*see* D.I. 36, 43). The petition in *In re Link_A_Media_Devices* was fully briefed by July 22, 2011. Although the time the Federal Circuit takes to decide petitions for a writ of mandamus varies from case to case, it typically decides these matters relatively quickly, often within a few weeks. Defendants respectfully suggest that it may be most efficient for the Court to defer deciding Defendants' pending motions to transfer until the Federal Circuit decides the petition for writ of mandamus in *Link_A_Media Devices*. If the Federal Circuit denies that petition at a time when this Court has not yet ruled on Defendants' motions to transfer, Defendants will withdraw their respective motions.

Respectfully,

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)

KJL/lm
cc:    Clerk of Court (Via Hand Delivery)
        Brian T. Moriarty, Esquire (Via Electronic Mail)
        All Defendants Counsel of Record (Via Electronic Mail)

---

[2] The question raised in this petition for a writ of mandamus is whether the Court abused its discretion by denying defendant Link_A_Media's motion to transfer based on Link_A_Media's incorporation in Delaware. (*See In re Link_A_Media*, Docket No. 2011-M990, Entry 3 at 1 (Petition for Writ of Mandamus) (appealing June 8, 2011 Memorandum Order denying Motion Transfer Case to Northern District of California filed by Link_A_Media Devices Corp. entered in *Marvell International Ltd. v. Link_A_Media Devices Corp.*, C.A. No. 10-0869-SLR (D.I. 40))).