

August 2, 2011

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3556

  Re: *Intellectual Ventures I LLC, et al. v. Altera Corp., et al.,*
     **(C.A. No. 10-1065-LPS)**

Dear Judge Stark:

  Pursuant to the Court's July 29, 2011 Order, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") hereby respond to the August 1, 2011 letter filed by Defendants Altera Corporation ("Altera"), Microsemi Corporation ("Microsemi"), Lattice Semiconductor Corporation ("Lattice"), and Xilinx, Inc. ("Xilinx") (collectively, "Defendants").  This case began when IV sued Altera, Microsemi, and Lattice for infringement of five United States Patents on December 8, 2010.  On February 15, 2011, IV amended its complaint to name Xilinx as an additional defendant.  Xilinx moved to dismiss or transfer on April 11, 2011, asserting arguments that have now been rejected by the United States District Court for the Northern District of California ("the California Court") in a parallel action.  Despite having long-since answered IV's complaint, the remaining defendants filed a motion to transfer this action to the California Court on April 26, 2011, more than four months after IV filed suit.

  In their August 1, 2011 letter, Defendants summarily assert that they disagree with IV's contention that the California Court's decision moots Xilinx's pending Motion to Dismiss or Transfer in Favor of the First-Filed Action in the United States District Court for the Northern District of California.  (D.I. 36).  But they offer no support or explanation for their conclusion which, we respectfully submit, lacks merit in light of the California Court's decision denying Xilinx motion to enjoin IV from proceeding with this case and granting IV's motion to transfer claims to this Court.

  Moreover, even if the California Court's decision did not moot Xilinx's motion, Defendants essentially concede in their July 29, 2011 letter that application of this Court's precedent — including the Court's June 22, 2011 decision in *Intellectual Ventures v. Checkpoint Software Technologies, Ltd.*, C.A. No. 10-1067 (D.I. 94) — to the facts of this case requires denial of the pending motions to transfer.  Defendants nevertheless request that the Court postpone ruling on their pending motions while the United States Court of Appeals for the Federal Circuit considers a petition for mandamus filed in an unrelated case, *In re Link_A_Media Devices Corp.*, C.A. 10-869 (SLR) ("the *Link_A_Media* Action").  Defendants' request should

The Honorable Leonard P. Stark
August 2, 2011
Page 2

be denied because the facts underlying that petition differ from the circumstances in this case so materially that no advantage stands to be gained from such delay.

*First*, the plaintiff in the *Link_A_Media* Action was not incorporated or resident in Delaware. *See Link_A_Media* Action D.I. 11 at 7 (enclosed as Ex. A). Here, on the other hand, both IV Plaintiffs — like all four Defendants — are incorporated in Delaware. Because Delaware is therefore IV's "home turf," its choice of the Delaware forum is entitled to greater deference than the plaintiff's choice in the *Link-A-Media* Action. *See, e.g., Praxair, Inc. v. ATMI, Inc.*, No. 03-1158-SLR, 2004 WL 88395 (D. Del. Apr. 20, 2004), at *1-2.

*Second*, the defendant in the *Link_A_Media* Action made no sales and conducted no business of any kind in Delaware. *See Link_A_Media* Action D.I. 18 at 4 (enclosed as Ex. B). Here, none of the Defendants dispute that they sell accused products in Delaware. The events giving rise to this action are therefore more substantially linked to the Delaware forum than were the events giving rise to the *Link_A_Media* Action.

*Third*, the defendant in the *Link_A_Media* Action was much smaller, and conducted business on a far more regional basis, than any of the Defendants in this action. The *Link_A_Media* defendant had a total of 130 employees, 124 of which were located in California (one in Minnesota, one in the United Kingdom, and four in Japan). *See* Ex. A at 2. Here, three of the Defendants have thousands of employees (Lattice has around 750), and all conduct business on a truly national — in fact global — basis.

In sum, unlike the *Link_A_Media* Action, several factors above and beyond Defendants' mere incorporation in Delaware weigh against transfer in this case. As such, a grant of mandamus in the *Link_A_Media* Action — which concerns the narrow question of whether transfer can be denied based *solely* on a defendant's incorporation in Delaware — will neither control nor substantially inform the Court's resolution of the pending venue dispute in this action. Defendants' request to postpone that resolution should therefore be denied.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan (Bar No. 4089)

cc: Counsel of Record (via *electronic filing*)