IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC and ) 
INTELLECTUAL VENTURES II LLC, )
 )
        Plaintiffs, )
 )  C.A. No. 10-1065 (LPS)
      v. )
 )
ALTERA CORPORATION, MICROSEMI )
CORPORATION, LATTICE )
SEMICONDUCTOR CORPORATION and )
XILINX, INC., )
 )
        Defendants. )

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STAY LITIGATION PENDING CONCLUSION OF PTO REEXAMINATIONS OF THE PATENTS-IN-SUIT

OF COUNSEL:

William F. Lee
Lauren B. Fletcher
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Mark D. Selwyn
Joseph H. Haag
Evelyn C. Mak
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 858-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Altera Corporation*

OF COUNSEL:

Mark A. Samuels
Brian Berliner
Yixin Zhang
O'MELVENY & MYERS LLP
400 South Hope Street – Suite 1800
Los Angeles, CA  90071
(213) 430-6000

Michael Myers
O'MELVENY & MYERS LLP
610 Newport Center Drive – 17th Floor
Newport Beach, CA  92660
(949) 823-6900

RICHARDS, LAYTON & FINGER, P.A.
Frederick L. Cottrell (#2555)
Anne Shea Gaza (#4093)
Jason James Rawnsley (#5379)
920 North King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
rawnsley@rlf.com

*Attorneys for Microsemi Corporation*

OF COUNSEL:

Alan H. Blankenheimer
Jo Dale Carothers
COVINGTON & BURLING LLP
9191 Towne Centre Drive
Sixth Floor
San Diego, CA  92122-1225
(858) 678-1800

Robert T. Haslam
Kurt G. Calia
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA  94065-1418
(650) 632-4700

ASHBY & GEDDES
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue – 8th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Lattice Semiconductor Corporation*

OF COUNSEL:

Behrooz Shariati
Laurie Charrington
JONES DAY
1755 Embarcardero Road
Palo Alto, CA  94303
(650) 739-3939

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for Xilinx, Inc.*

2

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION .................................................................................................1

II.  NATURE AND STAGE OF THE PROCEEDINGS .......................................1

III.  SUMMARY OF ARGUMENT ........................................................................2

IV.  STATEMENT OF FACTS ...............................................................................3

     A.  *Inter Partes* Reexamination Of The '646 Patent ....................................3

     B.  *Inter Partes* Reexamination Of The '669 Patent ....................................4

     C.  *Ex Parte* Reexamination Of The '325 Patent .........................................4

     D.  *Ex Parte* Reexamination Of The '087 Patent .........................................4

     E.  The '808 Patent Reexamination Request .................................................5

V.  ARGUMENT .....................................................................................................5

     A.  The Court Has Discretion To Stay This Case ..........................................5

     B.  Each Of The Relevant Factors Weighs In Favor Of Granting A Stay ...................6

          1.  A Stay In Proceedings Will Simplify The Issues In Question And Preserve Judicial Resources ...............................................6

          2.  A Stay Will Not Unduly Prejudice IV Or Present A Clear Tactical Advantage To The Defendants...............................................8

          3.  The Early Stage of Litigation Weighs In Favor Of Granting A Stay........11

VI.  CONCLUSION ...............................................................................................13

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

C<small>ASES</small>

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
  2006 WL 2375035 (D. Del. Aug. 16, 2006) ....................................................................8, 9

*Cooper Notification, Inc. v. Twitter, Inc.*,
  2010 WL 5149351 (D. Del. Dec. 13, 2010) ......................................................... 6, 8, 10, 12

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
  734 F. Supp. 656 (D. Del. 1990) ...........................................................................................5

*Enhanced Sec'y Res., LLC v. Cisco Sys., Inc.*,
  2010 WL 2573925 (D. Del. June 25, 2010) .............................................5, 7, 8, 9, 11, 12

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988)..............................................................................................5

*Gioello Enterprises Ltd. v. Mattel, Inc.*,
  2001 WL 125340 (D. Del. Jan. 29, 2001) ............................................................... 8, 11, 12

*Pegasus Dev. Corp. v. Direct TV, Inc.*,
  2003 WL 21105073 (D. Del. May 14, 2003)..................................................................7, 11

*Softview Computer Products Corp. v. Haworth, Inc.*,
  2000 WL 1134471 (S.D.N.Y. Aug. 10, 2000).......................................................................8

*St. Clair Intell. Prop. Consultants, Inc. v. Fujifilm Holding Corp.*,
  2009 WL 192457 (D. Del. Jan. 27, 2009) .............................................................................6

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,
  2010 WL 4823393 (D. Del. Nov. 22, 2010).................................................................8, 9, 12

*Wall Corp. v. BondDesk Group, LLC*,
  2009 WL 528564 (D. Del. Feb. 24, 2009)......................................................................8, 12

R<small>ULES AND</small> S<small>TATUTES</small>

35 U.S.C. § 102 ...............................................................................................................................4

35 U.S.C. § 103 ............................................................................................................................4, 5

35 U.S.C. § 154(a)(2) ...............................................................................................................9, 10

35 U.S.C. § 312(a) ...........................................................................................................................5

Defendants Altera Corporation ("Altera"), Microsemi Corporation ("Microsemi"), Lattice Semiconductor Corporation ("Lattice"), and Xilinx, Inc. ("Xilinx") (collectively, the "Defendants") respectfully request that this Court stay this litigation pending the resolution of reexamination proceedings in the U.S. Patent and Trademark Office ("PTO") involving at least four, and most likely all five, of the patents-in-suit.

## I.  INTRODUCTION

A stay is especially warranted under the facts of this case for at least the following reasons:  (1) the litigation is in its infancy, while the reexamination proceedings for multiple asserted patents are relatively advanced; (2) the Plaintiffs—which are not competitors of the Defendants and do not seek to enjoin any activity of the Defendants—will not suffer undue prejudice by a reasonable and justified delay in the litigation; and (3) a number of the asserted patent claims have already undergone considerable substantive modifications in the reexamination proceedings.  Where, as here, a stay will not prejudice the Plaintiffs, and the litigation is at an early stage, the interests of preserving judicial and party resources strongly support granting the motion.

## II.  NATURE AND STAGE OF THE PROCEEDINGS

On December 8, 2010, Intellectual Ventures I, LLC and Intellectual Ventures II, LLC (collectively, "IV" or "Plaintiffs") filed this patent infringement action against Altera, Microsemi, and Lattice.  The Complaint alleges that the Defendants' programmable logic device products infringe one or more of the asserted patents.[1]  (D.I. 1; Comp. ¶¶ 32, 39, 43.)   On February 14, 2011, Xilinx filed a declaratory judgment action in the Northern District of

---

[1]     The patents asserted against one or more of the Defendants in this action are U.S. Patent No. 6,993,669 (the "'669 Patent"); U.S. Patent No. 5,687,325 (the "'325 Patent"); U.S. Patent No. 6,260,087 (the "'087 Patent"); U.S. Patent No. 6,272,646 (the "'646 Patent"); and U.S. Patent No. 5,675,808 (the "'808 Patent") (collectively, the "asserted patents").

California for non-infringement and invalidity of sixteen patents allegedly owned by IV-related entities, including four of the five patents asserted against the Defendants in this action. (*See* Xilinx Motion to Dismiss or Transfer; D.I. 37, at 1-2.) On February 15, 2011, IV amended its Complaint in this action to add Xilinx as a defendant. (D.I. 17.) Microsemi,[2] Lattice, and Altera filed answers and counterclaims to IV's First Amended Complaint on March 1, March 3, and March 4, 2011, respectively, asserting, *inter alia*, defenses and counterclaims of invalidity of all asserted patents under 35 U.S.C. §§ 102 and 103. (D.I. 25; 27; 29.)

This case is at a very early stage. IV filed its Amended Complaint a little over five months ago, to which not all Defendants have yet answered. (D.I. 17.) No Rule 26(f) or Rule 16 Scheduling Conference has been held, no scheduling order has been issued, and no trial date has been set. Consequently, neither fact nor expert discovery has begun, nor have the parties or the Court engaged in any activity related to claim construction.

## III.   SUMMARY OF ARGUMENT

Each of the three factors relevant to the Court's exercise of its discretion weigh in favor of staying this litigation pending reexamination of the asserted patents:

*First,* granting a stay will reduce the burden on the Court and the parties because the outcome of the reexaminations will likely eliminate, simplify or narrow the pending litigation. *All* the claims in four of the five asserted patents have long since been placed into reexamination by the PTO, and *all* the claims from the '646, '669 and '087 Patents stand rejected as unpatentable. IV has already submitted significant amendments and additions to two of the asserted patents. Reexamination proceedings for the remaining patents will likely result in similar rejections of IV's patent claims by the PTO and efforts by IV to overcome those rejections with narrowing amendments or new claims.

---

[2]     Microsemi filed its First Amended Answer and Counterclaims on March 22, 2011.

*Second*, granting a stay will not result in any undue prejudice to IV. IV is a non-practicing entity that is not a competitor of any of the Defendants and does not seek to enjoin any activity of the Defendants. Thus, IV will not be prejudiced in seeking a remedy by the granting of a stay. Nor will a temporary delay in the proceedings materially affect IV's licensing activities with respect to the asserted patents.

*Third*, this case is in its infancy. Granting a stay at this juncture—prior to entry of a scheduling order or *any* discovery—will promote judicial efficiency because only minimal resources have thus far been expended by the Court and the parties.

Accordingly, the benefits associated with staying the proceedings in anticipation of reducing or simplifying the issues for discovery and trial are particularly prevalent in this case, and, in any event, outweigh any countervailing interests in proceeding with the litigation at this time. For these reasons, the Court should grant the Defendants' motion to stay.

## IV.   STATEMENT OF FACTS

### A.   *Inter Partes* Reexamination Of The '646 Patent

The '646 Patent is presently involved in an *inter partes* reexamination proceeding before the PTO. (Declaration of Toby Mock in Support of Defendants' Motion to Stay Litigation Pendign Conclusion of PTO Reexamination of the Patents-In-Suit ("Mock Decl."), at ¶ 3; Ex. A.) The request for *inter partes* reexamination of the '646 Patent was made by Xilinx on February 18, 2011 and was granted by the PTO on April 28, 2011. (*Id.*) On that same date, the PTO issued an Office Action rejecting all twenty original claims as unpatentable on multiple grounds, including anticipation under 35 U.S.C. § 102 and obviousness under 35 U.S.C. § 103. (*Id.*) On June 28, 2011, IV submitted a response to the April 28, 2011 Office Action amending three claims and adding twenty-two new claims. Xilinx filed requestor comments on July 28, 2011. (*Id.*)

3

**B.     *Inter Partes* Reexamination Of The '669 Patent**

The '669 Patent is presently involved in an *inter partes* reexamination proceeding before the PTO.  (Mock Decl., at ¶ 4; Ex. B.)  The request for *inter partes* reexamination of the '669 Patent was made by Xilinx on March 9, 2011 and was granted by the PTO on May 27, 2011.  (*Id.*)  On that same date, the PTO issued an Office Action rejecting all twenty-two original claims as unpatentable on multiple grounds, including anticipation under 35 U.S.C. § 102 and obviousness under 35 U.S.C. § 103.  (*Id.*)  On July 27, 2011, IV submitted a response to the May 27, 2011 Office Action adding sixteen new claims.  (*Id.*)

**C.     *Ex Parte* Reexamination Of The '087 Patent**

The '087 Patent is presently involved in an *ex parte* reexamination proceeding before the PTO.  (Mock Decl., at ¶ 5; Ex. C.)  The request for *ex parte* reexamination of the '087 Patent was made by third-party requester Haynes & Boone on March 4, 2011 and identified multiple prior art references that raise a substantial question regarding the patentability of the '087 Patent claims.  The PTO granted the request on April 8, 2011, placing all thirty-one original claims in reexamination.  The PTO issued an Office Action on August 1, 2011 rejecting all claims as unpatentable on multiple grounds.  (*Id.*)

**D.     *Ex Parte* Reexamination Of The '325 Patent**

The '325 Patent is presently involved in an *ex parte* reexamination proceeding before the PTO.  (Mock Decl., at ¶ 6; Ex. D.)  The request for *ex parte* reexamination of the '325 Patent was made by third-party requester Haynes & Boone on February 25, 2011 and identified multiple prior art references that raise a substantial question regarding the patentability of the '325 Patent claims.  The PTO granted the request on April 29, 2011, placing all twelve original claims in reexamination on multiple grounds.  (*Id.*)  The PTO has yet to issue an Office Action in this reexamination.  (*Id.*)

E.      **The '808 Patent Reexamination Request**

On August 4, 2011, Haynes & Boone filed a request for *ex parte* reexamination of all thirteen claims of the '808 Patent.  (Mock Decl., at ¶ 7; Ex. E.)  The request identifies six prior art references that raise multiple substantial new questions of patentability set forth in over three hundred pages of claim charts, including on the theories of anticipation under 35 U.S.C. § 102 and obviousness under 35 U.S.C. § 103.  The PTO will grant the reexamination request if it determines that there exists a substantial new question of patentability affecting the claims in issue.[3]  As a statistical matter, 92% of all *ex parte* reexamination requests are granted by the PTO.  (PTO *Ex Parte* Reexamination Filing Data, June 30, 2011; Mock Decl., at ¶ 8; Ex. F.)

V.   **ARGUMENT**

A.      **The Court Has Discretion To Stay This Case**

The Court has inherent authority to stay patent infringement cases pending resolution of PTO reexamination proceedings.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  "In determining whether a stay is appropriate, the court should 'weigh the competing interests of the parties and attempt to maintain an even balance.'"  *Enhanced Sec'y Res., LLC v. Cisco Sys., Inc.,* 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (quoting *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990)).  Three factors typically inform a court's decision in this regard: "1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; 2) whether a stay will simplify the issues for trial; and 3) whether discovery is complete and a trial date set."  *Id.*

---

[3]      35 U.S.C. § 312(a).  The PTO must make a determination whether to grant reexamination of the '808 patent within three months after the request was filed, or by November 4, 2011.  *See id.*

Courts have on occasion also considered as a relevant factor whether proceeding with the litigation will impose a "clear hardship or inequity" on the moving party. *See, e.g.*, *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at \*2 (D. Del. Dec. 13, 2010) (citing *St. Clair Intell. Prop. Consultants, Inc. v. Fujifilm Holding Corp.*, 2009 WL 192457, at \*2 (D. Del. Jan. 27, 2009)). However, such a showing is not a prerequisite to granting a motion to stay. *Id*. Rather, "the overall balance could be tipped in favor of a stay even if proceeding with the litigation will cause no undue hardship or prejudice to the party seeking a stay." *Id*. This is particularly true where, as here, there is no "fair possibility" that a stay will "work damage to someone else." *Id*. (quoting *St. Clair*, 2009 WL 192457, at \*2).

In this case, the relevant factors collectively weigh in favor of granting a stay.

**B.    Each Of The Relevant Factors Weighs In Favor Of Granting A Stay.**

**1.    A Stay In Proceedings Will Simplify The Issues In Question And Preserve Judicial Resources**

The PTO proceedings will simplify the issues in question and preserve both party and judicial resources..  First, the reexamination proceedings will almost certainly moot or narrow the issues.  Statistically, only 13% of *inter partes* reexaminations result in certificates with all claims confirmed, with 43% resulting in claim changes and 44%—a virtual coin flip— resulting in *all* claims canceled or disclaimed.  (PTO *Inter Partes* Reexamination Filing Data, June 30, 2011; Mock Decl. at ¶ 9; Ex. G.)  For *ex parte* reexaminations, 66% result in claim changes, and 11% conclude with all claims being canceled.  (Mock Decl., at ¶ 7l Ex. F.)

Here, the PTO has already issued Office Actinos rejecting all twenty claims of the '646 Patent, all twenty-two claims of the '669 Patent and all thirty-one claims of the '087 Patent. The PTO has further confirmed that substantial new questions of patentability exist with respect to all twelve claims of the '325 Patent. Because the Defendants intend to rely at least in part on

6

the prior art references already submitted to the PTO, there is a strong likelihood the reexaminations will simplify the prior art-related defenses likely to be raised in this action, and a reasonable chance that the PTO will invalidate one or more of the patents currently under reexamination and render moot the Defendants' invalidity counterclaims as to those patents. *See Enhanced Sec'y Res.*, 2010 WL 2573926, at *3.

Numerous additional efficiencies flow from staying this litigation pending reexamination: (1) discovery may be narrowed, and discovery issues related to the prior art may be resolved; (2) the record of the reexamination would likely be entered as evidence at trial, reducing the complexity and length of the proceedings; (3) the issues and evidence will be more easily limited in pre-trial conferences; and (4) the results of the reexamination process may result in settlement without further court involvement. *See Pegasus Dev. Corp., LLC v. Direct TV, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003). These efficiencies will result in better utilization of this Court's resources and significant cost savings for the parties. *See id.*

Conversely, conducting this litigation concurrently with the reexamination proceedings will waste the resources of both this Court and the litigants. The reexamination requests are based on twenty-eight prior art references. In the absence of a stay, this Court would have to independently evaluate and address the invalidity challenges arising from this art while the PTO is engaged in a parallel process. In addition, in light of the PTO's rejection of all claims from three of the asserted patents, it is virtually certain that in the absence of a stay this Court will address claim construction, infringement, and validity issues for claims that will be eliminated or amended during the reexamination process. In preparing for those issues, the parties will likely engage in discovery that may be rendered meaningless, such as discovery related to patents or specific claims declared invalid, or devices accused of infringing claims that

are no longer valid and enforceable.  The Court's and the parties' efforts on these matters would

therefore be wasted.  *See Gioello Enterprises Ltd. v. Mattel, Inc.*, 2001 WL 125340, at *2 (D.

Del. Jan. 29, 2001) (citing *Softview Computer Products Corp. v. Haworth, Inc.*, 2000 WL

1134471, at *3 (S.D.N.Y. Aug. 10, 2000)).

### 2.    A Stay Will Not Unduly Prejudice IV Or Present A Clear Tactical Advantage To The Defendants

Mere delay in litigation "does not, by itself, amount to undue prejudice."  *Wall

Corp. v. BondDesk Group, LLC,* 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009); *Enhanced

Sec'y Res.,* 2010 WL 2573925, at *3 (delay in resolution of litigation "alone does not warrant a

finding that Plaintiffs will be unduly prejudiced").  Under the present circumstances, IV will not

suffer any additional harm beyond that generally associated with a delay in litigation, nor will

issuing a stay present a clear tactical advantage to the Defendants.

First, "of particular importance is the fact that [IV] does not develop or sell any

products of its own and is not a competitor of defendants."  *Vehicle IP, LLC v. Wal-Mart Stores,

Inc.,* 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010) ("Since the parties do not compete, this

factor favors a stay."); *Cooper Notification*, 2010 WL 5149351, at *5 ("Courts are reluctant to

stay proceedings where the parties are direct competitors.").  Accordingly, and because IV does

not seek an injunction, "money damages is an adequate remedy for any delay in redress."  (D.I.

17, *passim*); *Gioello Ent. Ltd. v. Mattel, Inc.*, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001)

(granting motion to stay where plaintiff did not sell or actively license goods or services related

to the patent at issue); *Xerox Corp. v. Google, Inc.,* Transcript of Oral Argument at 28-29, Feb.

28, 2011 (No. 10-136-LPS) ("It is relevant, as defendants point out, that there is no direct

competition between plaintiff and the defendants with respect to this technology.") (Mock Decl.,

at ¶ 10; (Ex. H, at 28); *see also Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 2006 WL 2375035,

at *5 (D. Del. Aug. 16, 2006) (potential prejudice associated with plaintiff's inability to pursue injunctive relief not considered where plaintiff had failed to request such relief).

Second, any alleged impact on IV's efforts to license or otherwise enforce the exclusivity of the asserted patents is immaterial.[4] *Enhanced Sec'y Res.*, 2010 WL 253925, at *3 ("Plaintiffs' contention that a stay pending reexamination will prejudice their rights to enforce the exclusivity of the [asserted] patents is largely speculative."); *Abbott*, 2006 WL 2375035, at *5 (rejecting plaintiff's argument that it "will be unable to enforce its patents while in reexamination" because such an argument "assumes that the PTO will leave all of the [patent claims] unaltered after reexamination"). In fact, a stay will more than likely work to IV's benefit in this regard since the PTO expedites reexamination proceedings when such a stay has been issued. U.S. Pat. & Trademark Office, Manual of Patent Examining Procedure ("MPEP") § 2686.04(1) (8th ed. 2010) ("Where a request for reexamination indicates . . . that litigation is stayed for the purpose of reexamination . . . all aspects of the proceeding will be expedited to the extent possible."). Moreover, any claim of potential prejudice with respect to licensing efforts is further diminished where, as here, the patents do not expire for a period of several years. *Enhanced Sec'y Res.*, 2010 WL 253925, at *3 (any alleged prejudice associated with enforcing patent rights "is counterbalanced by the fact that the patents do not expire until 2016"). Although the earliest of the Asserted Patents (the '808 Patent) expires in November 2014,[5] the

---

[4]     Further, if a stay is issued, this Court may periodically evaluate whether the reexaminations are proceeding at a sufficient pace. *See Vehicle IP*, 2010 WL 4823393, at *3.

[5]     The '808 patent, filed November 2, 1994, has a "term that is the greater of the 'twenty-year term' or seventeen years from the patent grant.'" MPEP § 2701; 35 U.S.C. § 154(a)(2) (1995). The '808 patent issued on October 7, 1997, and therefore expires on November 2, 2014 (twenty years from the filing date).

remaining patents do not expire until, at the earliest, 2016, and at latest, 2021.[6] Further, the '808 Patent is subject to *ex parte* proceedings, which on average proceed to resolution in less than two years, a rate almost half that of *inter partes* requests. (Mock Decl., at ¶¶ 9-10; Exs. F, G. (median pendency from filing date of *ex parte* and *inter partes* reexaminations are 20 months and 33 months, respectively)). Accordingly, in the event that the patents survive reexamination, IV will have a number of years to enforce its monopoly rights after conclusion of the proceedings.

Furthermore, the Defendants do not stand to gain any tactical advantage from a stay in proceedings. This is not a case, as that in *Cooper Notification,* for example, of excessive or unjustifiable delay in initiation of the reexaminations. *Cooper Notification*, 2010 WL 5149351, at *3 (noting that the defendants waited ten months to initiate the reexamination and that the PTO had granted the request just three weeks prior to the court's ruling on the motion). In fact, Xilinx requested reexaminations of the '325 and '646 Patents within three months of IV bringing suit, and requests for reexaminations for the '087 and '669 Patents followed shortly thereafter. (Mock Decl., at ¶¶ 3-6; Exs. A-D.) The PTO granted three of the reexaminations by the end of April, and granted the fourth by the end of May, over two months ago. (*Id.*) Further, the PTO issued Office Actions in the *inter partes* reexaminations of the '646 and '669 Patents on April 28, 2011 and May 27, 2011, respectively, and in the *ex parte* reexamination of the '087 Patent on August 1, 2011. All claims were rejected as unpatentable in each case. (Mock Decl., at ¶¶ 3-4; Exs. A-C.) IV filed responses and amendments to the '646 and '669 Patents on June 28 and July 28, 2011, respectively, and Xilinx filed requester comments for the '646 Patent on

---

[6]     Under the "twenty year rule," the '646, '325, '087, and '669 patents expire in 2016, 2016, 2019, and 2021, respectively.  MPEP § 2701; 35 U.S.C. § 154(a)(2) (1995).

July 29, 2011.  (*Id.*)  Three of the reexaminations are therefore in a relatively advanced stage and by all accounts appear to be proceeding with reasonable alacrity.

Finally, while the request for *ex parte* reexamination of the fifth and final patent (the '808 Patent) was only recently initiated, this was the lone patent among those asserted in this litigation for which IV did not give notice to any of the Defendants prior to the initiation of this case.[7]  *See, e.g., Gioello*, 2001 WL 125340, at *1-2 (granting stay despite seventeen–month delay between initiation of the lawsuit and defendant's request for reexamination).  The timing in filing the request, while unremarkable in any event, is justified by the fact that the parties did not have knowledge of this patent prior to the filing of the complaint.

Thus, the timing of the reexamination requests does not unduly prejudice IV, nor does it evidence any intent on behalf of the Defendants to gain a tactical advantage.  In sum, IV will not be harmed in any meaningful way from a stay in proceedings.

### 3.    The Early Stage of Litigation Weighs In Favor Of Granting A Stay

Often the most critical factor considered by the court—the status of discovery and any pending trial date—also weighs strongly in favor of granting the stay.

This case is in its earliest stages; the parties have not held a Rule 26(f) conference, discovery has not commenced, and the Court has not yet held a scheduling conference or set a trial date.  At this formative stage of litigation, neither the parties nor the Court have invested resources that would render a stay pending resolution of the reexaminations inefficient or inappropriate.  *Pegasus Dev. Corp.*, 2003 WL 21105073, at *2 (status of litigation weighed in favor of stay despite the fact that discovery was ongoing and trial was scheduled to commence in nine months); *Enhanced Sec'y Res.*, 2010 WL 253925, at *3 (in granting motion to stay, noting that the "litigation remains in its early stages" despite having passed the deadline for document

---

[7]      The '808 patent is asserted only against Altera.

production and identification of trial witnesses); *Vehicle IP*, 2010 WL 4823393, at *1 ("This case is still in its infancy, and the record is relatively sparse.  No discovery has been conducted, nor has a final scheduling order been issued. . . .  Consequently, the timing of [defendants' motion] weigh[s] in favor of a stay."); *Wall Corp.*, 2009 WL 528564, at *2 (defendant "filed the present motion . . . early in the case, prior to the court's scheduling conference and entry of a scheduling order.  Accordingly, this factor weighs in favor of granting a stay"); *Cooper Notification*, 2010 WL 5149351, at *3 (noting as a factor in denying a  motion to stay the "significant resources . . . devoted to formulating a schedule").

Indeed, a stay in this case will almost certainly *conserve* judicial and party resources by allowing the PTO to complete the reexaminations and, in the process, further define and streamline the relevant issues for trial and discovery.  *See Gioello*, WL 125340, at *1 ("Numerous courts have cited a number of advantages of granting a stay pending reexamination," including alleviation of "discovery problems relating to prior art," and narrowing of the issues, defenses, and evidence presented in pre-trial conferences); *Enhanced Sec'y Res.*, 2010 WL 253925, at *3 ("In these circumstances, the Court is persuaded that there is a strong likelihood that a stay pending reexamination will simplify the prior art issues and invalidity defenses which are likely to be raised in this action.").

Consequently, and in light of the relatively advanced phase of the reexamination proceedings in which the PTO has summarily rejected all the pending claims in three of the asserted patents, the early stage of this case provides yet another compelling basis for granting the stay.

## VI.    CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant their motion to stay this litigation until the reexamination proceedings for all five asserted patents are concluded.

OF COUNSEL:

William F. Lee
Lauren B. Fletcher
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Mark D. Selwyn
Joseph H. Haag
Evelyn C. Mak
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 858-6000

OF COUNSEL:

Mark A. Samuels, Esquire
Brian Berliner, Esquire
Yixin Zhang, Esquire
O'MELVENY & MYERS LLP
400 South Hope Street – Suite 1800
Los Angeles, CA  90071
(213) 430-6000

Michael Myers, Esquire
O'MELVENY & MYERS LLP
610 Newport Center Drive – 17th Floor
Newport Beach, CA  92660
(949) 823-6900

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Altera Corporation*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Jason James Rawnsley*
_____
Frederick L. Cottrell (#2555)
Anne Shea Gaza (#4093)
Jason James Rawnsley (#5379)
920 North King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
rawnsley@rlf.com

*Attorneys for Microsemi Corporation*

13

OF COUNSEL:

Alan H. Blankenheimer, Esquire
Jo Dale Carothers
COVINGTON & BURLING LLP
9191 Towne Centre Drive
Sixth Floor
San Diego, CA  92122-1225
(858) 678-1800

Robert T. Haslam, Esquire
Kurt G. Calia, Esquire
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA  94065-1418
(650) 632-4700

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue – 8th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Lattice Semiconductor
Corporation*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for Xilinix, Inc.*

OF COUNSEL:

Behrooz Shariati
JONES DAY
1755 Embarcardero Road
Palo Alto, CA  94303
(650) 739-3939

August 8, 2011
4416238.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 8, 2011, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Brian E. Farnan, Esquire
> FARNAN LLP

I further certify that I caused copies of the foregoing document to be served on

August 8, 2011, upon the following in the manner indicated:

Brian E. Farnan, Esquire                            *VIA ELECTRONIC MAIL*
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

John M. Desmarais, Esquire                          *VIA ELECTRONIC MAIL*
Michael P. Stadnick, Esquire
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
*Attorneys for Plaintiffs*

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden (#2881)