IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and <br> INTELLECTUAL VENTURES II LLC, <br> <br> Plaintiffs, <br> <br> v. <br> <br> ALTERA CORPORATION, MICROSEMI <br> CORPORATION, LATTICE <br> SEMICONDUCTOR CORPORATION and <br> XILINX, INC., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 10-1065 (LPS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| XILINX, INC., <br> <br> Plaintiff, <br> <br> v. <br> <br> INTELLECTUAL VENTURES I LLC <br> and INTELLECTUAL VENTURES II LLC, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 11-666 (LPS) <br> ) <br> ) <br> ) <br> ) <br> ) |

**XILINX'S MOTION TO DISMISS OR CONSOLIDATE**

Xilinx, Inc. ("Xilinx") moves to dismiss the action transferred from the Northern District of California that is now before this Court as *Xilinx, Inc. v. Intellectual Ventures I LLC, et al.,* C.A. No. 11-666-LPS (the "Transferred Action") because it is duplicative of the separate action already pending before this Court, *Intellectual Ventures I LLC et al. v. Altera Corp. et al.*, C.A. No. 10-1065-LPS (the "Delaware Action"). In the alternative, if the Court does not dismiss the Transferred Action, Xilinx moves to consolidate the Transferred Action (C.A. No. 11-666-LPS) into the Delaware Action (C.A. No. 10-1065-LPS) for all purposes pursuant to Federal

Rules of Civil Procedure 42(a). Because there is no dispute that the two actions pending before this Court involve mirror-image claims between the same parties, concern the same four patents, and even involve the same counsel, this case should be dismissed, or in the alternative, consolidated.

1. On December 8, 2010, Intellectual Ventures I LLC and Intellectual Ventures II LLC ("IV") filed the Delaware Action against three unrelated defendants, alleging infringement of five patents.[1]

2. On February 14, 2011, Xilinx filed this declaratory judgment action in the Northern District of California (the "California Court"), seeking, *inter alia*, declarations of non-infringement and invalidity concerning four of the same patents already at issue in the Delaware Action – the '325, '087, '646, and '669 patents – as well as twelve additional patents. (*See* C.A. No. 11-666 (D.I. 1) (the "Transferred Action")). The next day, on February 15, 2011, IV amended its complaint in the Delaware Action to add claims against Xilinx, alleging, among other things, infringement of the four overlapping patents-in-suit. (*See* C.A. No. 10-1065-LPS (D.I. 17)).

3. Shortly thereafter, IV filed a motion with the California Court seeking, *inter alia*, "severance and transfer of Xilinx's mirror-image declaratory judgment claims so that they can be consolidated with the Delaware Action." (See C.A. No. 11-666 (D.I. 39 at 1)). IV's motion requested "an order severing and transferring **overlapping claims to the District of**

---

[1] The three named defendants are Altera Corporation ("Altera"), Lattice Semiconductor Corporation ("Lattice"), and Microsemi Corporation ("Microsemi"), and the patents asserted against them are U.S. Patent Nos. 5,675,808 (the "'808 patent"); 6,993,669 (the "'669 Patent"); 5,687,325 (the "'325 Patent"); 6,260,087 (the "'087 Patent"); and 6,272,646 (the "'646 Patent").

***Delaware for consolidation with Case No. 10-cv-1065***," the co-pending Delaware Action. (D.I. 78 at 12).[2]

        4.    On July 27, 2011, the California Court issued an order that, *inter alia*, severed and transferred Xilinx's declaratory judgment "claims concerning the patents that are part of the Delaware Action (patents '325, '087, '646 and '669)," and denied Xilinx's motion to enjoin IV from pursuing the overlapping claims in the Delaware Action. (D.I. 86 at 11; *id.* at 6.) The California Court reasoned that, "in granting [IV's] motion to transfer the claims regarding the four 'overlapping' patents to Delaware, concerns for judicial economy and efficiency weigh in favor of not enjoining the Delaware Action against Xilinx but allowing the overlapping patents to be litigated in Delaware." (D.I. 86 at 4.) As a result of this transfer, two separate actions involving mirror-image claims between the same parties concerning the same patents are now pending before the Court, namely the Transferred Action and the Delaware Action.

## I. THIS COURT SHOULD DISMISS THIS DUPLICATIVE ACTION WITHOUT PREJUDICE

        5.    This Court "**has the inherent power to dismiss**" duplicative litigation. *Unitronics, Inc. v. Robotic Parking Sys.*, No. 09-3493, 2010 WL 2545169, at *3 (D.N.J. June 18, 2010); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.") (citation omitted); *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.,* 329 F. Supp. 2d 574, 579 (D. Md. 2004) ("[C]ourts faced with duplicative suits may stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.").

---

[2]    Emphasis added unless otherwise noted.

6. Courts often dismiss duplicative claims where, as here, they are duplicitous of a parallel action pending in the same court on the same subject matter. *See Unitronics, Inc.*, 2010 WL 2545169, at *4 ("[I]t makes no sense to allow additional litigation of the same matter in a second case in this Court. Such duplicative litigation wastes resources and risks interfering with a matter presently pending"); *Ford v. Christiana Care Health Systems,* No. 06-301-MPT, 2008 WL 2061260, at *9 (D. Del. May. 13, 2008) ("It is well settled that a plaintiff 'has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.' Thus, the claims in C.A. 07-529 are both duplicitous of those in the previous actions . . . and are hereby dismissed."); *Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 941, 944 (N.D. Ill. 2006) (dismissing as duplicative a later-filed case involving the same patent, same parties, and same available relief); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d. Cir. 1977) (en banc) ("The pendency of a prior pending action in the same federal court is ground for abatement of the second action.").

7. It is without question that IV "has '***no*** right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, No. 08-309-JJF-LPS, 2009 WL 2016436, *3 (D. Del. July 9, 2009) (quoting *Walton,* 563 F.2d at 70). Yet, that is exactly what IV is trying to do here.

8. IV admitted in its motion submitted to the California Court that the claims of the Transferred Action are duplicitous of those in the Delaware Action already pending before the Court (D.I. 39 at 3):

> Xilinx's claims are ***mirror-image*** declaratory counts that parallel infringement claims and defenses raised in an action against Xilinx (and three of Xilinx's competitors) currently pending before the United States District Court for the District of Delaware. See

4

> *Intellectual Ventures I LLC et al. v. Altera Corp. et al.*, 10-cv-1065-LPS (D. Del.) ("the Delaware Action").

(*Id.* at 16):

> [T]he claims in Xilinx's Complaint are declaratory counts that have ***mirror-image claims*** pending in the District of Delaware.

(D.I. 78 at 2):

> Xilinx's ***claims are mirror-image declaratory counts*** that parallel claims and defenses raised in an action against Xilinx (and three of Xilinx's competitors) in the District of Delaware. Defendants have accordingly requested severance and transfer of those claims to Delaware so that ***Xilinx can simply be added to the pre-existing Delaware Action***.

(*Id.* at 11):

> The Delaware Action involves claims of infringement against Xilinx (and three of Xilinx's competitors) on four patents that Xilinx now includes in this action—the '325, '087, '646, and '669 patents. Those claims will proceed in the Delaware Action regardless of the outcome here.

9. Here, this Court should dismiss the duplicative claims without prejudice. Having asked the California court to transfer this action based in part on its position that "many issues in both litigations are identical," IV cannot now say otherwise. (D.I. 39 at 20).

## II. IN THE ALTERNATIVE, THE TRANSFERRED ACTION SHOULD BE CONSOLIDATED WITH THE DELAWARE ACTION

10. While this Court should dismiss this action as duplicative of the Delaware Action, it may also, at its discretion, consolidate the two actions. "When a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure."[3] *Walton*, 563 F.2d at 69, 71. Consolidation may be implemented to "avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

---

3 Xilinx requested that IV stipulate to the consolidation of the Transfer Action (C.A. No. 11-0666-LPS) and the Delaware Action (C.A. No. 10-0165-LPS) during a teleconference
(Continued . . .)

11. This Court has routinely granted motions to consolidate cases with overlapping questions of fact and law, or to avoid wasteful duplication. *See, e.g.*, *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759 (D. Del. 1991); *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, No. 06-514 GMS, 2007 U.S. Dist. LEXIS 73198 (D. Del. Sept. 30, 2007); *Project Lifesaver Int'l. v. JJCK, LLC*, No. 10-1143-LPS, 2011 WL 2619073, *1 (D. Del. July 1, 2011) ("Here, the Court finds that the interests of judicial economy will be better served by consolidating the two cases. . . . In the Court's view, consolidation in this case will undoubtedly 'streamline and economize pretrial proceedings' and, thereby, avoid duplication of effort."); *Syngenta Seeds, Inc. v. Monsanto Co.*, No. 04-908-SLR, 2005 U.S. Dist. LEXIS 4651, at *10 (D. Del. Mar. 24, 2005) (consolidating antitrust and patent infringement actions despite "minimal factual and legal overlap" because it would be "more efficient than managing the cases separately"); *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, Nos. 04-1337-, 04-1338-, 04-1536-KAJ, 2005 WL 2465898, at *2 (D. Del. May 18, 2005).

12. As explained above, there is no dispute that both actions pending before this Court have common questions of fact and law. Indeed, "many issues in both litigations" are admittedly "identical." (*See* C.A. No. 11-666, D.I. 39 at 20-21.) Because the patents at-issue are the same, legal issues relating to both claim construction and validity will be the same. And both of those issues will be based on the same specification, prosecution histories, prior art and expert

---

(. . . continued)
    on September 20, 2011 and followed up with IV's counsel by email on this issue on September 22. IV's counsel stated that IV would stipulate to consolidation of the two cases. Xilinx submitted a proposed stipulation to IV's counsel on the following day and has not heard back from IV's counsel on whether IV would accept the proposed stipulation. If a written stipulation is entered into while this motion is pending, Xilinx will withdraw as moot paragraphs 10-14 of this motion as well as its request for consolidation in paragraph 15.

testimony. IV has already conceded that these claims against Xilinx should be "simply be added to the pre-existing Delaware Action." (D.I. 39 at 19; D.I. 78 at 2, 11-12).

13. Consolidating both actions would promote judicial economy, save costs, and conserve the resources of the parties and the Court. Absent consolidation, the Court may have to conduct separate *Markman* hearings and multiple trials concerning the same facts and applying the same law. There is no reason to impose such duplication of time and expense on either the Court or the parties.[4] *See Abbott Diabetes Care, Inc.*, 2007 U.S. Dist. LEXIS 73198, at *11 ("judicial resources likely will be conserved by consolidating").

14. IV concedes that consolidating the overlapping claims with the Delaware Action will avoid the burden of duplicative litigation on the parties, Courts, and third-party witnesses. Indeed, IV told this Court in the Delaware Action that it "moved for severance and transfer of Xilinx's claims regarding the '325, '087, '646, and '669 *patents to this District for consolidation with overlapping claims already pending* against Altera, Lattice, and Microsemi."

---

[4] IV agreed consolidating both actions would promote judicial economy. (D.I. 39 at 3 ("[B]oth judicial economy and convenience favor severance and *transfer* of Xilinx's *mirror-image* declaratory-judgment *claims so that they can be consolidated with the Delaware Action*."); *id.* at 16 ("[T]welve of the claims in Xilinx's Complaint are declaratory counts that have mirror-image claims pending in the District of Delaware. Should this Court decide not to dismiss Xilinx's claims outright, those twelve claims should be severed from this action and transferred and *consolidated with the Delaware Action*. Proceeding in that manner will promote judicial economy without creating significant convenience concerns."); *id.* at 19 ("By transferring the overlapping claims to the Delaware Court, all of the issues can be *resolved once* between the parties, saving both the Courts and the parties substantial time and resources in *a single litigation*."); D.I. 78 at 2-3 ("[J]udicial economy favors severance and transfer of overlapping claims to the District of Delaware, so that *only one Court* needs to address the issues of scope, infringement, and validity of the overlapping patents."); *id.* at 9-10 ("[T]ransfer of overlapping claims *for consolidation in the Delaware Action* would promote judicial economy."); *id.* at 12 ("[T]ransfer of overlapping claims *for consolidation in the District of Delaware* ensures that issues of scope, infringement, and validity of the overlapping patents proceed in one Court."); *see also* C.A. No. 10-1065-LPS, D.I. 55 at 9 ("[D]uplicative suits will not only lead to judicial inefficiencies but also impose additional burden on witnesses, including non-parties.")).

(C.A. No. 10-1065, D.I. 55 at 5; *see also* C.A. No. 11-666-LPS (D.I. 78 at 2-3, 9-12)) Nor would consolidation be prejudicial given the early stages of the proceedings. Consolidation will not prejudice any party, but will avoid duplicative efforts by both the parties and the Court.

15. For the foregoing reasons, Xilinx respectfully requests that the Court dismiss without prejudice the Transferred Action, *Xilinx, Inc. v. Intellectual Ventures I LLC, et al.*, C.A. No. 11-666-LPS, or in the alternative, consolidate it into the Delaware Action, *Intellectual Ventures I LLC et al. v. Altera Corp. et al.*, C.A. No. 10-1065-LPS for all purposes.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for Xilinx, Inc.*

OF COUNSEL:

Behrooz Shariati
Laurie M. Charrington
Henry Leslie Welch
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939

September 26, 2011
4500615.5

## RULE 7.1.1. CERTIFICATE

Pursuant to D. Del. LR 7.1.1, counsel for Xilinx Inc. hereby certify that they have made a reasonable effort to reach agreement on the matters set forth in the motion, but that no agreement was reached. Although counsel for Intellectual Ventures I LLC and Intellectual Ventures II LLC agreed to stipulate to consolidation, they later said consolidation was "premature" and did not respond to Xilinx's proposed stipulation by the time of the filing of this motion.

*/s/ Richard J. Bauer*

Richard J. Bauer (#4828)

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 26, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan<br>FARNAN LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Intellectual Ventures I LLC and*<br>*Intellectual Ventures II LLC* | *VIA ELECTRONIC MAIL* |
| John M. Desmarais<br>Michael P. Stadnick<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY  10169<br>*Attorneys for Intellectual Ventures I LLC and*<br>*Intellectual Ventures II LLC* | *VIA ELECTRONIC MAIL* |
| Steven J. Balick<br>Tiffany Geyer Lydon<br>Andrew C. Mayo<br>ASHBY & GEDDES<br>500 Delaware Avenue – 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Lattice Semiconductor*<br>*Corporation* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Alan H. Blankenheimer<br>Jo Dale Carothers<br>Christopher K. Eppich<br>Ian J. Miller<br>COVINGTON & BURLING LLP<br>9191 Towne Centre Drive<br>Sixth Floor<br>San Diego, CA  92122-1225<br>*Attorneys for Lattice Semiconductor Corporation* | *VIA ELECTRONIC MAIL* |
| Robert T. Haslam<br>Kurt G. Calia<br>COVINGTON & BURLING LLP<br>333 Twin Dolphin Drive<br>Suite 700<br>Redwood Shores, CA  94065-1418<br>*Attorneys for Lattice Semiconductor Corporation* | *VIA ELECTRONIC MAIL* |
| Michael N. Kennedy<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Ave., N.W.<br>Washington, DC  20004<br>*Attorneys for Lattice Semiconductor Corporation* | *VIA ELECTRONIC MAIL* |
| Frederick L. Cottrell<br>Anne Shea Gaza<br>Jason J. Rawnsley<br>RICHARDS LAYTON & FINGER, P.A.<br>920 N. Market Street<br>One Rodney Square<br>Wilmington, DE  19801<br>*Attorneys for Microsemi Corporation* | *VIA ELECTRONIC MAIL* |
| Mark A. Samuels<br>Brian Berliner<br>Yixin Zhang<br>O'MELVENY & Myers LLP<br>400 S. Hope Street, #1800<br>Los Angeles, CA  90071<br>*Attorneys for Microsemi Corporation* | *VIA ELECTRONIC MAIL* |

3

| | |
|---|---|
| Michael Myers<br>O'MELVENY & Myers LLP<br>610 Newport Center Dr., 17th Floor<br>Newport Beach, CA  92660<br>*Attorneys for Microsemi Corporation* | *VIA ELECTRONIC MAIL* |
| Jack B. Blumenfeld<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>*Attorneys for Altera Corporation* | *VIA ELECTRONIC MAIL* |
| William F. Lee<br>Lauren B. Fletcher<br>WILMER CUTLER PICKERING HALE<br>  & DORR LLP<br>60 State Street<br>Boston, MA  02109<br>*Attorneys for Altera Corporation* | *VIA ELECTRONIC MAIL* |
| Mark D. Selwyn<br>Joseph H. Haag<br>Evelyn C. Mak<br>WILMER CUTLER PICKERING HALE<br>  & DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA  94304<br>*Attorneys for Altera Corporation* | *VIA ELECTRONIC MAIL* |

*/s/ Richard J. Bauer*

Richard J. Bauer (#4828)