IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALTERA CORPORATION, MICROSEMI CORPORATION, LATTICE SEMICONDUCTOR CORPORATION, and XILINX, INC.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 10-1065 (LPS) |
| XILINX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-666 (LPS) |

**INTELLECTUAL VENTURES' RESPONSE TO XILINX, INC.'S
<u>MOTION TO DISMISS OR CONSOLIDATE</u>**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "the IV entities") do not oppose consolidation of the action transferred from the Northern District of California that is now before this Court as *Xilinx, Inc. v. Intellectual Ventures I LLC, et al.*, C.A. No. 11-666-LPS (the "Transferred Action") with the action already pending before this Court, *Intellectual Ventures I LLC et al. v. Altera Corp. et al.*, C.A. No. 10-1065-LPS (the "Delaware Action"), but respectfully submit that the consolidation should not operate to abrogate

or moot the proposed scheduling order (D.I. 104) submitted by the parties on September 27, 2011 in the Transferred Action.

1. Defendant Xilinx, Inc. ("Xilinx") initiated this litigation by filing a declaratory judgment action ("the California Action") against the IV entities and other parties in the Northern District of California on February 15, 2011. In the interests of judicial economy, the IV entities moved to sever and transfer certain overlapping claims relating to U.S. Patent Nos. 5,678,325, 6,260,087, 6,272,646, and 6,993,669 in the California Action to this Court. Xilinx opposed this transfer. On July 27, 2011, Judge Illston granted the IV entities' motion to sever and transfer the overlapping claims to this Court (D.I. 86), resulting in the Transferred Action.

2. On September 13, 2011, this Court issued an Order in the Transferred Action directing the parties to confer on a scheduling order and submit a proposal to the Court. The parties met and conferred on September 20, 2011, during which the IV entities discussed with Xilinx the possibility of consolidating the Transferred Action with the California Action. As stated in the IV entities' letter to the Court submitted on September 23, 2011 (D.I. 100), the IV entities sought to propose a schedule that could accommodate a consolidated litigation. On September 27, 2011, the parties filed a proposed Scheduling Order (D.I. 104) in the Transferred Action.

3. This action is ripe to proceed—indeed, not only have the parties now filed a proposed Scheduling Order for the Transferred Action in this Court, but before this case was transferred, the parties had submitted a joint case management statement and proposed schedule in Judge Illston's Court (D.I. 85). After losing its venue dispute in the California Action, Xilinx should not now be heard to seek dismissal of its own case or object to moving forward with the

Transferred Action. Likewise, consolidation with the Delaware Action will not impact Xilinx's ability to proceed under the parties' proposed Scheduling Order (D.I. 104). Accordingly, while the IV entities do not oppose Xilinx's request for consolidation, they respectfully submit that such consolidation should not work to abrogate the proposed Scheduling Order or otherwise delay the progress of this action. *See Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) ("The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense. . . .")

        4.        In the Delaware Action, additional defendants Altera Corporation, Microsemi Corporation, and Lattice Semiconductor Corporation (collectively, "the original Defendants") each filed an Answer and Counterclaims no later than March 4, 2011. But for Xilinx's filing of the California Action and the resulting motion practice, the Delaware Action would almost certainly have a schedule in place and be well into discovery by now. If this Court decides to consolidate the Transferred Action with the Delaware Action, the IV entities therefore respectfully request that following consolidation, this Court's Order requiring submission of a proposed schedule in the Transfer Action be amended to govern the Delaware Action as well.[1]

        5.        For all of the foregoing reasons, the IV entities respectfully request that this Court enter an Order denying Xilinx's Motion to Dismiss and instead consolidate the Transferred Action with the Delaware Action. The IV entities further respectfully request that the consolidated litigation as to Xilinx move forward under the proposed Scheduling Order (D.I. 104), and that an Order issue requiring Defendants Altera Corporation, Microsemi Corporation, and Lattice Semiconductor Corporation to join in or respond to the Scheduling Order.

---

[1] With respect to consolidation, Federal Rule of Civil Procedure 42(a)(3) provides that courts may "issue any other orders to avoid unnecessary cost or delay."

DATED:   October 14, 2011                    Respectfully submitted,

    /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

John M. Desmarais (admitted *pro hac vice*)
Michael P. Stadnick (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401
jdesmarais@desmaraisllp.com
mstadnick@desmaraisllp.com

*Counsel for Plaintiffs*