THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 10-1065 (LPS) |
| ALTERA CORPORATION, MICROSEMI CORPORATION, LATTICE SEMICONDUCTOR CORPORATION and XILINX, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| —————————————————— | ) ) | |
| XILINX, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 11-666 (LPS) |
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) | |
| Defendants. | ) ) | |

**XILINX'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR CONSOLIDATE**

In its response to Xilinx's Motion to Dismiss or Consolidate (D.I. 103, the"Motion"), IV[1] does not dispute that this action (No. 11-666-LPS) (the "Transferred Action") is duplicative of the parallel action already pending before this Court as *Intellectual Ventures I LLC et al. v. Altera Corp. et al.,* C.A. No. 10-1065-LPS (the "10-1065 Action"). Nor does IV

---

[1]    "IV" refers to Intellectual Ventures I LLC and Intellectual Ventures II LLC, collectively.

dispute that both actions involve the same patents and the same issues.  With undisputed facts and established case law, there should be no further discussion and the motion should be granted. (*See*, *e.g*., D.I. 103, ¶¶ 5-9);[2] *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d. Cir. 1977) (*en banc*) ("The pendency of a prior pending action in the same federal court is ground for abatement of the second action."); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, C.A. No. 08-309-JJF-LPS, 2009 WL 2016436, *3 (D. Del. July 9, 2009) ("[Patentee] has '*no right* to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'") (quoting *Walton*, 563 F.2d at 70).[3]

Having no response to this authority, IV argues instead that "Xilinx should not now be heard to seek dismissal of its own case or object to moving forward with the Transferred Action [C.A. No. 11-666-LPS]."   (D.I. 106 ¶ 3.)   This statement is contrary to readily ascertainable facts. It was IV, not Xilinx, who first filed suit on these patents in this Court and then obtained "an order severing and *transferring overlapping claims* [from the Northern District of California] to the District of Delaware *for consolidation with Case No. 10-cv-1065*." (*See* D.I. 78 at 12).   IV offers no reason why the Court should not dismiss the Transferred Action; nor could it, given the Third Circuit's "liberal" view towards granting such dismissals. *See In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990);  *Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.*, C.A. No. 08-323, 2009 U.S. Dist. LEXIS 40055, *8 (W.D. Pa. May 12, 2009) (noting that "[t]he Third Circuit has characterized its practice for granting or denying Rule 41(a)(2) dismissals as a 'liberal' one") (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 n.42 (2009));  *DuToit v. Strategic Minerals Corp.*,

---

[2]     All docket entries are in C.A. No. 11-666 (LPS) unless otherwise noted.

[3]     Emphasis added unless otherwise indicated.

136 F.R.D. 82, 85 (D. Del. 1991) (noting plaintiff's motion to voluntarily dismiss under Rule 41(a)(2) "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit") (citation omitted).  Thus, the Court should grant Xilinx's Motion and dismiss the 11-666 Action so the parties may proceed with the claims already before the court in the 10-1065 Action.

IV's only response to the clear authority cited by Xilinx is that it "do[es] not oppose" consolidation, but only if the proposed schedule submitted by Xilinx and IV pursuant to this Court's order in the Transferred Action is imposed on the other defendants in the 10-1065 Action as well, without any opportunity for them to participate in drafting a schedule for the entire case.  (D.I. 106 at 1, ¶ 3; *see id.* ¶ 4 ("IV entities therefore respectfully request that following consolidation, this Court's Order requiring the submission of a proposed scheduled in the Transferred Action be amended to govern the Delaware Action [C.A. No. 10-1065-LPS] as well.").).

IV's position is irrational, and not surprisingly, IV offers no justification, and no authority, for imposing a schedule on parties from the original 10-1065 Action – Altera Corporation, Microsemi Corporation, and Lattice Semiconductor Corporation – who had no opportunity to participate in the setting of the schedule in the first place.[4]  Not only is IV's position prejudicial to those three other defendants, but it is also a  blatant attempt to do an end-around the motions to stay pending reexamination and transfer that remain pending in that case that should be resolved as a threshold matter before either case proceeds.

---

[4]   Indeed, the other defendants "request[ed] the opportunity to be heard before a schedule is set."  (*See* C.A. 10-1065-LPS, D.I. 92.)

For the reasons stated in its Motion and herein, Xilinx respectfully requests that the Court grant its motion to dismiss without prejudice the Transferred Action, *Xilinx, Inc. v. Intellectual Ventures I LLC, et al.*, C.A. No. 11-666-LPS.  In the alternative, if the Court decides to consolidate the Transferred Action into the 10-1065 Action, Xilinx respectfully requests that the Court deny Defendants' request to impose the proposed schedule submitted by the parties in this case on the 10-1065 Action and the additional parties to that action, and defer entering a Scheduling Order until it has resolved the pending motions to stay and transfer, and has afforded all parties an opportunity to participate in the process of setting a case schedule.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com

*Attorneys for Xilinx, Inc.*

OF COUNSEL:

Behrooz Shariati
Laurie M. Charrington
Henry Leslie Welch
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

October 24, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Brian E. Farnan, Esquire
> FARNAN LLP

I further certify that I caused copies of the foregoing document to be served on October 24, 2011, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                     *VIA ELECTRONIC MAIL*
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE  19801

John M. Desmarais, Esquire                              *VIA ELECTRONIC MAIL*
Michael P. Stadnick, Esquire
DEMARAIS LLP
230 Park Avenue
New York, NY  10169

*/s/ Richard J. Bauer*

_____

Richard J. Bauer (#4828)