

**FARNAN**LLP

July 6, 2012

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3556

>    Re:    *Intellectual Ventures I LLC et al. v. Altera Corp. et al.,*
>            Case No. 1:10-cv-1065-LPS

Dear Judge Stark:

   Throughout this litigation, Defendants have attempted several tactics—moving to enjoin Plaintiffs from prosecuting this action, moving for transfer to the Northern District of California, and moving to stay based on reexaminations that they initiated—to frustrate and delay Plaintiffs' case. Defendants' protective order proposals continue that trend. No good cause[1] exists for the severe restrictions Defendants seek for the production of core technical documents. Not only do such restrictions contravene this Court's precedent, but the Defendants *have themselves* produced the *same* materials in other litigations *without* those heightened protections. Meanwhile, Defendants' proposed provisions concerning "competitive decision-makers" and an acquisition bar are both unnecessary and overbroad, at least because the protective order will already bar counsel from using materials provided in discovery for purposes other than those connected to the litigation. Defendants have yet to produce a single document. Plaintiffs respectfully request that the Court deny Defendants' requested protective order provisions so that Plaintiffs can reasonably obtain the discovery to which they are entitled.

**<u>No Good Cause Exists For Defendants' Requested "Source Code" Designation.</u>**
Plaintiffs refuse to produce RTL/HDL documents (in Verilog or VHDL format), engineering specifications, netlist descriptions, GDSII layout files, and other documents concerning the design and layout of the accused products to Plaintiffs' outside counsel in PC-compatible format on an outside counsel only basis. In their letter, Defendants fail to even mention—let alone justify—the severe limitations they seek to impose on the production of such documents. Those limitations would make critical technical documents[2] available for review only at counsel's offices or another single secure site for each Defendant. Moreover, Plaintiffs' ability to print materials would be subject to extraordinary limits on consecutive and total pages that can be printed during the duration of the entire case (20 and 500 pages, respectively).

   Defendants contend that "disclosure of these materials would cause significant competitive harm." But Defendants fail to inform the Court that they have previously produced the *very same* documents in other litigations *without* such restrictive conditions. For example, in

---

[1] *See Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 183 (D. Del. 2010) ("A party seeking a protective order has the burden of showing good cause for its issuance.").
[2] Despite Defendants' efforts to afford them extraordinary protections simply by calling them "source code," the documents that Defendants seek to protect are not actually source code.

*Lonestar Inventions, L.P. v. Xilinx, Inc.*, Xilinx agreed to provide its source code, RTL documentation, and other hardware description language documents to plaintiff's outside counsel on CD-ROM.[3]  Similarly, in *Pact XPP Techs., AG v. Xilinx*, Xilinx agreed to make three copies of its source code and schematics available to opposing party's outside counsel, with the caveat that these copies not be excerpted, copied, or printed from except as reasonably necessary over the course of litigation.[4]  In *Altera Corp. v. LSI Corp. and Agere Systems, Inc.*, Altera agreed to impose restrictions similar to those discussed above **only** on the production of source code, and not on the production of "source code information," a term that encompassed schematics and engineering specifications.[5]  And in *Stragent, LLC, et al. v. Freescale Semiconductor, Inc., et al*, Lattice agreed to reserve the "Restricted Confidential" designation—and its accompanying stringent restrictions on production—only for source code.[6]  Defendants do not—and cannot—articulate any reason why this case should be any different.[7]

Indeed, the **only** relevant Delaware decision identified by the parties rejected a similar attempt to impose severe restrictions on the discovery of the specifications, RTL/HDL files, and other types of documents at issue here.  In *ProMOS Techs., Inc. v. Freescale Semiconductor, Inc.*, the defendant—like Defendants here, a semiconductor manufacturer—sought to restrict the production of RTL documents, schematics, circuit diagrams, and other documents showing the design and layout of its accused products to on-site inspection on a single computer at defendant's office, and sought to impose severe printing restrictions.[8]  Like here, the defendant in *ProMOS* attempted to restrict plaintiff's counsel's ability to print relevant documents or create electronic copies of the RTL documentation.[9]  The Court, agreeing that such materials are not properly subject to source-code type protections, ordered the defendant to produce electronic copies of the relevant RTL documentation and to generate and produce relevant circuit diagrams.[10]

**Defendants' Proposed "Competitive Decision-Maker" and "Acquisition Bar" Provisions Are Unnecessary And Overbroad.**  The parties have already agreed that the protective order will bar outside counsel from using confidential information obtained in this

---

[3] *See* Ex. A, D.I. 24, Agreed Protective Order at 9-10, *Lonestar Inventions, L.P. v. Xilinx, Inc.*, Case No. 6:07-CV-393 (E.D. Tex. Mar. 5, 2008).

[4] *See* Ex. B, D.I. 150, Supplemental Protective Order at 1-2 , *Pact XPP Techs., AG v. Xilinx, Inc. and Avnet, Inc.*, Case No. 2:07-CV-00563-RSP (Jan. 24, 2011).

[5] *See* Ex. C, D.I. 30, Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets at 2-4, 13, *Altera Corp. v. LSI Corp. and Agere Sys., Inc.*, Case No. 4:11-cv-03139-CW (N.D. Cal. Oct. 3, 2011).

[6] *See* Ex. D, D.I. 64, Agreed Protective Order at 1, 6-12, *Stragent LLC, et al. v. Freescale Semiconductor, Inc., et al.*, Case No. 6:10-CV-00224-LED-JDL (E.D. Tex. Mar. 25, 2011).

[7] The protective orders cited by Defendants—none of which are from cases in this District—are readily distinguishable. In many cases, the terms of those protective orders were stipulated to by the parties. Furthermore, the cited orders are far less restrictive of discovery than the provisions Defendants propose here. *See, e.g.*, D.I. 137-1, Exhibit 7 at § 5.3(a) (providing for production of defendant's RTL, HDL, hardware description documents, and source code on CD-ROM to trial counsel of plaintiff).

[8] *See* Ex. E, D.I. 62, Plaintiff ProMOS Technologies, Inc.'s Motion To Compel at 1-2, 6-8, 12-15, *ProMOS Techs., Inc. v. Freescale Semiconductor, Inc.*, Case No. 1:06-cv-00788-JJF (D. Del. Aug. 30, 2007).

[9] *See id.* at 2.

[10] *See* Ex. F, D.I. 82, Order Granting Motion to Compel, *ProMOS Techs., Inc. v. Freescale Semiconductor, Inc.*, Case No. 1:06-cv-00788-JJF (D. Del. Oct. 31, 2007).

case for any purpose other than in connection with this action. That alone should allay Defendants' unfounded concerns concerning misuse of confidential information.

Nevertheless, more than nineteen months after this case was filed, Defendants now suggest for the first time that a "serious risk of irreparable competitive harm" exists to Defendants because lead counsel for Plaintiffs, John Desmarais, is also the president of Round Rock Research LLC ("Round Rock"). But Mr. Desmarais—even if considered a competitive decision-maker of Round Rock—is neither a party to this case nor a competitor to any party in this case. Nor is Round Rock a party or competitor of a party. Furthermore, Mr. Desmarais has agreed not to participate in any future Round Rock activities adverse to any of the Defendants. Therefore, no reason exists for Defendants' "competitive decision-maker" proposal.[11]

Defendants' proposed acquisition bar, in turn, seeks to prohibit any recipient of their confidential information from engaging or advising in the acquisition of patents involving the technology at issue in this litigation. No good cause exists for such a restriction, which would restrict outside counsel from advising *any* of its clients on the potential acquisition of patents without justification. As explained above, the protective order will already bar counsel from using confidential materials for any purpose other than in connection with the litigation.

Respectfully submitted,

*Brian E. Farnan*

Brian E. Farnan

cc: Counsel of Record (via e-filing)

---

[11] While Defendants suggest that their proposed provision will cause no harm if Plaintiffs' counsel are not "competitive decision-makers," Defendants' proposed provision is contrary to law and seems calculated to establish a legally erroneous standard upon which to litigate a forthcoming motion to exclude Plaintiffs' counsel from accessing confidential information. Decisions to exclude counsel from accessing confidential litigation materials must be made on a case-by-case, person-by-person basis, to assess (1) whether an unreasonably high risk of improper disclosure *actually* exists, and (2) if so, whether that risk outweighs the harm to the litigant whose counsel is affected. *See In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1381 (Fed. Cir. 2010); *Xerox*, 270 F.R.D. at 184; *Wi-Lan, Inc. v. Acer, Inc.*, No. 2:07-cv-473-TJW, 2009 WL 1766143, at *4 (E.D. Tex. Jun. 23, 2009); *NeXedge LLC v. Freescale Semiconductor, Inc.*, 820 F. Supp. 2d 1040, 1042 (D. Ariz. 2011). Defendants seek to side-step that analysis by creating a protective order category of "competitive decision-makers" who are *per se* barred from accessing confidential information.