## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, ) ) ) ) | |
| Plaintiffs, ) ) | C.A. No. 10-1065-LPS |
| v. ) | **(CONSOLIDATED)** |
| ) | |
| ALTERA CORPORATION, MICROSEMI CORPORATION, LATTICE SEMICONDUCTOR CORPORATION, and XILINX, INC., ) ) ) ) ) | |
| Defendants. ) ) ) ) | |

### [PROPOSED] STIPULATED AMENDED PROTECTIVE ORDER

The Parties Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV"), Altera Corporation ("Altera"), Microsemi Corporation ("Microsemi"), Lattice Semiconductor Corporation ("Lattice"), and Xilinx, Inc. ("Xilinx") (collectively, "Defendants"), recognize that information and materials sought, produced, and/or exhibited in this matter by the Parties or produced by third parties may contain confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action would be warranted.

To expedite the flow of discovery material, to facilitate prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure only materials entitled such confidentiality are subject to confidential treatment, and to ensure the Parties are permitted reasonably necessary use of such materials in preparation for and during trial, the Parties hereby stipulate to the following

1

protective order and pursuant to Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED THAT**:

1. **PURPOSES AND LIMITATIONS**

    1.1    This Amended Protective Order ("Protective Order") is intended to protect confidential, proprietary, and/or private information for which special protection from public disclosure is permitted that is likely to be produced or disclosed in this action.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

    1.2    To the extent that any one of Defendants in this litigation provides Protected Material under the terms of this Protective Order to Plaintiffs, Plaintiffs shall not share that material with the other Defendants in this litigation, absent a further Court order or express written permission (including through email) from the producing Defendant or its counsel.   This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant.

2. **DEFINITIONS**

    2.1    "CONFIDENTIAL" Information or Items:  Confidential information (regardless of how generated, stored, or maintained) or tangible things that the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or  (iii) protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

2.2     Counsel (without qualifier):   Outside Counsel or In-House Counsel and all support staff thereof.

2.3     Designating Party: A Party or non-party that designates information or items that it produces in Disclosure or Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.4     Disclosure or Discovery Material:   All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, generated, or otherwise provided in this action by the Parties or by non-parties.

2.5     Expert:  A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consulting expert in this action and who is not a current officer, director, or employee of a Party or of a competitor of a Party and who, at the time of retention, does not anticipate becoming an officer, director or employee of a Party or of a competitor of a Party. Nothing in this order purports to change the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

2.6     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  "CONFIDENTIAL" Information (as defined in 2.1 above) whose disclosure to another Party or non-party would create a substantial risk of harm to the competitive position of the Producing Party.

2.7     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items

representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    2.8    In-House Counsel:  Attorneys who are employees of a Party, or attorneys who are independent contractors of a Party and provide legal advice on an exclusive basis to that Party.

    2.9    Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.10    Party:  Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

    2.11    Producing Party:  A Party or non-party that discloses or produces Disclosure or Discovery Material in this action.

    2.12    Professional Vendors:  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; electronically stored information (ESI) consulting or document management; preparing exhibits or demonstrations; document management; jury consulting; mock trial coordination) and their employees and subcontractors (including, but not limited to, mock jurors).

    2.13    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL - SOURCE CODE" as provided for in this Order.

    2.14    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party in this action.

**3.    SCOPE**

3.1    The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material, as well as copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by a Party or Counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

4.1    Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees or a court order directs otherwise.

4.2    This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, experts, consultants, and all other persons or organizations over which the Parties have control.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    _Manner and Timing of Designations:_ Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.  Designation in conformity with this Order shall be made as follows:

(a)    _For information in documentary (including "electronically stored information") form_ (apart from transcripts of depositions or other pretrial or trial proceedings) the Designating Party shall affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL - SOURCE CODE" conspicuously on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

(b)   For testimony given in deposition or in other pretrial or trial proceedings the Designating Party shall specify any portions of the testimony that it wishes to designate no later than 10 business days after the final transcript of the deposition or other proceeding has been received.   For deposition transcripts, the Party or non-party may identify the entirety of a transcript as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL - SOURCE CODE" but all deposition transcripts not designated during the deposition will nonetheless be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of

the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

       (c)      <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

       5.2    <u>Inadvertent Failure to Designate Properly:</u>  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated.  Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order.  The Designating Party shall provide substitute copies of documents bearing the confidentiality designation.  Upon receiving substitute copies, the Receiving Parties shall return or securely destroy, at the Designating Party's option, all material that was not designated properly.

6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   Timing of Challenges:   A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer:   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by identifying, in writing, the documents or information that the challenging Party contends should be differently designated, and the basis for its belief that the confidentiality designation is improper.   The Designating Party shall, within seven (7) calendar days after receiving such written notice, advise the challenging party, in writing, of the basis for its designation or re-designation.   Within seven (7) calendar days thereafter, the parties shall meet and confer directly in good faith to resolve the matter.

6.3   Judicial Intervention:   A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party (as described in the preceding section) may, within seven (7) days of the parties' meet-and-confer, seek the Court's assistance in resolving the dispute in accordance with the Court's discovery dispute procedures. The burden shall be on the Designating Party to justify its asserted confidentiality designation.

7.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   Basic Principles:   A Receiving Party may use Protected Material that is disclosed or produced by another Party or non-party in connection with this action only for prosecuting defending, or attempting to settle this action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When this action has

8

been terminated, a Receiving Party must comply with the provisions of Section 10 (FINAL DISPOSITION), below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access to the Protected Material is limited to the persons authorized under this Order.

7.2   <u>Procedures for Disclosure and Review of Material Designated "HIGHLY CONFIDENTIAL - SOURCE CODE."</u>   Information or Items designated "HIGHLY CONFIDENTIAL - SOURCE CODE" (as defined in Section 2.7) will be made available for review at the following locations:  (1) For Altera, Wilmer Hale, 950 Page Mill Road, Palo Alto, CA 94304, or at any location mutually agreed to by Plaintiffs and Altera; (2) For Xilinx, Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303, or at any location mutually agreed to by Plaintiffs and Xilinx; (3) For Lattice, Lattice Semiconductor Corporation, 2660 Zanker Road, San Jose, California 95134, or at any location mutually agreed to by Plaintiffs and Lattice; and (4) For MicroSemi, O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA 94025, or at any location mutually agreed to by Plaintiffs and Microsemi.  The following conditions shall govern the production, review, and use of Information or Items designated "HIGHLY CONFIDENTIAL - SOURCE CODE" ("SOURCE CODE") and shall displace all such procedures and conditions set forth in the Delaware Default Standard For Access to Source Code in their entirety:

(a)   Upon reasonable notice by the Receiving Party of no less than three (3) business days, all Information or Items designated "HIGHLY CONFIDENTIAL - SOURCE CODE" will be made available for review between 8:00 am and 6:00 pm, and any other time that is reasonable under the circumstances, by the Producing Party to the Receiving Party's outside

counsel and/or Experts in a secured room on a secured computer at the following locations: (1) For Altera, Wilmer Hale, 950 Page Mill Road, Palo Alto, CA 94304, or at any location mutually agreed to by Plaintiffs and Altera; (2) For Xilinx, Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303, or at any location mutually agreed to by Plaintiffs and Xilinx; (3) For Lattice, Lattice Semiconductor Corporation, 2660 Zanker Road, San Jose, California 95134, or at any location mutually agreed to by Plaintiffs and Lattice; and (4) For MicroSemi, O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA 94025, or at any location mutually agreed to by Plaintiffs and Microsemi or alternatively, via a remotely accessible secured computer, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any information outside or away from the computer on which the information is provided for inspection (the "Computer"). To the extent review of SOURCE CODE information is reasonably necessary for trial, the Parties shall negotiate in good faith, during the pre-trial phase of the case, the location of and conditions for access and review of SOURCE CODE information. The Producing Party shall install reasonable tools or programs on the Computer to allow the Receiving Party to review and search the SOURCE CODE information if such tools exist and are presently used in the ordinary course of the Producing Party's business.   If the Receiving Party requires additional program(s) or review tool(s) or any particular type of program or review tool in addition to the reasonable tools or programs provided by the Producing Party, the Requesting Party shall provide (at the Receiving Party's cost) a licensed copy of the additional program(s) or review tool(s) to the Producing Party in reasonable advance of the inspection.

   (b)  The Receiving Party's outside counsel and/or Experts shall be entitled to take notes relating to the SOURCE CODE information, but may not copy the SOURCE CODE

information into the notes.  Such notes shall be subject to the provisions of section (g) below. No copies of all or any portion of the SOURCE CODE information may leave the room in which the information is inspected unless otherwise provided herein.  Furthermore, no other written or electronic record of the SOURCE CODE information is permitted except as otherwise provided herein.

      (c)     The Producing Party shall make available a color laser printer with commercially reasonable printing speeds for on-site printing during inspection of the SOURCE CODE information or in the alternative at the Producing Party's discretion, provide a mechanism by which the Receiving Party may designate certain portions of the information for printing by the Producing Party.  The Receiving Party may print limited portions (or designate portions for printing by the Producing Party) of the SOURCE CODE information only when necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other Party (including a testifying expert's expert report).  The Receiving Party shall print or designate for printing only such portions as are reasonably necessary for the purposes for which any part of the SOURCE CODE information is printed at the time, but shall not request paper copies for the purpose of reviewing SOURCE CODE Information in the first instance.   The Receiving Party shall print or designate for printing only such portions as are reasonably necessary for the purposes for which any part of the information is printed at the time, but shall not request paper copies for the purpose of reviewing Information in the first instance.  In no event may the Receiving Party print more than 40 consecutive pages and no more than 2000 pages of information in aggregate per Defendant during the duration of the case without prior written consent by the Producing Party, which will not be unreasonably withheld.

Upon printing any such portions of SOURCE CODE information, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed or designated for printing by the Receiving Party. Within five (5) business days, the Producing Party shall either (i) send one copy set of such pages to the Receiving Party, for next day business delivery, or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, either party shall be entitled to seek Court intervention to resolve the dispute. The burden shall be on the Producing Party to demonstrate that such printed portions are more than reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.

(d)     A list of names of persons who will view the SOURCE CODE information will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection, and in no event later than four (4) days in advance of such inspection. The Receiving Party in cooperation with the Producing Party shall maintain a daily log of the names of persons who enter the locked room to view the SOURCE CODE information and when they enter and depart. The Producing Party shall be entitled to have a person observe the activities of the Receiving Party's representatives during any such review, but only to ensure that such activities are permitted under this Order, and to receive a copy of the log. The Producing Party shall not, however, be allowed to monitor the conduct of the Receiving Party in such a manner as to obtain information that would otherwise be protected from disclosure by the Receiving Party's claim of attorney-client privilege, the work product immunity, or any other privilege, doctrine, right, or immunity.

(e)     Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or Experts shall remove all notes, documents, and all other materials from the review room.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(f)     Other than as provided in section (c) above, the Receiving Party shall not copy, remove, or otherwise transfer any information from the Computer including, without limitation, copying, removing, or transferring the information onto any other computers, peripheral equipment, storage devices, or storage media.  The Receiving Party will not transmit any "HIGHLY CONFIDENTIAL - SOURCE CODE" information in any way from the Producing Party's facilities or the offices of its Outside Counsel of record.

(g)     The Outside Counsel and Experts (who have been approved to access information under Sections 7.4-7.6) for a Receiving Party shall maintain and store any paper copies of the SOURCE CODE information or notes related to such SOURCE CODE information (as referenced in section (b) above) at their offices in a manner that prevents duplication of or unauthorized access to the information or notes, including, without limitation, storing the SOURCE CODE information or notes in a locked room or cabinet at all times when those materials are not in use.

(h)     The Receiving Party's Outside Counsel of record may make no more than five additional paper copies of any portions of the SOURCE CODE information printed pursuant to Section 7.2(c), not including copies attached to court filings, copies used at depositions, or copies made by Outside Counsel for the purposes of drafts, etc. The Receiving Party's Outside Counsel of record shall maintain a log of all copies of the information (received from a Producing Party) that are provided by the Receiving Party to any qualified person under Section

7.5(b)-(i).   The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.   Any paper copies of information shall be designated "HIGHLY CONFIDENTIAL - SOURCE CODE" and shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party, (ii) the offices of Experts who have been approved to access information under Section 7.6, (iii) the site where any deposition is taken, (iv) the Court, or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition.   Any such paper copies shall be maintained at all times in a locked and secure location.   The Producing Party shall not unreasonably deny a Receiving Party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order.   The Producing Party shall be entitled to a copy of the log upon request, but the Producing Party may only request such a log one time per month and at the conclusion of the litigation.   If the Producing Party believes in good faith that there has been access to HIGHLY CONFIDENTIAL – SOURCE CODE information not in compliance with this Order, the Parties shall meet and confer to address and resolve the concern.   If, after meeting and conferring the Parties cannot resolve the concern, the Producing Party shall be entitled to seek a Court resolution of whether there has been access to HIGHLY CONFIDENTIAL – SOURCE CODE information not in compliance with this Order.   The burden shall be on the Producing Party to demonstrate that there has been access to HIGHLY CONFIDENTIAL – SOURCE CODE information not in compliance with this Order.

(i)     The Receiving Party may include excerpts of information in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE").   The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the information is

used.  To the extent portions of information are quoted from SOURCE CODE, either (i) the entire document will be stamped RESTRICTED, or (ii) those pages containing quoted information will be separately bound, and stamped as RESTRICTED.  All SOURCE CODE shall be filed under seal.  Copies of SOURCE CODE information that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(j)     All paper copies of SOURCE CODE shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition).

(k)     The Receiving Party may only create an electronic copy or image (e.g., a scan of the information to a PDF, or a photograph of a document) of selected portions of the SOURCE CODE information and only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other Party (including expert reports).  Images or copies of information shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

7.3     Disclosure of "CONFIDENTIAL" Information or Items:   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary to conduct this action (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order and will

appropriately disclose these terms and conditions to all employees who will have access to information pursuant to the Order);

(b)     The officers, directors, employees, or consultants, whether full or part time (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (attached hereto as Exhibit A) and provided an executed copy to all Parties prior to receiving Protected Material, and for which no unresolved objections to such disclosure exist after compliance with a procedure conforming to the requirements set out in Section 7.6 below;

(c)     Experts (as defined in Section 2.5, above) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.6 below.  Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL" material produced by another Defendant in this matter.

(d)     The Court and its personnel;

(e)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(f)     Court reporters and videographers employed in connection with this case;

(g)    Professional Vendors to whom disclosure is reasonably necessary to conduct this action and a representative of which has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(h)    Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony; and

(i)    During deposition and/or at trial, current employees of the Producing Party that produced the documents or information.

(j)    Any other person with the prior written consent of the Producing Party.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    The Receiving Party's Outside Counsel of record in this action, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary to conduct this action (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order, and will make appropriate disclosure of these terms and conditions to all employees who will have access to information pursuant to the Order);

(b)    Experts (as defined in Section 2.5, above) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the

"Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) and provided an executed copy to all Parties prior to receiving Protected Material and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.6 below.  Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by another Defendant in this matter;

(c)    The Court and its personnel;

(d)    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(e)    Court reporters and videographers employed in connection with this case;

(f)    Professional Vendors to whom disclosure is reasonably necessary to conduct this action and a representative of which has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(g)    Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony; and

(h)    During depositions, current employees of the Producing Party that produced the documents or information.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be separately bound by the court reporters and may not be disclosed to anyone except as permitted under this Order.

(i)    Any other person with the prior written consent of the Producing Party.

7.5     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with the provisions of Section 7.2 of this Order and only to:

(a)     The Receiving Party's Outside Counsel of record in this action, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary to conduct this action (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order, and will make appropriate disclosure of these terms and conditions to all employees who will have access to information pursuant to the Order);

(b)     Experts (as defined in Section 2.5, above) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) and provided an executed copy to all Parties prior to receiving Protected Material and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.6 below.  Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "HIGHLY CONFIDENTIAL – SOURCE CODE" material produced by another Defendant in this matter;

(c)     The Court and its personnel;

(d)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(e)     Court reporters and videographers employed in connection with this case;

(f)     Professional Vendors to whom disclosure is reasonably necessary to conduct this action and a representative of which has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(g)     Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony; and

(h)     During depositions, current employees of the Producing Party that produced the documents or information.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be separately bound by the court reporters and may not be disclosed to anyone except as permitted under this Order.

(i)     Any other person with the prior written consent of the Producing Party.

7.6     <u>Procedures for Approving Disclosure of Protected Material to Experts:</u>

(a)     A Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" first must notify, in writing (including via email), the Designating Party of its intent to make such a disclosure.   The notification shall include a copy of the Expert's current *curriculum vitae* and must identify:

(i)     The full name of the Expert and the city and state of the Expert's primary residence;

(ii)     The Expert's current employer(s);

(iii)    Each person or entity from whom the Expert has received compensation for work in his/her area of expertise or to whom the expert has provided professional services in his/her area of expertise at any time during the preceding five (5) years;

(iv)     Any legal action (by name and number of the case, filing date, and court) in connection with which the Expert has provided any professional services in his/her area of expertise during the preceding five (5) years; and

(v)      Any previous or current contractual relationship with any of the Parties.

The Party that seeks to make such disclosure to an expert of any information or item that has been designated Protected Material  need not identify to the Designating Party said information or item to be disclosed.

(b)     A Party that provides the notice described in the preceding section may disclose the subject Protected Material to the identified Expert unless, within fourteen (14) days of receipt of the notice, the Party receives an objection to the disclosure, in writing (including via email), from the Designating Party.  Any such objection must be for good cause and must set forth in detail the grounds on which it is based.  In the absence of an objection at the end of the fourteen (14) day period, the Expert shall be deemed approved under this Protective Order.

(c)     A Party that receives a timely written objection as described in the preceding section must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days following the objection.  Only if no agreement is reached after

the meet and confer, either party may seek the Court's assistance in accordance with the Court's procedures for resolving discovery disputes within seven (7) days from the date of the meet and confer. If relief from the Court is not sought within that time, the objection shall be deemed withdrawn. If relief is sought, designated material shall not be disclosed to the Expert in question until the Court resolves the objection. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the specific designated Expert.

(d) An initial failure to object to an Expert under this section shall not preclude the nonobjecting party from later objecting to continued access by that Expert for good cause.

## 8.   FILING PROTECTED MATERIAL

8.1   All Protected Material must be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

## 9.   USE OF PROTECTED MATERIAL AT COURT HEARINGS OR PROCEEDINGS

9.1   The use of Protected Material at any Court hearing or proceeding shall be as directed by the Court.

9.2   In the event that any material designated as Protected Material is used in any Court hearing or proceeding, the Party proffering the Protected Material may request that the Court close the courtroom, but the decision of whether to do so rests with the judge presiding at the hearing or proceeding.

10.    **FINAL DISPOSITION**

10.1    Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action, including all appeals (or 30 days after the time to appeal has lapsed), each Receiving Party must destroy or return, at the Producing Party's request, all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30)-day deadline.

10.2    Notwithstanding the preceding section, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.  In addition, notwithstanding the preceding section, Counsel are entitled to retain any copies that exist on back up tapes or other media used for disaster recovery purposes, provided that such copies will not be accessed except upon notice to the Producing Party.

11.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

11.1    If a Receiving Party is served with a subpoena or an order issued in other action that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing immediately so that the Designating Party has an opportunity to object to the disclosure of Protected Material.  Such notification must include a copy of the subpoena or court order.

11.2    The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other action that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party that caused the subpoena or order to issue in the other action.

11.3    The purpose of imposing this duty is to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court.

11.4    Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.5    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party, in writing, of the

unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person(s) execute the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

**13.     LIMITATIONS ON PATENT PROSECUTIONS AND REEXAMINATIONS**

13.1     Absent written consent from the Producing Party, any individual affiliated with a Receiving Party who reviews or otherwise learns of non-public technical information relating to one or more of the products accused of infringement in this litigation that has been produced in this case and designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE by a party shall not participate, directly or indirectly, in the prosecution of any patent or patent application anywhere in the world (including, without limitation, originally filed applications, provisionals, non-provisionals, continuations, divisions, continuations-in-part, reexaminations, or reissues), nor engage in the acquisition (either directly or indirectly) of any patent or patent application (including, without limitation, originally filed applications, provisionals, non-provisionals, continuations, divisions, continuations-in-part, reexaminations, or reissues) involving the technology at issue in this litigation, and John Desmarais shall not personally participate in or supervise any patent assertion activity at Round Rock Research LLC ("Round Rock Research") involving the Defendants, Defendants' products, or Defendants' customers' use of Defendants' products, and shall screen himself from any such patent assertion activity at Round Rock Research. Notwithstanding the forgoing, if Mr. Desmarais or Round Rock Research should ever learn that Mr. Desmarais has inadvertently been involved in patent assertion activity at Round Rock Research involving the Defendants, Defendants' products, or Defendants' customers' use of

Defendants' products, Mr. Desmarais shall immediately screen himself and refrain from any involvement in such patent assertion activity at Round Rock Research from that time forward. Notwithstanding the forgoing, these provisions are not intended and shall not preclude any Outside Counsel from participating in any reexamination proceedings involving the patents-in-suit except that Outside Counsel shall not draft or assist in the drafting of any claim or amendment to any claim of the patents-in-suit for a period ending one year after the resolution of this litigation (including any appeals).  This prohibition shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual.  This prohibition shall extend from the time of receipt of such information through and including two (2) years following the entry of a final nonappealable judgment or order or the complete settlement of all claims against the Party or Parties whose information was received or reviewed.

**14.   <u>MISCELLANEOUS</u>**

14.1   <u>Right to Further Relief:</u> Nothing in this Order abridges the right of any person to seek further or additional protection of any Disclosure or Discovery Material or to seek modification of the Order by the Court in the future.

14.2   <u>Right to Assert Other Objections:</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3   <u>No Restriction on Advising Client:</u> Nothing in this Order shall be construed to prevent Counsel from advising their respective clients regarding this case, even if Counsel must

rely on Protected Information in formulating such advice, as long as no Protected Information is disclosed in violation of this Order.

14.4   Limitation on Discovery from Experts:   Absent good cause, drafts of expert reports are not discoverable.   Additionally, communications between an Expert (as defined in Section 2.5) and a Party's Counsel are not discoverable except as provided in Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure.   Reports and materials exempt from discovery under this section shall be treated as attorney work product for the purposes of this case and Protective Order.

## 15.   INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

15.1   If any Party, through inadvertence, produces any Disclosure or Discovery Material information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the Producing Party may give written notice to the Receiving Party that such Disclosure and Discovery Material is deemed privileged and that return of such Disclosure and Discovery Material is requested.  Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of such Disclosure and Discovery Material of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party. The return of such Disclosure and Discovery Material to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Disclosure and Discovery Material on the basis that any privilege applicable thereto has been waived. However, the inadvertent production of  privileged or otherwise protected Disclosure or Discovery Material in this case shall not be deemed—and the Parties expressly waive their rights

to argue otherwise—to constitute a waiver of any privilege or protection that otherwise would adhere to the Disclosure or Discovery Material information.

SO ORDERED THIS _____ day of _____, 2013.


_____
The Honorable Leonard P. Stark

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED</u>

<u>PROTECTIVE ORDER</u>

I, _____ [print or type full name], of _____ [print or type

full address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the District of

Delaware on [date] in the case of Intellectual Ventures I LLC et al. v. Altera Corp., et al., C.A.

No. 10-1065-LPS. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in  any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my Delaware agent for service of process in connection with this Action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____
                              [printed name]

Signature: _____
                       [signature]

29