

September 17, 2013

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3556

Re:  <u>Intellectual Ventures I LLC et al. v. Altera Corp. et al.</u> (C.A. No. 10-cv-1065-LPS)

Dear Judge Stark:

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs") and Defendants Altera Corp. and Xilinx, Inc. (collectively, "Defendants") have reached an impasse concerning the allocation of time for certain expert depositions. As explained below, Plaintiffs have proposed an objectively reasonable compromise that would apply to all experts—namely, that each expert be made available for deposition for up to seven hours, plus an additional four hours for each additional report disclosed by that expert. By contrast, Defendants' proposal flows from the misguided premise that both sides should be entitled to equal deposition time, despite the fact that Defendants have disclosed nearly twice as many experts and expert reports as Plaintiffs. For the reasons set forth below, Plaintiffs respectfully request that this Court adopt their "7 plus 4" proposal.

**The Parties' Experts and Expert Reports**: Plaintiffs have disclosed three expert witnesses—one for infringement, one for invalidity, and one for damages—and those experts have served a total of five reports. Defendants, on the other hand, have disclosed multiple experts and multiple reports on each of those issues, presenting a total of nine reports from five witnesses. The parties' expert disclosures are summarized below:

| **Plaintiffs' Experts (3) and Reports (5)** | **Defendants' Experts (5) and Reports (9)** |
|---|---|
| Robert Zeidman | Carl Sechen |
| • Infringement – Altera | • Non-infringement – Altera (2 patents) |
| • Infringement – Xilinx | • Non-infringement – Xilinx (2 patents) |
| Donald Soderman | Majid Sarrafzadeh |
| • Validity | • Non-infringement – Altera (3 patents) |
| Michael Wagner | • Non-infringement – Xilinx (2 patents) |
| • Damages – Altera | • Invalidity (3 patents) |
| • Damages – Xilinx | Miguel Gomez |
| | • Invalidity (2 patents) |
| | Julie Davis |
| | • Damages – Altera |
| | • Damages – Xilinx |
| | Carl Shapiro |
| | • Alleged "royalty stacking" |

919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777-0300 • FAX: (302) 777-0301 • WWW.FARNANLAW.COM

**Plaintiffs' Proposal**: Plaintiffs propose that each expert be made available for up to seven hours (as set forth in the Federal Rules of Civil Procedure), plus an additional four hours for each additional report served by that expert. The proposal would apply equally to both sides' experts, and it would ensure that both sides have ample opportunity to explore each expert's opinions and the bases for those opinions. At the same time, Plaintiffs' proposal recognizes that where an expert has issued multiple reports, no need exists to duplicate testimony on the expert's background, qualifications, methodology, or other topics not specific to any party. As such, Plaintiffs' proposal ensures that the depositions will proceed as efficiently as possible.

**Defendants' Proposal**: During the meet-and-confer process, Defendants contended that the total deposition time allocated to each side should be basically equal. But as explained above, Defendants have disclosed reports from two additional experts (five experts and nine reports in total, versus Plaintiffs' three experts and five reports). No dispute exists that each expert must be made available for deposition for up to seven hours—indeed, Defendants did not request any deviation from that default rule during the parties' case management negotiations more than eighteen months ago. Instead, Defendants chose to select their experts and serve their reports under the default limits. Accordingly, it makes sense that Plaintiffs would be entitled to additional total deposition time. Defendants nevertheless now propose shifting that common-sense outcome by increasing the allocated deposition time for Plaintiffs' experts:

| **Plaintiffs' Experts** | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| Robert Zeidman<br>• Infringement – Altera<br>• Infringement – Xilinx | 11 hours (7+4) | 14 hours |
| Donald Soderman<br>• Validity | 7 hours | 12 hours |
| Michael Wagner<br>• Damages – Altera<br>• Damages – Xilinx | 11 hours (7+4) | 12 hours |

| **Defendants' Experts** | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| Carl Sechen<br>• Non-infr. – Altera (2 patents)<br>• Non-infr.– Xilinx (2 patents) | 11 hours (7+4) (no dispute exists) | |
| Majid Sarrafzadeh<br>• Non-infr. – Altera (3 patents)<br>• Non-infr. – Xilinx (2 patents)<br>• Invalidity (3 patents) | 15 hours (7+4+4) | 12 hours |
| Miguel Gomez<br>• Invalidity (2 patents) | 7 hours<br>(as required by Federal Rules; no dispute exists) | |
| Julie Davis<br>• Damages – Altera<br>• Damages – Xilinx | 11 hours (7+4) (no dispute exists) | |
| Carl Shapiro<br>• Alleged "royalty stacking" | 7 hours<br>(as required by Federal Rules; no dispute exists) | |

At bottom, Defendants argue that Plaintiffs' experts should be made available for additional time simply to ensure that they collectively are deposed for the same duration as Defendants' experts. But the Defendants themselves decided to (a) split up their technical experts by patent, (b) serve reports from multiple experts on the single issue of validity, and (c) serve reports from multiple experts on the issue of damages. No reason exists why Defendants should be afforded additional deposition time based on their own decision to disclose numerous experts.

Defendants' purported justifications for seeking additional deposition time from Plaintiffs' experts should also be rejected for at least the following reasons:

- Defendants argue that they require 14 hours—two full days—to depose Mr. Zeidman, Plaintiffs' infringement expert, because he has served reports concerning both Altera and Xilinx. But during the meet-and-confer process, Defendants failed to identify any meaningful, specific differences in the accused products that could remotely justify their request. Altera and Xilinx can (and should) coordinate efforts to avoid duplication of questioning and testimony on Mr. Zeidman's background, qualifications, methodology, and other topics not specific to either Defendant.

- Defendants have not—and cannot—provide any explanation as to why they require more than seven hours to depose Dr. Soderman, Plaintiffs' validity expert. Dr. Soderman issued a single report on the validity of the patents-in-suit. As explained above, the fact that Defendants disclosed multiple validity experts should not operate to require additional deposition testimony from Dr. Soderman.

- Defendants argue that they need additional time to depose Mr. Wagner, Plaintiffs' damages expert, because his reply report addresses issues raised by Defendants' damages expert, Ms. Davis, as well as issues raised in a report submitted by Mr. Shapiro concerning alleged industry-wide "royalty stacking." But again, the issues to which Mr. Wagner responds are nearly identical as to Ms. Davis's report (*i.e.*, the issue of damages), and the additional four hours proposed by Plaintiffs for Mr. Wagner's deposition should be more than sufficient for Defendants to address the narrow theories raised by Mr. Shapiro's report.

In sum, Plaintiffs' "7 plus 4" proposal applies equally to all parties and does not unfairly benefit either side based on the number of experts or reports disclosed. For all of the foregoing reasons, Plaintiffs respectfully request adoption of their proposal.

Respectfully submitted,

*/s/ Brian E. Farnan*

Brian E. Farnan

cc: Counsel of Record (via electronic mail)