MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**KAREN JACOBS**
(302) 351-9227
(302) 425-4681 FAX
kjacobs@mnat.com

September 17, 2013

The Honorable Leonard P. Stark                                        *VIA ELECTRONIC FILING*
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:   *Intellectual Ventures I LLC, et al. v. Altera Corp., et al.*
             C.A. No. 10-1065 (LPS)

Dear Judge Stark:

      Defendants Altera Corporation ("Altera") and Xilinx, Inc. ("Xilinx") have a dispute with Plaintiffs Intellectual Ventures LLC and Intellectual Ventures II LLC (collectively "IV") concerning the amount of time for expert depositions. The parties generally agree on the dates and places of availability of the experts and the need to extend the deadline for expert depositions to at least October 18, 2013 to accommodate the busy schedules of the experts. The parties do not agree, however, on the time limits for some of the depositions. If this dispute is not resolved by September 23, 2013, the parties may be forced to cancel, postpone, or reconvene some of the expert depositions, disrupting the case schedule. The current Court deadlines in this case include: October 2, 2013 for close of expert discovery; November 20, 2013 for dispositive and *Daubert* motions; April 18, 2014 for the Final Pretrial Order; April 25, 2014 for the Pretrial Conference; and Trial on May 12, 2014.

The Infringement/Non-Infringement Experts:

      This case involves five unrelated patents, all of which relate to semiconductor device technology. The two Defendants are competitors, who design and sell different products. (Defendants will move for separate trials.) For its infringement allegations, IV served two opening reports from Mr. Zeidman (1) asserting that 123 Xilinx products infringe 25 claims of four patents, and (2) asserting that 132 different Altera products from nine different product lines infringe 27 claims of five patents. Given the large number of patents, claims, and products at issue, Altera and Xilinx each served non-infringement reports from two experts, (1) Dr. Sarrafzadeh for the '646, '669, and '808 Patents, and (2) Dr. Sechen for the '325 and '087 Patents. IV's opening and reply infringement reports directed to Altera total over 1,800 pages. IV's opening and reply infringement reports directed to Xilinx total over 1,000 pages.

The Honorable Leonard P. Stark
September 17, 2013
Page 2

These infringement reports are not just voluminous -- as competitors in the market, it is not surprising that the primary materials Mr. Zeidman relies on to support his opinions as to Xilinx (Xilinx product schematics) are entirely different than the materials relied on to support his opinions as to Altera (Altera product schematics). Thus, while Mr. Zeidman may reach a similar opinion as to each Defendant, the bases for those opinions, which will be the subject of his deposition examination, are vastly different.

The Validity/Invalidity Experts:

For its invalidity defenses, Altera and Xilinx served reports from Dr. Sarrafzadeh as to the '646, '669, and '808 Patents and from Mr. Gomez for the '325 and '087 Patents. IV served a rebuttal report from Dr. Soderman covering all 27 asserted claims of the five patents-in-suit. The invalidity experts have analyzed over 30 primary prior art references relating to the 27 asserted claims and the reexaminations under which the Patent Office has now rejected all asserted claims for four of the five patents. The reports on the invalidity issues total more than 3,500 pages.

The Damages Experts:

IV's damages witness, Mr. Wagner, presented separate damages analyses for IV's infringement claims against Xilinx and for infringement claims against Altera. In response, Xilinx and Altera each served rebuttal expert reports from two experts, Ms. Davis and Dr. Shapiro, to which Mr. Wagner then responded in a reply report. The damages reports recognize numerous differences between the Defendants, including Xilinx's unique prior contractual investment relationship with Intellectual Ventures. The opening and reply reports from Mr. Wagner alone total more than 5,000 pages.

The Dispute:

To make the deposition time limits reciprocal and fair, on September 4, 2013, Altera and Xilinx proposed to IV that (1) each Defendant would be entitled to take one day of deposition of each of IV's three experts; and (2) IV would be entitled to take two days of deposition of Defendants' two non-infringement experts, two days of deposition of Defendants' two invalidity experts, and two days of deposition of Defendants' two damages experts. IV declined that offer, proposing instead that Defendants, together, be limited to one 7-hour of deposition for each of IV's three experts.

After meeting and conferring, IV proposed that it be permitted 51 hours of deposition while offering Altera and Xilinx only 29 hours total (14.5 hours each) to complete all expert depositions. Under IV's proposal:

- IV would take 18 hours of deposition of Defendants' two damages experts while Defendants would take 11 hours (5.5 hours each) of IV's damages expert.

- IV would take 33 hours of deposition of Defendants' three technical experts covering non-infringement and invalidity while Defendants would take 18 hours (9 hours each) of depositions of IV's two technical experts on all issues of infringement and validity for 27 claims of five patents and 255 different products.

The Honorable Leonard P. Stark
September 17, 2013
Page 3

Particularly given the complexity of the technical issues in this case and the significant damages IV is seeking, IV's proposed allocation of time would unfairly prejudice Defendants.

IV's only justification for the proposed 22-hour imbalance is that the Defendants used five experts compared to IV's three experts to cover the same topics, thus requiring that IV use more time to cover the "background, qualifications, process, etc." of the two "extra" experts. The number of experts alone does not dictate the time needed for deposition, and certainly IV does not need 22 additional hours to complete an exhaustive examination of the "background, qualifications, process, etc." of two experts.

Altera and Xilinx offered a compromise that would allow IV 48 hours of deposition time and Defendants 38 hours of deposition time (19 hours each). IV declined to negotiate beyond its proposal of 51 hours for itself and 29 hours total deposition time for the Defendants.

Altera and Xilinx request that the Court adopt Defendants' proposal of 48 hours for IV and 38 hours for Defendants as follows:

| **Expert** | **Topic** | **For Party** | **Defendants' Proposal** | **Difference From IV** |
|---|---|---|---|---|
| Zeidman | Infringement | IV | 14 hours for defendants | 3 hours more |
| Sechen | Non-Infringement | Altera/Xilinx | 11 hours for IV | Same |
| Sarrafzadeh | Non-Infringement | Altera/Xilinx | 7 hours for IV | 1 hour less |
| | | | | |
| Soderman | Validity | IV | 12 hours for defendants | 5 hours more |
| Gomez | Invalidity | Altera/Xilinx | 7 hours for IV | Same |
| Sarrafzadeh | Invalidity | Altera/Xilinx | 5 hours for IV | 2 hours less |
| | | | | |
| Wagner | Damages | IV | 12 hours for defendants | 1 hour more |
| Davis | Damages | Altera/Xilinx | 11 hours for IV | Same |
| Shapiro | Damages | Altera/Xilinx | 7 hours for IV | Same |

Altera and Xilinx each request a fair opportunity to develop separate defenses in this case. Defendants have made considerable concessions to avoid this dispute. However, the deposition limits that IV attempts to impose in this complicated case are unfair and would unreasonably prejudice Defendants' ability to develop their defenses. *See, e.g.*, *Cordis Corp. v. Medtronic AVE, Inc.*, C.A. No. 97-550 (SLR) (D. Del. Aug. 9, 2004) (Tr. at 13) (allowing each defendant one day of deposition of plaintiffs' infringement expert).

Defendants request that the Court order the above time-allotments for expert depositions quickly so that the depositions can be taken without further disruption to the Court's schedule.

Respectfully submitted,

*/s/ Karen Jacobs*
Karen Jacobs (#2881)

cc:   Clerk of the Court
      All Counsel of Record