IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiffs,<br><br>   v.<br><br>ALTERA CORPORATION, MICROSEMI<br>CORPORATION, LATTICE<br>SEMICONDUCTOR CORPORATION and<br>XILINX, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 10-1065 (LPS)<br>)<br>) REDACTED -<br>) PUBLIC VERSION<br>)<br>)<br>)<br>)<br>)<br>) |

**XILINX, INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT ON DAMAGES AND WILLFULNESS**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Karen Jacobs (#2881)<br>Michael Flynn (#5333)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>kjacobs@mnat.com<br>mflynn@mnat.com |
| OF COUNSEL: | *Attorneys for Defendant Xilinx, Inc.* |
| Patrick T. Michael<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>(415) 875-5893 | David B. Cochran<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>(216) 586-7029 |
| Laurie M. Charrington<br>Joe C. Liu<br>Kathleen D. Lynott<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>(650) 739-3939 | William C. Rooklidge<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612-4408<br>(949) 553-7501 |

November 20, 2013 - Original Filing Date
November 27, 2013 - Redacted Filing Date

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS .......................................................................1

SUMMARY OF ARGUMENT .................................................................................................1

STATEMENT OF FACTS ........................................................................................................1

ARGUMENT ...............................................................................................................................5

    I.      IV CANNOT PROVE ANY DAMAGES WITHOUT MR. WAGNER'S TESTIMONY ..................................................................................................5

    II.      IV CANNOT PROVE DAMAGES FOR INDUCED INFRINGEMENT BECAUSE IT HAS NOT PROVEN, MUCH LESS CALCULATED, INSTANCES OF DIRECT INFRINGEMENT ....................................................6

    III.      ███████████████████████████████████ ..........................................7

        A.      IV's Damages For Induced Infringement Are Limited To Post-Suit Conduct Because ███████████████████████ ..............................7

        B.      ███████████████████████████████ ..................................................8

    IV.      XILINX'S DEFENSES, INCLUDING THE REEXAMINATIONS, PRECLUDE WILLFULNESS ..........................................................................9

    V.      IV'S DAMAGES CANNOT INCLUDE DISTRIBUTOR SALES ..................10

CONCLUSION .........................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Apple, Inc. v. Motorola, Inc.*,
   869 F. Supp. 2d 901 (N.D. Ill. 2012) ................................................................................. 6, 9

*Apple, Inc. v. Motorola Mobility, Inc.*,
   No. 3:11-cv-00178 (W. D. Wis. Oct. 29, 2012) ........................................................................ 8

*AVM Techs., LLC v. Intel Corp.*,
   C.A. No. 10-610-RGA, 2013 U.S. Dist. LEXIS 66604 (D. Del. Mar. 29, 2013) ..................... 5

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
   682 F.3d 1003 (Fed. Cir. 2012) ................................................................................................ 9

*Commil USA, LLC v. Cisco Systems, Inc.*,
   720 F.3d 1361 (Fed. Cir. 2013) .............................................................................................. 10

*Gen'l Mills, Inc. v. Kraft Foods Global Inc.*,
   487 F.3d 1368 (Fed. Cir. 2007) ............................................................................................ 8, 9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) ............................................................................................................. 7

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ............................................................................................ 8, 9

*Lucent Techs, Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009) ................................................................................................ 6

*Mitutoyo Corp. v. Central Purchasing, LLC*,
   499 F.3d 1284 (Fed. Cir. 2007) .............................................................................................. 10

*Pivonka v. Cent. Garden & Pet Co.*,
   No. 02-cv-02394, 2008 U.S. Dist. LEXIS 12022 (D. Colo. Feb. 19, 2008) ............................ 9

*SoftView LLC v. Apple Inc.*,
   C.A. No. 10-389-LPS, 2012 BL 189427 (D. Del. July 26, 2012) ........................................... 8

*Unicom Monitoring, LLC v. Cencom, Inc.*,
   No. 06-1166, 2013 U.S. Dist. LEXIS 56351 (D.N.J. Apr. 19, 2013) ...................................... 6

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ................................................................................................ 7

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**STATUTES**

35 U.S.C. § 284 ............................................................................................................................. 3

## NATURE AND STAGE OF PROCEEDINGS

Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") filed this action on December 8, 2010, against three other defendants and on February 15, 2011, added Xilinx, Inc., asserting four patents against Xilinx: U.S. Patent Nos. 5,687,325 ("the '325 patent"); 6,260,087 ("the '087 patent"); 6,272,646 ("the '646 patent"); and 6,993,669 ("the '669 patent"). Fact and expert discovery is closed. (D.I. 111 at 10.) Defendants have filed a renewed motion to stay pending reexamination and a motion to sever. (D.I. 447, 431.) Xilinx now moves for summary judgment on issues related to damages and willfulness.

## SUMMARY OF ARGUMENT

Summary judgment should be granted to Xilinx with respect to IV's requests for a willfulness finding and damages on four independent grounds. As a matter of law, IV cannot prove:

- any damages because its only support is expert opinion that should be excluded as unreliable under *Daubert*;

- any damages for induced infringement because IV has no evidence concerning the actual use of the accused products;

- pre-suit damages for induced infringement, or willful infringement or enhanced damages, because IV bases these assertions solely on ███████████ ████████████████████████████████████████

- IV cannot prove willfulness given Xilinx's defenses including PTO reexamination; and

- IV cannot include in the royalty base "distributor" sales.

## STATEMENT OF FACTS

*IV-Xilinx Agreements.* Unlike other companies IV has sued, Xilinx is an investor in, and has a contractual relationship with, IV. ████████████████████████████████
████████████████████████████████████████████████████████████████████████

1

████████████████████████████████ *See* Declaration of Kathleen D. Lynott ("Lynott Dec."), Exs. 7 and 8. IV's and Xilinx's relationship is governed by various agreements and their contractual terms.

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████ Naturally, investors, including Xilinx, would not participate or invest in IV if IV could turn around and use the exchange of information arising from the parties' business relationship to establish "notice" or "knowledge" of the patents for purposes of asserting infringement or willfulness, or seek damages on those grounds. ████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████

- ████████████████████████████████████████████████
- ████████████████████████████████████████████████████████████████████████████████████████

2



*IV's Allegations against Xilinx.* IV added Xilinx to this case in February 2011. (D.I. 17.) In addition to alleging direct infringement, IV asserts that Xilinx has induced infringement "by actively inducing the use of infringing programmable logic devices by Xilinx's customers in the United States," and as relief IV seeks, *inter alia*, compensatory damages under 35 U.S.C. § 284 for inducement prior to filing its claims against Xilinx. (D.I. 17 at ¶¶ 54, 56, pp. 13-14.) IV also asserts that Xilinx "has willfully infringed," for which IV seeks enhanced damages under § 284. (*Id.* at ¶ 57, pp. 13-14 (v(a), w(a)).)

Although IV's complaint conclusorily asserts that "Xilinx has been aware of the [asserted] Patents at all relevant times" (D.I. 17 at ¶ 55), in discovery IV has admitted that its supposed proof of Xilinx's pre-suit knowledge of the patents consists solely of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For instance, IV asserts: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

Likewise, in opining on willfulness, IV's expert Bob Zeidman ████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████

*IV's Damages Case.* IV intends to prove its damages solely through the opinions and reports of its retained damages expert, Michael Wagner. In its Initial Disclosures, IV did not identify any damages witnesses other than Mr. Wagner. *See id.*, Ex. 24 (Plaintiffs' Supplemental Rule 26(a)(1) Disclosures at p. 8 ("Plaintiffs will support their computation of damages through the expert opinions and report of Michael Wagner.")). Likewise, in discovery, IV relied solely on Mr. Wagner's reports and opinions for its damages case. *See id.*, Ex. 25 (Plaintiffs' Response to Joint Interrogatory No. 16 ("Plaintiffs contend that this interrogatory is properly the subject of expert testimony and incorporate by reference Plaintiffs' damages expert reports for each Defendant that will be served in accordance with the scheduling order in this case.")).

IV served Mr. Wagner's opening report on June 26, 2013, and served his reply report on September 6, 2013; in his reports, Mr. Wagner opines on a reasonable royalty for IV's

4

compensatory damages. *See id.*, Ex. 1 (Wagner Opening Report), Ex. 4 (Wagner Reply Report). Although IV accuses Xilinx of both direct and induced infringement, Mr. Wagner did not conduct any analysis whatsoever into how often Xilinx customers use the accused products for purposes of establishing damages for induced infringement. *See* Lynott Dec., Ex. 3 (Wagner Dep. Tr. at 181:25-184:9). And with respect to the royalty base, Mr. Wagner's reply report seeks to include in the royalty base both the revenues of Xilinx and the margins of its distributors. *See id.*, Ex. 4 (Wagner Reply Report at ¶¶ 70-78, Fig. 4). According to Mr. Wagner, because Xilinx's distributors ███████████████████████████████████████████████████████████████ *Id.*, Ex. 4 (Wagner Reply Report at ¶ 70). As a result, Mr. Wagner has used non-party margins to increase the royalty base for a seven-year time period by over ███████. *Compare id.*, Ex. 4 (Wagner Reply Report at 32, Fig. 4) *with id.*, Ex. (Wagner Opening Report at 115, Fig. 31).

## ARGUMENT

For multiple, independent reasons, summary judgment should be granted with respect to IV's requests regarding damages and willfulness.

### I. IV CANNOT PROVE ANY DAMAGES WITHOUT MR. WAGNER'S TESTIMONY

Concurrent with this filing, Xilinx has moved under *Daubert* to exclude the opinions and testimony of Mr. Wagner. Given that IV's entire damages case relies on Mr. Wagner's opinion, if Xilinx's *Daubert* motion is granted, IV cannot establish any damages against Xilinx. Courts, including this one, have found that, where an expert's testimony is excluded or otherwise deemed unreliable, the patentee is left with no proof of damages, and summary judgment of no damages is required. *See AVM Techs., LLC v. Intel Corp.*, No. 10-610-RGA, 2013 U.S. Dist. LEXIS 66604, at *5-6 (D. Del. Mar. 29, 2013) (excluding plaintiff's untimely expert testimony

5

and granting summary judgment of no damages because plaintiff therefore had no evidence to prove damages); *Unicom Monitoring, LLC v. Cencom, Inc.*, No. 06-1166, 2013 U.S. Dist. LEXIS 56351, at *24 (D.N.J. Apr. 19, 2013) (granting summary judgment of no damages where plaintiff failed to provide competent proof of a reasonable royalty); *Apple, Inc. v. Motorola, Inc.*, 869 F. Supp. 2d 901, 922-24 (N.D. Ill. 2012) (dismissing case with prejudice where plaintiff failed to prove damages). The Court should hold the same here.

## II. IV CANNOT PROVE DAMAGES FOR INDUCED INFRINGEMENT BECAUSE IT HAS NOT PROVEN, MUCH LESS CALCULATED, INSTANCES OF DIRECT INFRINGEMENT

Liability for induced infringement requires an underlying act of direct infringement. *See, e.g.*, *Lucent Techs, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321-22 (Fed. Cir. 2009). Although proof of a single act of direct infringement may support liability, the patentee's ability to recover damages for induced infringement requires sufficient proof and quantification of the direct infringers' use of the accused products. *See id.* at 1327 (remanding for a new trial on damages where, among other things, "no evidence of record establishes the parties' expectations about how often the patented method would be used by consumers"). Mr. Wagner, however, did not conduct any analysis whatsoever to quantify that information. *See* Lynott Dec., Ex. 3 (Wagner Dep. Tr. at 181:25-184:9). He made no effort to determine the number of customers, if any, who use Xilinx's accused products in an infringing manner, he did not conduct a consumer survey, and he is not an expert on consumer demand. *See id.* (Wagner Dep. Tr. at 182:13-184:9). As explained in Xilinx's Motion for Summary Judgment of Non-infringement, IV has no proof of direct infringement by any of Xilinx's customers. But even setting aside IV's failure on liability, because it has likewise presented no evidence or quantification of any damages flowing from indirect infringement, IV has failed to meet its burden of establishing the existence and amount of any such damages. Summary judgment should be granted that IV is entitled to no damages

6

for induced infringement.

### III. IV'S CONTRACTS WITH XILINX ████████
████████████████████████████████████████████

IV admits that Xilinx's pre-suit knowledge of the asserted patents arose entirely from their business relationship. ████████████████████████████
████████████████████████████ These undisputed facts preclude IV's requests for damages for Xilinx's alleged induced infringement before suit, and wholly preclude IV's request for a willfulness finding against Xilinx and IV's accompanying request for enhanced damages. Xilinx attempted to resolve these issues without the Court's involvement, pointing IV to the governing contractual provisions. IV, however, has refused to voluntarily withdraw its precluded evidence and requests.

#### A. IV's Damages For Induced Infringement Are Limited To Post-Suit Conduct Because IV Is ████████

In addition to showing an underlying act of direct infringement, liability for induced infringement requires a showing that the defendant had knowledge of the patent. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-69 (2011); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (patentee must show defendant "knew of the patent"). IV's sole basis for claiming that Xilinx knew of the asserted patents, before it was joined to the case in February 2011, are ████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████ *Id.* ████████████████████████
████████████████████████████████████████████

7

Accordingly, IV is precluded from pursuing pre-suit damages for induced infringement as a matter of law. *See Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1375-76 (Fed. Cir. 2007) (contract barred infringement claims as a matter of law); *Apple, Inc. v. Motorola Mobility, Inc.*, No. 3:11-cv-00178, 2012 WL 5416941, *5-6 (W.D. Wis. Oct. 29, 2012) (precluding evidence based on contractual provision). Summary judgment should be entered limiting IV's damages for induced infringement to conduct after IV sued Xilinx.[1]

**B.     IV Is** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

With respect to willful infringement, a required element of proof is that the defendant had knowledge of the patents before being sued. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (willfulness "must necessarily be grounded exclusively in the accused infringer's pre-filing conduct"). As a matter of law, IV cannot establish this element. As with induced infringement, IV admits that its sole basis for pre-suit knowledge is ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ for a request ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ or ▮▮▮▮▮▮▮▮▮▮. *Id.* ▮▮▮

---

[1] Xilinx recognizes this Court's view that pre-suit knowledge of the patents is not required to state a claim for induced infringement, and thus has limited this motion to excluding IV from seeking damages only for the pre-suit time period during which there was no notice as a matter of law. *See SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012). However, there is a split of authority on this issue and Xilinx maintains that the absence of pre-suit knowledge precludes IV's inducement claim in its entirety. Accordingly, Xilinx reserves all rights with respect to this position, including all appeal rights.

███████████████████████████████████████████

██████████████████████████ *See, e.g.*, *Gen. Mills*, 487 F.3d at 1376-76; *Apple*, 2012 WL 5416941, at *5-6.

## IV.   XILINX'S DEFENSES, INCLUDING THE REEXAMINATIONS, PRECLUDE WILLFULNESS

IV's willfulness allegation fails for an independent reason: it cannot meet its burden of establishing "objective recklessness" as required by *Seagate*. To make that showing, the patentee must present "clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and "that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371. As the Federal Circuit recently explained, this "'objective' prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012). The objective determination of recklessness is a question of law for the Court and amenable to summary judgment. *Id.* at 1006-07.

The record shows that Xilinx's defenses to all of IV's claims are at least reasonable. As shown in Xilinx's concurrently filed Motion for Summary judgment of Non-Infringement, it has reasonable non-infringement and invalidity defenses to each of the asserted claims. Moreover, the Patent Office has granted reexaminations on IV's asserted patents—finding that there was a substantial new question of patentability—and many of the asserted claims remain rejected in the Patent Office. (*See* D.I. 448.) Courts have consistently held that an adverse decision by the Patent Office precludes a finding of willfulness. *See, e.g.*, *Pivonka v. Cent. Garden & Pet Co.*, No. 02-cv-02394, 2008 U.S. Dist. LEXIS 12022, at *6 (D. Colo. Feb. 19, 2008) (granting

9

summary judgment of no willful infringement based on PTO reexamination order); *see also Commil USA, LLC v. Cisco Systems, Inc.*, 720 F.3d 1361, 1364 (Fed. Cir. 2013) ("[E]vidence of a good-faith belief of invalidity may negate the requisite intent for induced infringement"). On this record, IV cannot show, much less by clear and convincing evidence, that Xilinx acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Summary judgment of no willfulness should be granted.

## V. IV'S DAMAGES CANNOT INCLUDE DISTRIBUTOR SALES

IV inflates the royalty base by adding the sales margins of Xilinx's distributors to Xilinx's revenue. During deposition, Mr. Wagner was not able to point to any legal authority to support this approach, instead opining only that collecting damages from Xilinx for the margins of its distributors' sales would be ███████ than suing the distributors as well. *See* Lynott Dec., Ex. 3 (Wagner Dep. Tr. at 309:4-313:10). This position, however, is directly contrary to Federal Circuit law. Simply a "business relationship" between the defendant and a non-party "does not provide a sufficient justification for including [the non-party's] sales in the base." *Mitutoyo Corp. v. Central Purchasing, LLC*, 499 F.3d 1284, 1292 (Fed. Cir. 2007). The Federal Circuit thus found that "the trial court committed clear error by including [non- party] sales." *Id.* IV's new theory makes the same error. IV could have sued Xilinx's distributors. It did not. IV has no basis for seeking to capture from Xilinx any of its distributors' margins. The Court should grant summary judgment that any royalty base in this case cannot include distributor margins.

## CONCLUSION

For the foregoing reasons, the Court should enter summary judgment against IV on its requests for a willfulness finding and damages.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Michael J. Flynn* |
|  | _____ |
| OF COUNSEL: | Karen Jacobs (#2881)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>kjacobs@mnat.com<br>mflynn@mnat.com |
| Patrick T. Michael<br>David L. Wallach<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94140<br>(415) 626-3939 |  |
|  | *Attorneys for Xilinx, Inc.* |
| William C. Rooklidge<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612-4408<br>(949) 553-7501 |  |
| David B. Cochran<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190<br>(216) 586-7029 |  |
| Laurie M. Charrington<br>Joe C. Liu<br>Kathleen D. Lynott<br>JONES DAY<br>Silicon Valley Office<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>(650) 739-3939 |  |
| November 20, 2013<br>7786795.2 |  |