# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**XILINX, INC.**,<br><br>Defendant. | Civil Action No. 10-1065-LPS<br><br>**FILED UNDER SEAL** |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF XILINX'S EXPERT DR. CARL SHAPIRO

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Plaintiffs*
*Intellectual Ventures I LLC and*
*Intellectual Ventures II LLC*

John M. Desmarais (admitted *pro hac vice*)
Michael P. Stadnick (admitted *pro hac vice*)
Justin P.D. Wilcox (admitted *pro hac vice*)
John Spaccarotella (admitted *pro hac vice*)
Ameet A. Modi (admitted *pro hac vice*)
Laurie N. Stempler (admitted *pro hac vice*)
Kevin K. McNish (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401
jdesmarais@desmaraisllp.com
mstadnick@desmaraisllp.com
jwilcox@desmaraisllp.com
amodi@desmaraisllp.com
lstempler@desmaraisllp.com
kmcnish@desmaraisllp.com

Dated: January 15, 2014

**TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT ................................................................................................ 1

II.  ARGUMENT ........................................................................................................................ 1

    A.   Dr. Shapiro's Alleged Evidence of Economic Realities Does Nothing to Assist a Jury in Determining a Reasonably Royalty.............................................. 1

    B.   Dr. Shapiro's Opinions Are Improperly Cumulative of Xilinx's Damages Expert, Julie Davis. ........................................................................................... 3

    C.   Dr. Shapiro's Opinions Should Be Excluded As Unduly Prejudicial..................... 4

III. CONCLUSION ..................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Cases**

*Advanced Telemedia, L.L.C. v. Charter Communications, Inc.*,
    No. 1:05–CV–2662–RLV, 2008 WL 6808442 (N.D. Ga. July 17, 2008) .......................... 3

*Born v. Monmouth County Correctional Inst.*,
    458 F. App'x 193 (3d Cir. 2012) ................................................................................... 5

*ID Sec. Sys. Can., Inc. v. Checkpoint Sys., Inc.*,
    249 F. Supp. 2d 622 (E.D. Pa. 2003) ............................................................................. 4

*In re Paoli R.R. Yard PCB Litigation*,
    35 F.3d 717 (3d Cir. 1994) ............................................................................................ 2

*In re TMI Litigation*,
    193 F.3d 613 (3d Cir. 1999) .......................................................................................... 2

*McKenna v. City of Philadelphia*,
    582 F.3d 447 (3d Cir. 2009) .......................................................................................... 5

*Robert S. v. Stetson School, Inc.*,
    256 F.3d 159 (3d Cir. 2001) .......................................................................................... 3

*ZF Meritor, LLC v. Eaton Corp.*,
    696 F.3d 254 (3d Cir. 2012) .......................................................................................... 4

**Rules**

F.R.E. 403 ............................................................................................................................. 3

F.R.E. 702 ............................................................................................................................. 1

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs" or "IV") respectfully submit this reply brief in support of their motion to exclude the report and testimony of Dr. Carl Shapiro as unreliable under Rule 702 of the Federal Rules of Evidence.

## I. SUMMARY OF ARGUMENT

Xilinx argues that Dr. Shapiro should be allowed to testify concerning royalty stacking as an "economic reality" that hypothetical negotiators would have to consider, but then fails to explain how negotiators would, or a jury should, consider that same information in calculating damages. Dr. Shapiro's proposed abstract testimony would therefore provide no aid to a jury in calculating damages. Indeed, Dr. Shapiro did not provide any damages calculations or even review the damages calculations proffered by either side's expert. As such, Xilinx fails to demonstrate that Dr. Shapiro's opinions are tied to any relevant issue in this case.

In addition, Dr. Shapiro's opinions are needlessly duplicative of Xilinx's damages expert, Julie Davis, who also provided a rebuttal report addressing the alleged problem of royalty stacking. But rather than tie his opinions concerning royalty stacking to some proposed effect on damages, Dr. Shapiro opines on the economic effects of IV's business model on "innovation." Dr. Shapiro's policy opinions should be excluded in their entirety as unreliable under F.R.E. 702, because they are not relevant to any issue in this case, provide no help to a jury, and are unfairly prejudicial and cumulative of opinions offered by Ms. Davis.

## II. ARGUMENT

### A. Dr. Shapiro's Alleged Evidence of Economic Realities Does Nothing to Assist a Jury in Determining a Reasonably Royalty.

Xilinx argues repeatedly that royalty stacking is an "economic reality" that hypothetical negotiators would have to consider, and that Dr. Shapiro should therefore be permitted to hold

forth in the abstract on the policy implications of royalty stacking and "patent thickets." (D.I. 526 at 9-11.) But nowhere in Dr. Shapiro's expert report does he explain how hypothetical negotiators—or a jury—should apply Dr. Shapiro's purported "economic reality" analysis in calculating damages. Dr. Shapiro provides no guidance whatsoever as to the alleged impact of royalty stacking on damages for Xilinx's infringement of the patents-in-suit. (D.I. 467, Ex. 2 at 25:10-13, 25:21-26:10, 77:24-78:12); *see In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 743 (3d Cir. 1994) ("The ultimate touchstone is helpfulness to the trier of fact, and with regard to reliability, helpfulness turns on whether the expert's technique or principle is sufficiently reliable so that it will aid the jury in reaching accurate results.").

Xilinx further argues that "[t]he jury should be permitted to hear what factors an economically rational licensee would consider in entering into a patent license," but then fails to explain how IV's damages calculations should be adjusted based on those factors. (*See* D.I. 526 at 9.) Dr. Shapiro provides a conclusory opinion that IV's damages calculations are too high, even though he admitted that he did not review IV's damages calculations. (*See* D.I. 467, Ex. 2 at 28:11-30:4.) Dr. Shapiro's abstract opinions on royalty stacking—which at bottom advance policy arguments indicting the patent system as applied to semiconductor products—seek simply to improperly influence the jury. *In re TMI Litigation*, 193 F.3d 613, 670 (3d Cir. 1999) ("[E]xpert evidence which does not relate to an issue in the case is not helpful.") (citing *Daubert*, 509 U.S at 590); *see also Advanced Telemedia, L.L.C. v. Charter Communications, Inc.*, No. 1:05–CV–2662–RLV, 2008 WL 6808442, at *1 (N.D. Ga. July 17, 2008) ("Because [Defendant's expert] merely criticizes [Plaintiff's expert] methodology but does not himself test her extrapolation method or his own proposed statistical sampling method, and because he does not explain why such efforts are unnecessary to refute [Plaintiff expert's] opinion, this court

concludes that [Defendant's expert] testimony is too speculative and unreliable, and it will not assist the jury in determining the amount of damages to be assessed against [Defendant]").

    **B. Dr. Shapiro's Opinions Are Improperly Cumulative of Xilinx's Damages Expert, Julie Davis.**

  Xilinx served two responsive expert reports—one from Dr. Shapiro and one from Ms. Davis—in response to the analyses of IV's damages expert, Michael Wagner. Ms. Davis' rebuttal report addresses the same alleged problem of royalty stacking addressed in Dr. Shapiro's rebuttal report. (D.I. 467, Ex. 2 at 47.) Allowing Xilinx to offer opinions from two experts on damages is needlessly cumulative. *See* F.R.E. 403; *Robert S. v. Stetson School, Inc.*, 256 F.3d 159, 170 (3d Cir. 2001) (finding that the District Court had a reasonable basis for limiting expert testimony as cumulative based on the same issues already presented by a previous expert).

  Although Dr. Shapiro acknowledges that Ms. Davis addresses the issue of royalty stacking in her expert report, Xilinx now argues that Dr. Shapiro's opinions are complementary rather than duplicative, because Dr. Shapiro comes from a different "discipline" than Ms. Davis. (D.I. 526 at 10.) Xilinx further contends that the "complementary" testimony of Dr. Shapiro can be tested by cross-examination at trial. (*Id*. at 10.) But since Dr. Shapiro did not review the calculations of either Mr. Wagner or Ms. Davis, and is therefore not in a position to determine the accuracy of their calculations, allowing Dr. Shapiro to testify precludes IV from effectively cross examining him concerning the proper measure of damages. (*See* D.I. 467, Ex. 2 at 17:21-18:3, 24:18-25, 28:11-30:4); *ZF Meritor, LLC v. Eaton Corp*., 696 F.3d 254, 293 (3d Cir. 2012) ("An expert's lack of familiarity with the methods and the reasons underlying someone else's projections virtually precludes any assessment of the validity of the projections through cross-examination.") (citation omitted). Xilinx fails to explain how a jury could use Dr. Shapiro's alleged complementary opinions in calculating damages. *See ID Sec. Sys. Can., Inc. v.*

3

*Checkpoint Sys., Inc.*, 249 F. Supp. 2d 622, 695 (E.D. Pa. 2003) (vacating the jury award because expert's generalized research, and projections based on unverified evidence from another witness, should not have been presented to the jury).

### C. Dr. Shapiro's Opinions Should Be Excluded As Unduly Prejudicial.

Xilinx argues that Dr. Shapiro's opinions are not prejudicial because he is a rebuttal witness, and that his views on IV's business model, patent assertion entities, and the patent system are necessary to explain "economic realities." (*See* D.I. 526 at 10-11.) But Dr. Shapiro's opinions ***do not*** rebut IV's damages calculations because, as explained above, nowhere in Dr. Shapiro's expert report does he explain how hypothetical negotiators—or a jury—can or should use his assessment of the "economic realities" in calculating damages. Accordingly, Dr. Shapiro's irrelevant testimony on patent assertion entities and the patent system will provide no aid to a jury in determining a fact issue in this case—the damages award if Xilinx infringes the patents-in-suit—but instead would confuse the jury with irrelevant testimony and potentially prejudice its consideration of liability by casting political aspersions on the patent system's applicability to semiconductor products. *See Born v. Monmouth County Correctional Inst.*, 458 F. App'x 193, *3 (3d Cir. 2012) (affirming District Court's exclusion of expert report because it made no connection between the facts and the alleged conduct of the defendants, and allowing such a report would be unfairly prejudicial); *McKenna v. City of Philadelphia*, 582 F.3d 447, 462 (3d Cir. 2009) (affirming District Court's exclusion of rebuttal testimony of Plaintiff's witness because the proffered testimony would not have rebutted Defendant's evidence).

### III. CONCLUSION

For the foregoing reasons, IV respectfully requests that the Court preclude Dr. Shapiro from offering his proposed opinions at trial.

| | | |
|---|---|---|
| Dated: January 15, 2014 | By: | Respectfully submitted, |

           Farnan LLP

           */s/ Brian E. Farnan*
           Brian E. Farnan (Bar No. 4089)
           919 North Market Street
           12th Floor
           Wilmington, DE 19801
           (302) 777-0300
           (302) 777-0301
           bfarnan@farnanlaw.com

           John M. Desmarais (admitted *pro hac vice*)
           Michael P. Stadnick (admitted *pro hac vice*)
           Justin P.D. Wilcox (admitted *pro hac vice*)
           John Spaccarotella (admitted *pro hac vice*)
           Ameet A. Modi (admitted *pro hac vice*)
           Laurie N. Stempler (admitted *pro hac vice*)
           Kevin K. McNish (admitted *pro hac vice*)
           DESMARAIS LLP
           230 Park Avenue
           New York, NY 10169
           (212) 351-3400
           (212) 351-3401
           jdesmarais@desmaraisllp.com
           mstadnick@desmaraisllp.com
           jwilcox@desmaraisllp.com
           amodi@desmaraisllp.com
           lstempler@desmaraisllp.com
           kmcnish@desmaraisllp.com

           *Counsel for Plaintiffs*