IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC *et al*, | : : : | |
| Plaintiffs, | : : : | |
| v. | : : | C.A. No. 10-1065-LPS |
| XILINX, INC. | : : : | |
| Defendant. | : : | |

## MEMORANDUM ORDER

At Wilmington this **5th** day of **March, 2014**:

1. Pending before the Court is Defendant's Motion to Stay Litigation Pending Conclusion of the Reexaminations of the Patent-in-Suit. (D.I. 447) For the reasons explained below, the Court will DENY Defendant's motion.

2. This is a patent infringement action originally brought by Intellectual Ventures I and II ("IV") against Xilinx and three other parties. (D.I. 1, 17) All parties except Xilinx have been dismissed. (*See* D.I. 214, 259, 514) IV alleges that certain Xilinx products infringe U.S. Patent Nos. 6,993,669 ("the '669 Patent"), 5,687,325 ("the '325 Patent"), 6,260,087 ("the '087 Patent"), and 6,272,646 ("the '646 Patent"). (D.I. 17) Fact and expert discovery are now closed. (D.I. 429, 430) The Court issued a claim construction order on July 26, 2013. (D.I. 416) Trial is set for May 12, 2014. (D.I. 111 at 10)

3. Defendants first filed a motion to stay in August 2011, which the Court denied from the bench following oral argument in February 2012. (D.I. 102; *see also* D.I. 104 ("Tr."))

4. "Whether or not to stay litigation pending a PTO reexamination is a matter left to the Court's discretion." *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5140573, at *1 (D. Del. Dec. 13, 2010). The factors this Court typically considers in deciding whether to exercise that discretion include: (1) whether discovery is complete and a trial date has been set; (2) whether a stay would allow the moving party to gain a clear tactical advantage over the non-moving party or cause the non-moving party to suffer undue prejudice from any delay; and (3) whether a stay will simplify the issues for trial. *See St. Claim Intellectual Prop. Consultants v. Sony Corp.*, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003). A movant's failure to articular a clear hardship or inequity that it would suffer in the absence of a stay also weighs against such relief. *See Cooper Notification*, 2010 WL 5149351, at *2.

5. In denying Defendant's August 2011 motion to stay, the Court first considered the stage of the litigation. Although the case was in its early stages at that time, a consideration that typically favors a stay, the reexamination proceedings were also in their early stages. The Court reasoned that because both proceedings were in their early stages and the Court could control only this litigation's schedule, the Court could have the case "on its way at least to the Federal Circuit for appeal" before the reexaminations were complete. (Tr. at 52-53) Thus, on the whole, the Court found that the early stage of the litigation did not favor a stay. Next, the Court found that staying this case would provide Defendants a clear and unwarranted tactical advantage because "[a]n indefinite stay from this point forward would deprive . . . [P]laintiff . . . of any Federal Court forum to resolve the disputes it has chosen to litigate in an effort to enforce its patents." (Tr. at 53) Finally, the Court found that the marginal increase in simplification that

would result from granting a stay was not substantial. (Tr. at 51-52) At the time, the Court noted that significant simplification had already occurred because several asserted claims and an entire patent had been taken out of the case. (D.I. 15-16, 51-52) The Court also noted that at least three of the five patents-in-suit had seen some of their claims allowed, so the litigation could not be entirely resolved by the reexamination proceedings. (D.I. 53)

  6. Many of the factors that weighed against a stay in August 2011 continue to weigh against a stay now. First, this case is in its late stages. (D.I. 555) Fact and expert discovery are now complete (D.I. 429, 430), the Court has gone through claim construction (D.I. 416), and trial is little more than two months away. The Court and the parties have expended substantial resources in bringing the case to this late stage of the litigation. Although it is true that the reexaminations at the PTO are further along than they were in August 2011, it will likely take another two to three years before a final decision on validity makes its way through the Federal Circuit. The '325 and '087 Patents are still subject to non-final office actions and the '669, '646, and '808 Patents are on appeal at the BPAI. (D.I. 527 at 13-14) There is a lower risk of evidentiary staleness now than there was in August 2011. But, on balance, the resources invested in this litigation along with the considerable time and effort needed before a final resolution of the reexamination proceedings will be forthcoming favor moving forward with this case. Therefore, the stage of the proceedings factor weighs against a stay.

  Second, a stay would substantially prejudice the Plaintiffs. As the Court noted in February 2012, "[a]n indefinite stay from this point forward would deprive . . . [P]laintiff[s] . . . of any Federal Court forum to resolve the disputes it has chosen to litigate in an effort to enforce its patents." (Tr. at 53) It is true that the parties are not competitors, thereby diminishing – but

3

not eliminating – the prejudice to the Plaintiffs that would result from a stay.

Finally, the marginal simplification that may result from staying this case does not outweigh the stage of litigation and undue prejudice factors. Plaintiffs have selected their specific asserted claims for trial and have agreed not to amend any of those claims in the ongoing reexaminations proceedings. (*Id.* at 13) The possibility that these claims will eventually be invalidated as a result of the reexamations is too speculative to be accorded great weight under the circumstances.

_____
UNITED STATES DISTRICT JUDGE