## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC *et al.*, | : |
| | : |
| Plaintiffs, | : |
| | : |
| | :  C.A. No. 10-1065-LPS |
| v. | : |
| | : |
| XILINX, INC. | : |
| | : |
| Defendant. | : |
| | : |

## MEMORANDUM ORDER

Pending before the Court is Defendant Xilinx, Inc.'s Motion for Summary Judgment on Damages and Willfulness. (D.I. 472) For the reasons below, the motion is GRANTED IN PART and DENIED IN PART.

1.      This is a patent infringement action originally brought by Intellectual Ventures I and II ("IV") against Xilinx and three other parties. (D.I. 1, 17) All parties except Xilinx have been dismissed. (*See* D.I. 214, 259, 514) IV alleges that certain Xilinx products infringe U.S. Patent Nos. 6,993,669 ("the '669 Patent"), 5,687,325 ("the '325 Patent"), 6,260,087 ("the '087 Patent"), and 6,272,646 ("the '646 Patent") (collectively, "the Patents-in-Suit"). (D.I. 17) Fact and expert discovery are closed. (*See* D.I. 429, 430) The Court issued a claim construction order on July 26, 2013. (D.I. 416) Trial is set for May 12, 2014. (D.I. 111 at 10) The Court heard oral argument on the pending motion on April 2, 2014. (*See* Transcript ("Tr."))

1

2.    In the present motion, Xilinx asks the Court to find, as a matter of law, that IV cannot prove:

   (a) any damages, because its only support for damages comes from inadmissible expert opinion;

   (b) any damages for induced infringement, because IV has no evidence concerning the actual use of the accused products;

   (c) pre-suit damages for induced infringement, willful infringement, or enhanced damages;

   (d) willful infringement, due to failure to satisfy the objective prong of willfulness; and

   (e) that damages should include distributor sales.  (D.I. 473 at 1)

3.    Concurrent with the present motion for summary judgment, Xilinx filed a Daubert motion to exclude the testimony of Plaintiff's sole damages expert, Michael J. Wagner. (D.I. 470)  By separate Memorandum Order, the Court has now granted that motion, thereby excluding Wagner's expert testimony for being unreliable.  (D.I. 593)  Subsequently, the Court sought the parties' proposals as to how to proceed, and IV represented that "ample proof still exists upon which a jury could calculate royalty damages that are reasonable based on the evidence to be presented at trial."  (D.I. 596 at 2)  The Court denied IV's request to supplement its damages report and ordered that "the case . . . proceed to trial on the current schedule and on all issues, subject to" rulings on the pending motions (D.I. 598), including the present motion.

4.    Pursuant to Federal Rule of Civil Procedure 56(a), a movant is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "One of the principal purposes of the

2

summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

"When the moving party has carried its burden . . . the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (emphasis in original; internal quotation marks omitted). The non-moving party must demonstrate more than "some metaphysical doubt as to the material facts." *Id.* at 586. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). "The movant is entitled to summary judgment where the 'nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" *Scheibe v. Fort James Corp.*, 276 F. Supp. 2d 246, 253 (D. Del. 2003) (quoting *Celotex*, 477 U.S. at 322-23).

5.    The Court now addresses each of the five grounds on which Xilinx has moved for summary judgment.

(a)    Xilinx first asks for summary judgment that IV cannot prove any damages because IV's only support for damages comes from Wagner's expert opinion, which the Court has now stricken as unreliable. The Court, however, agrees with IV that there is sufficient evidence in the record, independent of Wagner's testimony, from which a jury could find a reasonable royalty. In particular, at least the IV-Xilinx Agreements of March 2005 and March 2008 (D.I. 476 Ex. 7, 8), and the testimony of Xilinx's damages expert, could reasonably be found to establish a reasonable royalty rate. Thus, IV has come forward with "specific facts showing that there is a genuine issue for trial" on damages. *Matsushita*, 475 U.S. at 587.

3

Accordingly, the Court will DENY Xilinx's request that the Court find, as a matter of law, that IV cannot prove any damages.

        (b)    Xilinx next argues that IV cannot prove any damages for induced infringement because IV has no evidence concerning the actual use of the accused products. Here, too, the Court agrees with IV that there is a genuine dispute of material fact making summary judgment unwarranted.

To prove induced infringement, a plaintiff must show an underlying act of direct infringement. *See, e.g., Lucent Techs, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321-22 (Fed. Cir. 2009). To prove damages for this underlying act of direct infringement, the patentee "must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit." *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007).

IV's expert, Bob Zeidman, has opined that Xilinx's accused Design Software includes a "Clocking Wizard," the "default settings of [which] meet each of the limitations at issue here." (D.I. 530 at 20-22) Each of the Clocking Wizard default settings is specifically designed by Xilinx to be "most easily used by [Xilinx's] customers." (D.I. 531 Ex. 6 at 175:18-176:10) Although customers can change the default settings and use the product in a non-infringing manner, there is evidence to support a finding that the product, as sold, necessarily infringes the patents-in-suit. Because a reasonable jury could find that an accused product necessarily infringes the patents-in-suit, the same jury may also award damages based on the sales of those products. The Court will therefore DENY Xilinx's request that the Court grant summary judgment of no damages for induced infringement.

(c)    Xilinx also contends that IV cannot prove any pre-suit damages for

induced infringement, or willful infringement or enhanced damages, because IV bases these

claims solely on information IV exchanged with Xilinx pursuant to a contractual business

relationship, and those contracts preclude IV from using that information to support IV's case. In

December 2010, IV sent Xilinx emails providing notice of the patents-in-suit and encouraging

Xilinx to license the patents. (D.I. 534 Ex. S) Under the IV-Xilinx Agreements:

> Disclosure of any information by [IV] to [Xilinx] pursuant to this
> Agreement or the Partnership Agreement, in connection with the
> Subscriber's consideration of entering into this Agreement or
> otherwise in connection with any Acquisition Notice (with all such
> information referred to herein as "***Disclosed Information***") shall
> not be used by [IV], directly or indirectly, to establish the basis for,
> or the date of [Xilinx's] knowledge or notice of the existence of
> any Patent IP.

(D.I. 476 Ex. 7 ¶ 1.5.6) (emphasis in original) According to Xilinx, the email correspondence

between IV and Xilinx was "pursuant to this Agreement" because the emails discussed the

deteriorating business relationship between IV and Xilinx. (See D.I. 534 Ex. S) However,

merely discussing the parties' past business relationship did not necessarily bring those

discussions within the ambit of the IV-Xilinx Agreements. A genuine dispute of material fact

exists as to whether IV notified Xilinx of the patents-in-suit "pursuant to" the IV-Xilinx

Agreements. Hence, the Court will not grant Xilinx summary judgment on IV's induced

infringement, willfulness or enhanced damages claims due to lack of pre-suit knowledge.

Accordingly, Xilinx's request that the Court find, as a matter of law, that IV cannot prove any

pre-suit damages for induced infringement, or willful infringement or enhanced damages is

DENIED.

(d)     Next, Xilinx seeks summary judgment of no willful infringement based on

the assertion that IV cannot satisfy the objective prong of a willfulness claim. The Court agrees

with Xilinx.

"[T]o establish willful infringement, a patentee must show by clear and convincing

evidence that the infringer acted despite an objectively high likelihood that its actions constituted

infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

"Should the court determine that the infringer's reliance on a defense was not objectively

reckless, it cannot send the question of willfulness to the jury, since proving the objective prong

is a predicate to consideration of the subjective prong." *Powell v. Home Depot U.S.A., Inc.*, 663

F.3d 1221, 1236 (Fed. Cir. 2011). "The objective prong of *Seagate* tends not to be met where an

accused infringer relies on a reasonable defense to a charge of infringement." *Bard Peripheral

Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012). "When a

defense or noninfringement theory asserted by an infringer is purely legal (e.g., claim

construction), the objective recklessness of such a theory is a purely legal question to be

determined by the judge." *Id.* at 1007. Even "[w]hen the objective prong turns on fact questions

. . . or on legal questions dependent on the underlying facts, as related, for example, to questions

of obviousness, the judge remains the final arbiter of whether the defense was reasonable, even

when the underlying fact question is sent to a jury." *Id.*

Xilinx has put forward reasonable non-infringement and invalidity defenses with respect

to each of the asserted claims. For example, Xilinx contends that it does not infringe the '325

Patent because its Accused Products do not have "fixed functional units" as required by the

asserted claims (D.I. 468 at 7-11) and because the Accused Products do not meet the '646

6

Patent's "configured to" limitation (*id.* at 18-21). These and other non-infringement defenses raised by Xilinx (*see* D.I. 468) are not unreasonable. Additionally, the PTO's rejection of the asserted claims of three of the patents-in-suit, as well as IV's cancellation of several asserted claims, further demonstrate that Xilinx's defenses are not unreasonable. *See Advanced Fiber Technologies (AFT) Trust v. J & L Fiber Servs., Inc.*, 674 F.3d 1365, 1377-78 (Fed. Cir. 2012) (affirming summary judgment of no willfulness where defendant had reasonable invalidity defenses as evidenced, in part, by PTO's rejection of asserted claims).

IV counters that "material factual disputes exist as to" the "blanket assertion" that Xilinx's defenses are reasonable, and further observes that "a number of Xilinx's non-infringement and invalidity defenses are based on applications of claim constructions that this Court rejected." (D.I. 533 at 14) IV's contentions go to whether Xilinx should or will prevail on each of its defenses, not to the more pertinent issue of whether Xilinx has at least one reasonable defense to each allegation of infringement. In the Court's view, Xilinx has asserted such defenses and, therefore, IV cannot prove willful infringement. Accordingly, the Court will GRANT Xilinx's motion for summary judgment of no willful infringement.

(e)     Finally, because Xilinx's request that the Court grant summary judgment of no damages for distributor sales relied entirely on Xilinx's criticism of Wagner's expert report, and because the Court has stricken Wagner's testimony, it follows that the Court must grant Xilinx summary judgment on this ground as well.[1] Accordingly, the Court will GRANT Xilinx's motion for summary judgment of no damages due to distributor sales.

---

[1]In granting summary judgment, the Court does not reach the issue of whether distributor margins may be considered as part of the royalty base where IV has only sued Xilinx and not any distributors.

7

6.      In sum, for the reasons set forth above, Xilinx's motion for summary judgment

(D.I. 472) is GRANTED IN PART and DENIED IN PART, as follows:

(a) summary judgment that IV cannot prove any damages is DENIED;

(b) summary judgment that IV cannot prove damages for induced infringement is

DENIED;

(c) summary judgment that IV cannot prove pre-suit damages for induced

infringement or enhanced damages is DENIED;

(d) summary judgment that IV cannot prove willful infringement is GRANTED;

and

(e) summary judgment that IV cannot prove damages for distributor sales is

GRANTED.

April 21, 2014
Wilmington, Delaware                    UNITED STATES DISTRICT JUDGE

8