IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC** *et al.*<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**XILINX, INC.**<br><br>    **Defendant.** | Civil Action No. 10-1065-LPS<br><br>**PUBLIC REDACTED VERSION** |

### IV'S UNOPPOSED MOTION TO REDACT PORTIONS OF THE APRIL 25, 2014 PRETRIAL CONFERENCE TRANSCRIPT

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV"), by and through their respective undersigned counsel and pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and this Court's Policy on the Electronic Availability of Transcripts of Court Proceedings, hereby move to redact portions of the Transcript (D.I. 620) of the Court's April 25, 2014 Pretrial Conference based on the following:

1. On April 25, 2014, the Court held a pretrial conference. During that conference, the parties and the Court discussed matters that have been designated as highly confidential pursuant to the Protective Order (D.I. 215) entered in this case.

2. The limited portions of the transcript that IV seeks to redact contain information that IV believes in good faith is highly confidential business information of IV, Xilinx, and/or non-parties Lattice and Microsemi. IV believes in good faith that public disclosure of that highly confidential business information would cause competitive harm.

3. Plaintiffs' requested redactions are as follows:

- Page 27, lines 17-18;

1

- Page 28, line 8; and

- Page 47, lines 5, 11, and 14.

Exhibit A to this Motion is a full version of the Transcript with the proposed redactions highlighted in yellow. Exhibit B to this Motion is a full version of the Transcript with the proposed redactions in black.

4. The common law right to access judicial records is not absolute. *See In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The Court has the inherent supervisory power over its own records and files to deny public access to judicial records where those records might "become a vehicle for improper purposes." *Id*. The party seeking to seal a portion of a judicial record bears the burden of showing that (1) the material is the kind of information that courts will protect and (2) good cause exists to justify the redaction. To establish "good cause," the party seeking redaction must show that the "disclosure will work a clearly defined and serious injury to [that party]." *Id*.; *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Pansy*, 23 F.3d at 786 (internal quotation marks and citations omitted). "Assessing whether good cause exists to seal a judicial transcript generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid Technologies Inc. v. LSI Corp.*, 2012 WL 2951389, *3 (D. Del. Jul. 20, 2012) (citing *Pansy*, 23 F.3d at 787).

5. Courts routinely recognize that confidential and sensitive business information is the type of information that should be protected from public disclosure. *See Joint Stock Soc'y v. UDV N. Am. Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000) (recognizing that consumer research studies, strategic plans, potential advertising or marketing campaigns and financial information

are the type of sensitive business information entitled to protection); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (recognizing that "protection of a party's interest in confidential commercial information" is an exception to the right of public access); *Leucadia, Inc. v. Applied Extrusion Techs., In*c., 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure.").

6. The information IV seeks to redact constitutes confidential and sensitive business and financial information concerning (1) specific payment amounts made to IV by Xilinx and (2) specific terms of license agreements between IV and non-parties Microsemi and Lattice.

7. For the foregoing reasons, Plaintiffs respectfully request that the Court order that: (i) the confidential information contained in the electronic transcript of the April 25, 2014 hearing be redacted; and (ii) any publicly available copies of the transcript of the April 25, 2014 hearing, including but not limited to transcripts that are or will be available by remote electronic access, shall be redacted as set forth in Exhibit B. A proposed form of order is attached as Exhibit C.

8. Pursuant to D. Del. L.R. 7.1, counsel for IV has conferred with counsel for Xilinx, and Xilinx has indicated that it does not oppose IV's motion.

DATED: May 29, 2014

Respectfully submitted,

Farnan LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Plaintiffs*